**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Dominick DeSimone                       :
                                        :  CIVIL ACTION
                        v.              :
                                        :   NO:  2:19-cv-06150-GJP
U.S. Claims Services, Inc. and          :
Paul Hashim                             :
                                        :
                                        :

**MEMORANDUM OF LAW IN SUPPORT OF**
**RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED BY**
**DEFENDANTS U.S. CLAIMS SERVICES, INC. AND PAUL HASHIM**

Defendants U.S. Claims Service, Inc., dba Payne Richards & Associates ("Payne Richards") and Paul Hashim ("Hashim"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, in support thereof, submit the following Memorandum of Law:

I.      **SUMMARY**

The allegations of the Complaint are inherently inconsistent and fail to state a claim as a matter of law. The Complaint admits that Defendants followed the law of the State of Pennsylvania, and that the Pennsylvania Office of the State Treasurer (hereafter, "Treasurer") approved the form contract that is attached as Exhibit A to the Complaint.  The Complaint omits that Plaintiff received multiple statutory notices required under the State of Pennsylvania's Unclaimed Property Act ("UPA"), Title 72 P.S. Taxation and Fiscal Affairs, Article XIII.1. Disposition of Abandoned and Unclaimed Property §§ 1301.1, *et seq*.

These notices to Plaintiff include those from the "Holder," which is the company that escheated his property to the State.  (*See* 72 P.S. § 1301.10a.)  And, the Plaintiff received statutory

1

and constitutional from the Treasurer, who administers the Unclaimed Property Program. (*See* 72 P.S. § 1301.12; *see also Jones v. Flowers*, 547 U.S. 220 (2006); *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).)  The notice sent by the Treasurer to the Plaintiff included direct mail, publication, and internet notice.  (*See* 72 P.S. § 1301.12.)  In fact, the Complaint acknowledges (at ¶12) that Plaintiff was free to claim his property from the State at any time but failed to do so.  In fact, the reason Plaintiff's property was in the custody of the Treasurer as unclaimed property in the first place is that he lost and misplaced it, so that it was "escheated" or transferred to the Treasurer as lost and unclaimed property.

Plaintiff readily admits that Defendants followed the law in Pennsylvania (*see* Compl. at ¶22) and that the contract which Plaintiff signed with the Defendant was on the form approved by the Treasurer. (*See* 72 P.S. § 1301.11(g)(2); *see also* Exhibit A, attached hereto, which is Defendants' Request for Judicial Notice "RFJN" No. 1.)  Plaintiff likewise confirms that Defendant Hashim properly complied with the laws of the State of Pennsylvania.  (Compl. at ¶29.) Pursuant to the UPA statutory scheme, Plaintiff's property sat at the Treasurer's unclaimed property division and was publicly listed on the Treasurer's website for two (2) years before Payne Richards sent Plaintiff a notice and contract as allowed and required by the UPA.

But Plaintiff now contends class action lawsuit against Defendants that each of the thousands of private notices sent by Payne Richards should have included an admonition that their services were unnecessary and that an owner of unclaimed property may claim the freely claim the funds.  (Compl. at ¶11.)  There is no such legal requirement that this verbiage be included and the State Pennsylvania approved the form and contract which was executed by the parties. (*See* RFJN Nos. 2.)   Plaintiff recovered his $469.10 with the assistance of Payne Richards (Compl. at ¶32; RFJN No.s 2); Plaintiff never paid Payne Richards (Compl. at ¶33); and Plaintiff has now sued

Defendants in a nationwide class action lawsuit for failing to include language that is not required under the law.

Rule 12(b)(6) of the Federal Rules of Civil Procedure protects these Defendants gives them the opportunity to challenge Plaintiff's complaint "…where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

## II.    FACTS

On or about December 2, 2019, Plaintiff Dominic DeSimone commenced this action against Defendants alleging claims two Counts under (1) the Pennsylvania Unfair Trade Practices and Consumer Protection Act (73 P.S. §§ 201-1, *et seq.*) and (2) the Texas Deceptive Trade Practices-Consumer Protection Act (Tex. Bus. & Com. Code §§ 17.41, *et seq.*), purportedly on behalf of himself and a putative class.

Per the Complaint and pursuant to 72 P.S. § 1301.11a, Defendants are "finders" engaged in the business of connecting property owners with their unclaimed property.  (Compl. at ¶7.) After a two-year holding period, Defendants identify unclaimed property by querying the various statutorily-designated agencies that receive such property, including the Department of Treasury for the various states.  (Compl. at ¶8.)  Defendants then contact the property owners of the unclaimed property and provide a Treasurer approved form contract to recover the property belonging to them.  (Compl. at ¶9; Request for Judicial Notice "RFJN" No. 1.)  The form provided by Defendants is a state-approved contract between the property owner and U.S. Claims Service to recover the unclaimed property.  (Compl. at ¶9, Exhibit A.)  The state-approved contract used by Payne Richards discloses the nature and value of the property; the name and address of the holder; the name, address, and telephone number of the person assisting in the location of the abandoned and unclaimed property; and clearly states the fee or compensation to be paid.  (*See*

Compl. at ¶ 29; 72 P.S. § 1301.11(g); RFJN No. 2.)  After the property owner executes the contract and returns it to Payne Richards, which Defendant Payne Richards completes the claim for the property owners to recover their unclaimed property.  (Compl. at ¶10.)  Prior to receiving the notice from Defendants, Plaintiff has already received statutory notices from: (1) the Holder (the company escheating the property); and (2) the Treasurer in the form of direct mail, publication, and website notification.  (*See* 72 P.S. § 1301.12.)

According to the Complaint, Defendants are licensed with the Pennsylvania Department of Treasury to provide such "finders" services under Pennsylvania law.  (Compl. at ¶25; RFJN No. 3.)  Plaintiff acknowledges that finders are regulated under Pennsylvania law by the Pennsylvania Treasurer, pursuant to 72 P.S. §§1301.11, *et seq.* (Compl. at ¶22.)  Plaintiff confirms that the contract that is issued by the Defendant Payne Richards to property owners complies with the requirements of Pennsylvania law, 72 P.S. 1301.11(g).  (Compl. at ¶29.)

Nonetheless, despite Defendants obtaining proper licensure, complying with Pennsylvania law, and satisfying Department of Treasury mandates concerning the form of contract, Plaintiff contends that the finder services provided by Defendants – which are statutorily permitted and regulated by the Pennsylvania Government – are unnecessary for property owners to recover their unclaimed property.  (Compl. at ¶11.)  After receiving notices from the Holder and the State, Plaintiff contends that Defendants should include additional language that tells consumers that they may claim their property "for free" (Compl. at ¶12) though the information is included in Exhibit A which is attached to the Complaint.  Plaintiff further alleges that the failure of Defendants to advise all property owners that these finder services are unnecessary constitutes fraudulent and deceptive business practices in violation of Pennsylvania and Texas unfair trade law.  (Compl. at ¶¶50 - 69.)

Plaintiff contends that he was contacted by Defendants in April 2019 to recover $469.10 of unclaimed property held by the Pennsylvania Department of Treasury. (Compl. at ¶28.) Although Plaintiff admits the proposed state-approved contract sent to Plaintiff complied with Pennsylvania law (Compl. at ¶29; RFJN No. 1), Plaintiff contends that Defendant Payne Richards did not indicate that the finder services were "unnecessary and that he could recover his unclaimed property himself." (Compl. at ¶30.) Plaintiff contracted with Defendant Payne Richards to claim his property in the amount of $469.10, and Defendants promptly submitted Plaintiff's claim to the Department of Treasury in accordance with Pennsylvania law. (Compl. at ¶32.) Plaintiff received his property from Treasury and several months after receiving his money, was billed by Defendants for services provided in accordance with the statutorily authorized contract. (Compl. at ¶¶ 29, 33.) Plaintiff refused to pay the $70.36 and instead filed this lawsuit on behalf of himself and a nationwide putative class.

Plaintiff defines his putative class as "all persons nationwide that [*sic*] were solicited – and had successful claims to recover personal, family or household property – for which monies were involved – or debited – by Defendant U.S. Claim Services between January 11th 2018 and present." (Compl. at ¶38.) Plaintiff seeks treble damages under Pennsylvania and Texas law, as well as injunctive relief. Plaintiff filed this action under the caption *Dominic DeSimone v. U.S. Claim Services, Inc. and Paul Hashim*, in the Court of Common Pleas, Philadelphia County, Case No. 191200218.

The Complaint was served on Defendant U.S. Claims Service, Inc. on December 9, 2019, and on Defendant Paul Hashim on December 13, 2019. Thereafter, on December 27, 2019, Defendants filed a timely Notice of Removal pursuant to the Class Action Fairness Act, 28 U.S.C.

§1332(d), removing this action to this Honorable Court.  Defendants now file this timely Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III.   LEGAL ANALYSIS

### A.   Standard of Review

When considering a motion to dismiss a complaint for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted where the plaintiff has failed to set forth fair notice of the claim and the grounds upon which it rests that make such a claim plausible on its face.  (*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).)  Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, *supra*).  "[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss."  (*Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).)  "A complaint survives a Rule 12(b)(6) motion to dismiss if it states a claim to relief that is 'plausible on its face' regarding plaintiff's entitlement to the relief sought."  (*Id.*, citing *Twombly*, 550 U.S. at 555, *supra*.)

In reviewing the sufficiency of the Complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  (*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted).)

**B.      The Plaintiff's Two Claims for Relief Should be Dismissed.**

The Plaintiff's claims should be dismissed.  First, the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") is "designed to protect the public from fraud and deceptive business practices." (*Gardner v. State Farm Fire & Cas. Co*., 544 F.3d 553, 564 (3d Cir. 2008).)  It prohibits marketplace participants from engaging in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  (73 Pa. Stat. § 201-3.)  The conduct in question is authorized by statute and the forms were approved by the Treasurer.

Under Pennsylvania law, a plaintiff may bring a private claim for relief under the UTPCPL if the individual has purchased services primarily for personal use and suffered an ascertainable loss as the result of unlawful trade. (73 P.S. § 201-9.2(a).) Under the UTPCPL, conduct defined as unfair or deceptive includes: "(xv) knowingly misrepresenting that services, replacements[,] or repairs are needed if they are not needed" and/or "(xxi) engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding."  (73 P.S. § 201-2(4)(xv),(xxi).)  In this case, the services were authorized and all information, pursuant to statute, was provided on the face of the contract, which is attached as Exhibit A to the Complaint.

To establish a claim under § 201-2 (xv) of the UTPCPL, a Plaintiff must show: (1) a representation or statement; (2) that plaintiff relied on that misrepresentation to act or refrain from acting; and (3) plaintiff's reliance is justifiable.  (*See Drelles v. Mfrs. Life Ins. Co*., 881 A.2d 822 (Pa. Super. 2005).)  Under the law, there was no "misrepresentation," and Plaintiff's purported reliance on his new theory of liability is unreasonable, given Plaintiff received multiple notices from the Holder and the State that his property was publicly available and posted on a government website where it could be claimed at any time "for free."

To establish a claim for deceptive conduct under the catchall provision of the UTPCPL (i.e. 73 P.S. § 201-2(4)(xxi)), a Plaintiff must satisfy and prove three elements: namely, that: (1) defendant made a misrepresentation or engaged in deceptive conduct; (2) plaintiff justifiably relied on defendant's misrepresentation or deceptive conduct, and (3) he was damaged by his justifiable reliance on defendant's alleged misrepresentation or deceptive conduct.  (*See Clark v. Allstate Ins. Co*., 2013 U.S. Dist. LEXIS 65241 (E.D. Pa. 2013).)

To establish a claim for fraudulent conduct under the catchall provision of the UTPCPL, a Plaintiff must allege the elements of a Pennsylvania common law fraud claim. To plead fraud under Pennsylvania law, a plaintiff must allege: (1) "a representation" which is (2) "material to the transaction at hand," (3) "made falsely, with knowledge of its falsity or recklessness as to whether it is true or false," and (4) made "with the intent of misleading another into relying on it"; (5) "justifiable reliance on the misrepresentation"; and (6) that "the resulting injury was proximately caused by the reliance."  (*See Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).)  But in addition, a plaintiff in federal court, to comply with Rule 9(b), must allege "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation" and must state "the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged."  (*See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (brackets and internal quotation marks omitted).)

Second, under the Texas DTPA, a consumer may bring suit against any person "whose false, misleading, or deceptive acts, or other practices enumerated in the [DTPA] are the producing cause of the consumer's harm."  (*Miller v. Keyser*, 90 S.W.3d 712, 715 (Tex. 2002).)  To maintain a claim under the Texas DTPA, a plaintiff must show: (1) that they are a consumer; (2) that the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a

producing cause of the consumer's damages.  (*See Doe v. Boys Clubs of Greater Dallas, Inc*., 907 S.W.2d 472, 478 (Tex. 1995).)

Although a specific, identified misrepresentation is required to assert a § 17.46(b)(2), (5), or (7) claim, the absence of an identified misrepresentation is not relevant to analysis of a § 17.46(b)(24) claim for failure to disclose information. Actionable conduct under a DTPA non-disclosure claim comprises a defendant's (1) failure to disclose information concerning goods or services, (2) which was known at the time of the transaction, (3) if such failure was intended to induce the consumer into a transaction, (4) which the consumer would not have entered had the information been disclosed.  (*See Willowbrook Foods, Inc. v. Grinnell*, 147 S.W.3d 492, 506 (Tex. App.-San Antonio 2004, pet. filed).)

The Complaint and its Exhibits are inherently self-contradictory; especially and most importantly, when taken in the context of the state laws written and passed by the Pennsylvania State Legislature.  The Legislature did not outlaw Defendants' conduct, it authorized the conduct. The lawmakers realized that despite the profuse notice provided by the statutory scheme, there would be property owners who might need to be found, and it authorized "finders" who could locate them and charge a reasonable fee for that private service.  There is no such "free service" requirement under the law and the Complaint fails to state a claim under which any relief may be granted.

### C.    The Complaint Fails to State a Claim Against Defendant Paul Hashim

There is no specific allegation targeting Defendant Paul Hashim as the license holder. (Compl. at ¶7.)  The State of Pennsylvania is one of the few states in the United States that requires an individual to complete the application form (rather than the company) when acting as a finder.

*See* Complaint, Exhibit C – Application For Certificate of Finder Registration (published by the Pennsylvania Treasury) at p. 26, "Question 2":

> "This question must only be answered if you are operating as a finder from a business.  Please be advised that all individuals who operate as finders in Pennsylvania need to obtain a finder registration number even if they work for the same company.  The finder registration number belongs to the individual not the business."

Paul Hashim followed the law and is operating within the course and scope as an officer of the corporate Defendant.  There are otherwise no allegations that Defendant Hashim acted outside the scope of his role as an officer and employee of Payne Richards or did anything other than what is authorized by statute.  The Complaint not only fails to state a claim against Defendant Paul Hashim, but it fails to explain why a national class action lawsuit should be maintained against the Defendant Hashim in his individual capacity, given compliance with and all the State's other legal requirements.

## IV.    CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants, respectfully request that this Honorable Court rule in favor of Defendants, and against Plaintiff, and enter the attached Order.

January 3, 2020                                        Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:____/s/ John P. Quinn_____
        JOHN P. QUINN, ESQUIRE
        Attorney ID No.: 85239
        Attorney for Defendants
        2000 Market Street, Suite 2300
        Philadelphia, PA  19103
        (215) 575-2883
        jpquinn@mdwcg.com

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Dominick DeSimone | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO: 2:19-cv-06150-GJP |
| U.S. Claims Services, Inc. and | : | |
| Paul Hashim | : | |
| | : | |
| | : | |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED BY**
**DEFENDANTS U.S. CLAIMS SERVICES, INC. AND PAUL HASHIM**

Defendants U.S. Claims Service, Inc., dba Payne Richards & Associates ("Payne Richards") and Paul Hashim ("Hashim") (collectively, "Defendants"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, respectfully request that this Honorable Court take judicial notice of the following three (3) Requests for Judicial Notice ("RFJN") that incorporate Exhibits attached to the accompanying declaration. This RFJN is filed in support of Defendants' Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     REQUESTS FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, as further discussed immediately below, Defendants respectfully request the Court take judicial notice of the following facts and records:

**REQUEST NO. 1:**  A true and correct copy is collectively attached to the supporting Declaration of John P. Quinn ("Quinn Decl.") as Exhibit 1 of the March 9, 2015 finder's agreement with its written approval for use given by the Pennsylvania State Treasurer's Office, with related correspondence. In the underlying State of Pennsylvania, the finder's fee is set by statute at fifteen

percent (15%) pursuant to 72 P.S. § 1301.11(g)(2) which states that the contract must "clearly state the fee or compensation to be paid, which shall not exceed fifteen per centum of the value of the abandoned and unclaimed property." The Defendants' fee agreement otherwise complies with all requirements of the Unclaimed Property Act (72 P.S. § 1301.11(g)).

**REQUEST NO. 2:** A true and correct copy of the notarized contracts between Plaintiff and Payne Richards are attached to the Quinn Decl. as Exhibits 2 and 3. Defendants assisted Plaintiff Dominic DeSimone on two (2) separate occasions under two separate contracts dated May 31, 2018 and April 17, 2019, where Payne Richards incorporated all of the statutorily required information and includes the agency where the account containing the funds is located.

**REQUEST NO. 3:** A true and correct copy of Defendants' Renewal Application For Certificate of Finder Registration dated March 15, 2019 is attached to Quinn Decl. as Exhibit 4.

## II.    CONCLUSION

Accordingly, Defendant respectfully request this Honorable Court take judicial notice of RFJN Requests Nos. 1 through 4, which are attached to the supporting declaration.

January 3, 2020                                  Respectfully submitted,

                                   **MARSHALL DENNEHEY WARNER
                                   COLEMAN & GOGGIN, P.C.**

                                   By:_____
                                   JOHN P. QUINN, ESQUIRE
                                   Attorney ID No.: 85239
                                   Attorney for Defendants
                                   2000 Market Street, Suite 2300
                                   Philadelphia, PA  19103
                                   (215) 575-2883
                                   jpquinn@mdwcg.com

## DECLARATION OF JOHN P. QUINN

1.      Undersigned counsel represents defendants U.S. Claims Service, Inc., dba Payne Richards & Associates ("Payne Richards") and Paul Hashim ("Hashim") (collectively, "Defendants") in this action. I certify that I am admitted to practice law in this Court, the State of Pennsylvania and the District of Columbia, and am in good standing.

2.      Payne Richards is a firm of licensed private investigators that specializes in uncovering unclaimed funds and reuniting them with the rightful owners. Attached collectively as Exhibit 1 to my declaration is a true and correct copy of the March 9, 2015 finder's agreement approved by the Pennsylvania State Treasurer's Office, which complies with all requirements of the Unclaimed Property Act (72 P.S. § 1301.11(g)).

3.      Attached as Exhibit 2 is a true and correct copy of the notarized contract between Plaintiff and Defendants dated May 31, 2018.

4.      Attached as Exhibit 3 is a true and correct copy of the notarized contract between Plaintiff and Defendants dated April 17, 2019.

5.      Attached as Exhibit 4 is a true and correct copy of Defendants Renewal Application For Certificate of Finder Registration dated March 15, 2019.

6.      I certify that the above statements are true and correct to the best of my knowledge, information and belief.

Dated: January 3, 2020

By: _____
JOHN P. QUINN, ESQUIRE
Attorney ID No.: 85239
Attorney for Defendants
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2883
jpquinn@mdwcg.com

January 3, 2020

Exhibit 1

**From:** Maria Muralles <mariam@usclaimsservices.com>
**Sent:** Thursday, March 5, 2015 9:21 AM
**To:** FinderRegistration@patreasury.gov
**Subject:** Changes to our current Agreement.

Dear Sirs,

According to the email received below, I will need to adjust the Agreement in order to obtain information on behalf of our clients. Attached is a copy of the revised Agreement now including our registration number and the new wording. Please let me know if this suffices.

Thank you in advance,

**Maria Lea Muralles**
Customer Service Administrator

Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice: The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

---

**From:** Baker, Jamie [mailto:jjbaker@patreasury.gov]
**Sent:** Thursday, March 05, 2015 8:44 AM
**To:** 'Maria Muralles'
**Subject:** FW: PID 12544243, Claim ID 78095512

Maria,

Please contact….

FinderRegistration@patreasury.gov

Thank you,

**Jamie Baker**
Manager, Bureau of Unclaimed Property

Pennsylvania Treasury
P.O. Box 1837 |Harrisburg, PA 17105
**P:** 717.705.8429| **F:** 717.705.6797
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication. Thank you.

**From:** Maria Muralles [mailto:mariam@usclaimsservices.com]
**Sent:** Thursday, March 05, 2015 11:34 AM
**To:** Baker, Jamie
**Cc:** Matter, Robert; Gurzenda, Karen
**Subject:** RE: PID 12544243, Claim ID 78095512

Good morning Jamie,

Since this new changes are now in effect, I will be modifying the Agreement with the proper requirement/changes to be able to contact you guys regarding our client. Can you please refer me to the proper person so I can have the new wording approved and avoid any issues down the road?

Thanks ☺

**Maria Lea Muralles**
Customer Service Administrator
Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice: The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

---

**From:** Baker, Jamie [mailto:jjbaker@patreasury.gov]
**Sent:** Thursday, March 05, 2015 5:51 AM
**To:** 'Maria Muralles'
**Cc:** Matter, Robert; Gurzenda, Karen
**Subject:** RE: PID 12544243, Claim ID 78095512

Hello Maria,

Can you please instruct the claimant to contact our office to address this issue? Currently, My Money Monitor's agreement does not have specific language stating Treasury can discuss claim information with MMM.

Thank you,

**Jamie Baker**
Manager, Bureau of Unclaimed Property

Pennsylvania Treasury
P.O. Box 1837 |Harrisburg, PA 17105
**P:** 717.705.8429| **F:** 717.705.6797
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication. Thank you.

**From:** Maria Muralles [mailto:mariam@usclaimsservices.com]
**Sent:** Wednesday, March 04, 2015 7:43 PM
**To:** Baker, Jamie
**Subject:** PID 12544243, Claim ID 78095512

Hello Jamie,

Our client contacted our office and stated that he has not received his check. According to the site, his check was mailed out on 2/17/15 so theoretically he should have received it by now. Could you please confirm the address where it was mailed and also verify if the check was cashed?

Thank you in advance,

**Maria Lea Muralles**
Customer Service Administrator
Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.



**I.**

This agreement into by and between _____ hereinafter referred to as "Claimant," and  MyMoneyMonitor.com , hereinafter referred to as "Agent." <mark>Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.</mark>

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, 129 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s):
Owner's Reported Address:
Reported By:
Property Type:
Amount:
Property ID No:
MyMoneyMonitor.com Reference No:

**III.**

In consideration of Agent's reasonable efforts in providing services including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of  **15% of the amount you recover**.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered.  Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent:  MyMoneyMonitor.com Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108_____Date:3/5/2015_____.

Agent's Tax ID No.: EIN# 26-2196511    <mark>Registration No. 0980131-0315</mark>    Agent's Signature: _____

Print Name: _____    Date: _____

Address: _____

Signature: _____    Daytime Phone: _____

E-mail: _____    Relationship: ☐ Self  ☐ Heirs  ☐ POA  ☐ Executor

**PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY**

State of _____
County of _____

Before me, the undersigned authority, on this day personally appeared _____; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS____DAY OF _____, 20__.

_____

Notary Public in and for the State of _____.
My commission expires: _____

Exhibit 2



*Payne Richards*
& Associates

## I.

This agreement into by and between **Dominick Desimone** hereinafter referred to as "Claimant," and Payne Richards & Associates, hereinafter referred to as "Agent." Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.

## II.

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, 129 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): **DOMINICK DESIMONE**
Owner's Reported Address: **845 CROSS ST, PHILADELPHIA, PA**
Reported By: **UNIVERSITY OF THE ARTS**
Property Type: **WAGES; PAYROLL UNCLAIMED**
Amount: **$841.97**
Property ID No: **20337856**
Payne Richards & Associates Reference No: 9351164

## III.

In consideration of Agent's reasonable efforts in providing services including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered.

## IV.

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

## V.

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

## VI.

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered and all fees are paid. Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent: Payne Richards & Associates  Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108 ____ Date: 5/16/2018 ____

Agent's Tax ID No.: EIN# 05-0614871   Registration No. 0980131-0315  Agent's Signature: _Paul Hishi_

| | |
|---|---|
| Print Name: | DOMINICK DESIMONE   Date: 5/31/18 |
| Address: | 845 CROSS STREET Phila Pa 19147 |
| E-mail: | ____   Daytime Phone: (267) 444-1576 |
| Signature: | ☒ Dominick De Simone   Relationship: ☒ Self ☐ Heirs ☐ POA ☐ Executor |

## PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY PUBLIC

State of PA
County of Phila

Before me, the undersigned authority, on this day personally appeared DOMINICK DESIMONE ; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 31ST DAY OF May , 2018.

____
Notary Public in and for the State of PA
My commission expires: NOV 2019

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LANCESS S. WILLIAMS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 20, 2019

Exhibit 3



*Payne Richards & Associates*

**I.**

This agreement into by and between **Dominick Desimone** hereinafter referred to as "Claimant," and Payne Richards & Associates, hereinafter referred to as "Agent." Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, .29 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): **DOMINICK DESIMONE**
Owner's Reported Address: **845 CROSS ST, PHILADELPHIA, PA**
Reported By: **ARAMARK**
Property Type: **WAGES; PAYROLL UNCLAIMED**
Amount: **$469.10**
Property ID No: **24159865**
Payne Richards & Associates Reference No: **9896080**

**III.**

In consideration of Agent's reasonable efforts in providing service, including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered and all fees are paid. Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent: Payne Richards & Associates  Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108 _____  Date: 3/28/2019 _____

Agent's Tax ID No.: EIN# 05-0614871  Registration No. 0980131-0315  Agent's Signature: _____

Print Name: DOMINICK DESIMONE  Date 4/17/19

Address: 845 CROSS ST Phila Pa 19147

E-mail:  Daytime Phone: 267-444-1576

Signature: Dominick DeSimone  Relationship: ☑Self ☐Heirs ☐POA ☐Executor

## PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY PUBLIC

State of PA
County of Phila

Before me, the undersigned authority, on this day personally appeared DOMINICK DESIMONE ; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 17th DAY OF April , 20 19

Celeste Cerino

Notary Public in and for the State of PA
My commission expires: 6/2/22

> Commonwealth of Pennsylvania - Notary Seal
> CELESTE CERINO, Notary Public
> Philadelphia County
> My Commission Expires June 2, 2022
> Commission Number 1256191

Exhibit 4



PA Treasury

MAR 1 5 2019

Office of
Chief Counsel

# RENEWAL APPLICATION FOR CERTIFICATE OF
# FINDER REGISTRATION

Pennsylvania Fiscal Code Sections 1301.11, 1301.11(a), 1301.11(b) and 1301.11(c)

*Type or print using black or blue ink*

This form is only to be completed if you currently possess an **unexpired** Certificate of Finder Registration. Upon the filing of the Application, the Pennsylvania Treasury Department ("Treasury") may investigate the applicant to verify the information provided and to determine the applicant's eligibility for a Certificate of Finder Registration. All supplemental answers provided to Treasury on separate sheets of paper *must be type written* and include the number of the corresponding question. **Please be advised that you must provide all required documentation before Treasury will begin processing your application.** Your application will not be deemed complete and ready for review unless all required documentation is provided.

**Note: Confidential personal information may be accessed by Treasury employees in order to process, review and/or approve or deny your Application. The information requested is required for the processing of your Application, and if such information is not provided, Treasury may stop processing and/or deny your Application. By submitting an Application, you are providing your consent for Treasury employees to access confidential personal information for this purpose.**

1. Name of Applicant: Paul Hashim

   Home Address: 536 Big Bend Dr

   City, State, Zip Code: Keller, TX 76248

   Telephone Number: (661) 616-4659    E-Mail Address: questions@prclaims.com

   Current Finder Registration Number: 0980131-0315

   ☑ By checking this box, you agree to only receive email correspondence from the Pennsylvania Treasury Department regarding Finder Registration.

2. Company Name: U.S. Claims Services, Inc.

   Doing Business As: Payne Richards & Associates

   Company Address: 3801 Pegasus Dr Ste 101

   City, State, Zip Code: Bakersfield, CA 93308

   Federal Tax ID Number: 05-0614871

   Telephone Number: (661) 616-4659    E-Mail Address: questions@prclaims.com

*Certificate of Registration Renewal Application | Page 1 of 4*

3. If you are a Pennsylvania resident, have you worked or resided outside Pennsylvania at any time since the submission of your last application? If yes, provide on a separate sheet of paper your residential addresses outside Pennsylvania and the names, addresses, and telephone numbers of the employers for whom you worked. Yes _____ No ✓ *N/A*

4. Since the submission of your last application, have you pled guilty to or been convicted of a felony in Pennsylvania or any other jurisdiction. Yes _____ No ✓ . If yes, please explain on a separate sheet of paper the circumstances surrounding the conviction, which must be attached to this Application.

5. Since the submission of your last Application, have you pled guilty to or been convicted of the following theft or theft related offenses under 18 Pa.C.S. Chapter 39 or its equivalent if committed in another jurisdiction (including federal). Please explain the circumstances surrounding the conviction or plea on a separate sheet of paper attached to this Application.

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Theft by unlawful taking or disposition | | ✓ | Theft by deception | | ✓ |
| Theft by extortion | | ✓ | Theft of property lost, mislaid or delivered by mistake | | ✓ |
| Receiving stolen property | | ✓ | Theft of services | | ✓ |
| Theft by failure to make required disposition of funds received | | ✓ | Unauthorized use of automobiles and other vehicles | | ✓ |
| Retail Theft | | ✓ | Library Theft | | ✓ |
| Unlawful possession of retail or library theft instruments | | ✓ | Organized retail theft | | ✓ |
| Theft of trade secrets | | ✓ | Theft of unpublished dramas and musical compositions | | ✓ |
| Theft of leased property | | ✓ | Theft of motor vehicle | | ✓ |

*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned theft offenses in Pennsylvania or any other jurisdiction.* PH_____ *(initials)*

6. Since the submission of your last Application, have you pled guilty to or been convicted of the following forgery or fraudulent related offenses as set forth in 18 Pa.C.S. Chapter 41 or its equivalent if committed in another jurisdiction (including federal). Please explain the circumstances surrounding the conviction or plea on a separate sheet of paper attached to this Application.

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Forgery | | ✓ | Deception relating to kosher food products | | ✓ |
| Simulating object of antiquity, rarity, etc. | | ✓ | Deception relating to certification of minority business enterprise or women's business enterprise | | ✓ |
| Fraudulent destruction, removal or concealment of recordable instruments | | ✓ | Commercial bribery and breach of duty to act disinterestedly | | ✓ |
| Tampering with records or identification | | ✓ | Rigging publicly exhibited contest | | ✓ |
| Bad checks | | ✓ | Defrauding secured creditors | | ✓ |
| Access device fraud | | ✓ | Fraud in insolvency | | ✓ |
| Unlawful device-making equipment | | ✓ | Receiving deposits in a failing financial institution | | ✓ |
| Deceptive or fraudulent business practices | | ✓ | Misapplication of entrusted property and property of government or financial institutions | | ✓ |
| Securing execution of documents by deception | | ✓ | Falsely impersonating persons privately employed | | ✓ |
| Copying; recording devices | | ✓ | Unlawful operation of recording device in motion picture theater | | ✓ |
| Insurance fraud | | ✓ | Washing vehicle titles | | ✓ |
| Trademark counterfeiting | | ✓ | Identity theft | | ✓ |

*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned forgery or fraudulent related offenses in Pennsylvania or any other jurisdiction.* PH_____ *(initials)*

7.  Since the submission of your last Application, have you pled guilty to or been convicted of the following perjury, false swearing, fraud or other related offenses as set forth in 18 Pa.C.S. Chapter 49 or its equivalent if committed in another jurisdiction (including federal). Please explain the circumstances surrounding the conviction or plea on a separate sheet of paper attached to this Application.

|  | Yes | No |  | Yes | No |
|---|---|---|---|---|---|
| Perjury |  | ✓ | Tampering with or fabricating physical evidence |  | ✓ |
| False swearing |  | ✓ | Tampering with public records or information |  | ✓ |
| Unsworn falsification to authorities |  | ✓ | Impersonating a public servant |  | ✓ |
| False alarms to agencies of public safety |  | ✓ | False identification to law enforcement authorities |  | ✓ |
| False reports to law enforcement authorities |  | ✓ | Failure to comply with registration of sexual Offenders requirement |  | ✓ |
| False reports of child abuse |  | ✓ | Failure to comply with registration requirements |  | ✓ |
| Witness or information taking bribe |  | ✓ | Impersonating a notary public or holder of a professional or occupational license |  | ✓ |

*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned forgery or fraudulent related offenses in Pennsylvania or any other jurisdiction.* __PH_____ *(initials)*

8.  Did you ever violate the Pennsylvania Disposition of Abandoned and Unclaimed Property Act, including charging clients and/or unclaimed property claimants more than 15% of the value of property?

    a.      Yes _____  No __✓__.  If yes, please explain the circumstances on a separate sheet of paper that must be attached to this application.

9.  Since the submission of your last application, have you been the subject of an investigation by a state, county or local administrative agency? Yes _____  No __✓__.  If yes, please explain the circumstances on a separate sheet of  paper that must be attached to this application.

10. Since the submission of your last application, have you or your business filed for bankruptcy? Yes _____  No __✓__. If yes, please explain the circumstances and status of the bankruptcy on a separate sheet of paper that must be attached to this Application.

11. Please submit a copy of your unclaimed property finder contract that will be provided to claimants.

12. I understand the following: Should I be granted a registration to act as an unclaimed property finder in Pennsylvania, I will faithfully follow the Disposition of Abandoned and Unclaimed Property Act (72 P.S. § 1301.1 et seq.), any unclaimed property regulations set forth in the Pennsylvania Code, and any Bureau of Unclaimed Property policies. I understand that by law my fee must not exceed fifteen (15%) of the value of the unclaimed property. I further understand that Treasury will both investigate my application and, if I am approved for a registration, may initiate an investigation for any allegation or complaint of misconduct.  I understand that Treasury may revoke my registration in accordance with the provisions of the Disposition of Abandoned and Unclaimed Property Act. __PH_____ (initials)

**Mail:**  **(1)** Renewal Application, **(2)** a copy of a valid driver's license or state issued identification card and **(3)** copy of the current contract that you use for Pennsylvania claimants[i] to: Office of Investigations,127 Finance Building, Harrisburg, PA 17120, Phone - 717-787-1606, Email – finderregistration@patreasury.gov

---

1        -Please be advised that as long as you are a registered Pennsylvania finder, any changes to your finder contract must be submitted as an amendment to your registration application prior to using the new contract.

## Applicant Certification and Acknowledgement

I do hereby certify that I have not, during the ten year period immediately preceding the submission of this application, violated, been convicted, or pled guilty to any crimes enumerated in Chapters 39, 41 or 49 in the Pennsylvania Crimes Code as specified above.

I further certify, under penalties of perjury, that all the information provided on this Application for Registration is true and correct, and all supporting documentation presented are original or true unaltered copies of the original documents.   I acknowledge that any false or perjured statement may subject me to criminal liability under Pennsylvania Crimes Code Section 4904 and Sections 1301.25 of the Disposition of Abandoned and Unclaimed Property Act. I acknowledge that any false information, or the discovery of any disqualifying information, may be grounds for the denial or revocation of a certificate of registration.

I certify that I have read and will abide by the requirements of the **Disposition of Abandoned and Unclaimed Property Act.** I will hold the Commonwealth of Pennsylvania and Treasury Department, its officers and employees, harmless from any damages, losses, or claims of any kind resulting from my submission of this Application for Registration and any denial, or subsequent revocation, of the approval to engage in activities under the **Disposition of Abandoned and Unclaimed Property Act**, as well as any damages, losses, or claims of any kind arising from a finding that an agreement entered into pursuant to the **Disposition of Abandoned and Unclaimed Property Act** is invalid.

_____    03/12/2019
*Applicant's Signature*                        *Date*

State of __CA__

County of __Kern__

This Application for Registration was signed, in my presence, by Applicant, and sworn before me

on this __12th__ day of __March__ , 20 __19__ .

_____    Seal or Stamp
*Notary Public Signature*

MARIA LEA MURALLES
Notary Public - California
Kern County
Commission # 2255350
My Comm. Expires Sep 19, 2022



Joe Torsella, State Treasurer

March 22, 2019

Paul Hashim
536 Big Bend Drive
Keller, TX 76248

## Certificate of Finder Registration #0980131-0315

The Pennsylvania Treasury Department ("Treasury") has RENEWED your Application for Certificate of Finder Registration and above is your registration number which will expire on **March 31, 2021**.  Your registration number **MUST** be listed on all claims and agreements with which you are associated.

Please be advised that no individual other than you is allowed to use your registration number even other individuals in your company.   Registration numbers are linked to specific individuals.  If Treasury discovers that you have allowed someone else to use your registration number or your registration number is not being included on claim forms, this may be grounds for an investigation and possible revocation.

Even though you may be a registered as a finder in the Commonwealth, Treasury's relationship is as always with the Claimant and all payments will be sent directly to the claimant. Treasury will not discuss any claim directly with a finder unless otherwise specified in the signed agreement between claimant and finder.  If Treasury discovers a finder is posing as a claimant, this will also be considered grounds for revocation of a registration.

As a registered finder in Pennsylvania, you are expected to stay informed of any and all changes to the Disposition of Abandoned and Unclaimed Property Act (72 P.S. § 1301.1 *et seq*.). Also, as long as you are a registered Pennsylvania finder, any changes to your finder contract must be submitted as an amendment to your Application for Certificate of Finder Registration.

If you have any questions about finder registration, please contact Finder Registration at 717.787.1606.  If you have any questions about claims, please contact the Bureau of Unclaimed Property at TUPMail@patreasury.gov.

## CERTIFICATE OF SERVICE

I hereby certify that true and copy of Defendants' Motion to Dismiss Plaintiff's Complaint was made on the below counsel of record via electronic mail:

Andrew B. Austin, Esquire
P.O. Box #54628
Philadelphia, PA 19148
austin@stackhousegroup.com

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.

By: _____
JOHN P. QUINN, ESQUIRE
Attorney ID No.: 85239
Attorney for Defendants
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2883
jpquinn@mdwcg.com

Date:  January 3, 2020