UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominick **DeSimone**, *Plaintiff(s)*; <br><br> *vs.* <br><br> **U.S. Claims Services** Inc., *and* Paul **Hashim**, *Defendant(s)*. | *No.* 19-CV-6150 (GJP) |

# [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Defendant's Rule 12 (b) (6) Motion to Dismiss and opposition thereto, this court **DENIES** Defendant's Motion to Dismiss (ECF # 5). **FURTHER**, this Court **DENIES** Defendant's Request for Judicial Notice (ECF # 5 *Ex.* A), finding these exhibits are not properly within the scope of the Federal Rules of Evidence Rule 201.

**BY THE COURT:**

_____
Hon. **Gerald J. Pappert**
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominick **DeSimone**, *Plaintiff(s)*;<br><br>*vs.*<br><br>**U.S. Claims Services** Inc., *and* Paul **Hashim**, *Defendant(s).* | *No.* 19-CV-6150 (GJP) |

# PLAINTIFF'S OPPOSITION TO
# DEFENDANT'S MOTION TO DISMISS

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# TABLE OF CONTENTS

| | | |
|---|---|---|
| **INTRODUCTION** | | 1 |
| **LEGAL STANDARD** | | 2 |
| **ARGUMENT** | | 3 |
| **1.** | **THE UNCLAIMED PROPERTY ACT PROVIDES NO EXEMPTION FOR THE DEFENDANTS FROM CONSUMER PROTECTION LAWS.** | 3 |
| *1.1.* | Compliance with UPA provides no safe-harbor from UDAP; there is no exemption provided by the law. | 3 |
| *1.2.* | Plaintiffs make no admission that Defendants fully complied with the UPA. | 4 |
| *1.3.* | Defendants conduct does not have the *imprimatur* of the Pennsylvania Treasurer. | 5 |
| **2.** | **DEFENDANTS' FAIL TO MAKE ANY COGENT ARGUMENT THAT PLAINTIFF DID NOT PROPERLY PLEAD BOTH PENNSYLVANIA UTPCPL AND TEXAS DTPCPA CLAIMS.** | 6 |
| *2.1.* | Defendants are subject to strict liability for their deceptive acts under the UTPCPL's 'catch-all' provision. | 6 |
| *2.2.* | Plaintiff has properly alleged all elements of the UTPCPL § 201-2 (4) (xv) necessary to show Defendants' 'knowing misrepresentation.' | 7 |
| *2.3.* | Defendants provide no argument to explain why Plaintiff has not stated a Texas DTPCPA claim. | 7 |
| **3.** | **PAUL HASHIM IS AN ESSENTIAL DEFENDANT AS THE REGISTERED FINDER IDENTIFIED ON PLAINTIFF'S CONTRACT.** | 8 |
| **4.** | **JUDICIAL NOTICE SHOULD BE DENIED AS THEIR DEFENDANT'S PRIVATE DOCUMENTS ARE NOT 'GENERALLY KNOWN'.** | 9 |
| **CONCLUSION** | | 10 |

# TABLE OF AUTHORITIES

*Cases*                                                                                                       Page

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................... 2
*Banker v. Family Credit Counseling Corp.*, 440 F.Supp.2d 392 (E.D. Pa. 2006) ....... 7
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................. 2
*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) ..................... 2, 6
*Gardner v. State Farm & Cas. Co.*, 544 F.3d 553 (3d Cir. 2008) .................... 3
*Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187 (3d Cir. 2009) ............. 2
*Gregg v. Ameriprise Financial, Inc.*, 195 A.3d 930 (Pa. Super. 2018) ............... 6
*In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769 (C.D. Cal. 2004) .......... 9
*In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010) .................. 2
*Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401 (E.D. Pa. 2016) ........... 1, 3
*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192 (3d Cir. 1993) ... 2
*Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007) ............................ 9
*Willowbrook Foods, Inc. v. Grinnell Corp.*, 147 S.W.3d 492 (Tex. App. 2004) ......... 7

*Constitutional Provisions, Statutes and Rules*                                                              Page

Federal Rules of Civil Procedure
    Rule 12 (b) (6) .................................................... 2, 6
    Rule 9 (b) ........................................................ 7
Federal Rules of Evidence
    Rule 201 (b) ...................................................... 9
    Rule 901 (a) ...................................................... 9
Pennsylvania Unclaimed Property Act
    72 P.S. §§ 1301.1 *et seq.* ........................................... 1, 3
    72 P.S. § 1301.11 (g) ............................................... 5
    72 P.S. § 1301.11 (j) ............................................... 1, 5
    72 P.S. § 1301.11a ................................................. 5
Pennsylvania Unfair Trade Practices Consumer Protection Law
    73 P.S. §§ 201-1 *et seq.*. ........................................... 1, 3, 4
    73 P.S. § 201-2 (4) (xv) ............................................ 7
    73 P.S. § 201-2 (4) (xxi) ........................................... 6
Texas Deceptive Trade Practices–Consumer Protection Act
    Tex. Bus & Com. Code §§ 17.41 *et seq.* ............................... 1, 4
    Tex. Bus & Com. Code § 17.46 (b) (24) ............................... 7

*Other Authorities*                                                                                          Page

Consumer Financial Protection Bureau, *UDAAP Manual* (Oct. 2012) ............. 4

## INTRODUCTION

The 'business' of unclaimed property is one that roots deeply in deception. The *Los Angeles Times* stated it best in 2014: "No one in their right mind would pay a private company to perform a relatively simple task that anyone could do for nothing." *Cmplt. at ¶ 19*. However, that is the entire predicate for Defendants U.S. Claims Services and Hashim's business. They charge a 15% commission for a service the government will do for free.

Plaintiff Dominick DeSimone filed a class-action complaint against the Defendants in the Philadelphia Court of Common Pleas for these deceptive acts in violation of the Pennsylvania UTPCPL, 73 P.S. § § 201-1 *et seq.*., nor Texas DTPCPA, Tex. Bus. & Com. Code §§ 17.41 *et seq.* which was subsequently removed to this Court.

Defendants have now filed a groundless Motion to Dismiss predicated entirely upon an illusory exemption from state Unfair and Deceptive Acts and Practices ("UDAP") laws based upon compliance with the Pennsylvania Unclaimed Property Act ("UPA"), 72 P.S. § § 1301.1 *et seq.*. Defendants fail to cite any authority for this exemption. Instead, the mislead this Court claiming that the Pennsylvania Treasurer has "approved" and "licensed" their behavior. *Def Brf.* at 1–5, 7, 9. Nothing could be further from the truth.

There is no exemption from state UDAP laws in the UPA. In fact the opposite: behavior that otherwise complies with the state and federal laws can still be deceptive under the Pennsylvania UTPCPL. *Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401, 419 (E.D. Pa. 2016). Further, the General Assembly recognized that some Finders may try to hide behind the statutory requirements and explicitly rejected that contention. 72 P.S. § 1301.11 (j).

Once Defendants' error in logic is corrected, nothing is left of their Motion to Dismiss; Their entire motion is predicated on a non-existent exemption they claim is afforded by compliance with the UPA.

## LEGAL STANDARD

A plaintiff's claims survive a motion to dismiss under Rule 12 (b) (6) if they plead allegations that "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" where "the court [could] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009) (quotations and citations omitted).

The court must construe the complaint in the light most favorable to the plaintiff. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). All allegations in the Complaint must be accepted as true, though "legal conclusions" require no credence. *Iqbal*, 556 U.S. at 678. However, the Court "generally consider[s] only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Third Circuit further provides a three-step analysis for Rule 12 (b) (6): "First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

# ARGUMENT

1. **THE UNCLAIMED PROPERTY ACT PROVIDES NO EXEMPTION FOR THE DEFENDANTS FROM CONSUMER PROTECTION LAWS.**

   Defendant's operative argument is the bizarre and flawed assertion that the Pennsylvania Unclaimed Property Act ("UPA") 72 P.S. § § 1301.1 *et seq.*, exempts them from compliance with state consumer protection laws. The purpose of these consumer protection laws such as the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. § § 201-1 *et seq.*. is "to protect the public from fraud and deceptive business practices" such as those employed by the Defendants. *Gardner v. State Farm & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008). However, Defendant's argument is based upon some illusory exemption from these laws that Defendants claim exist within the UPA. **No such exemption exists.**

   1.1. **Compliance with UPA provides no safe-harbor from UDAP; there is no exemption provided by the law.** Defendants argue compliance with the UPA preempts enforcement of the UTPCPL. This 'compliance defense' has been rejected by this Court:

   > "[Defendant Viridian] asserts a 'regulatory compliance defense.' According to [them], this defense functions as a sort of preemption doctrine that defeats UTPCPL claims 'where federal or state regulators have approved the conduct or documents that form the basis for a plaintiff's claim.' **In fact, no such defense exists in Pennsylvania**[.]"
   > *Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401, 419 (E.D. Pa. 2016)
   > (citations omitted, emphasis added).

   This holding adheres to other guidance on the relationship between UDAP and other laws:

   > "[A] transaction that is in technical compliance with other federal or state laws may nevertheless violate the prohibition against [unfair, deceptive, or abusive acts and practices]. For example, an advertisement may comply with [Truth in Lending Act]'s requirements, but contain additional statements that are untrue or misleading, and compliance with TILA's disclosure requirements does not

>insulate the rest of the advertisement from the possibility of being deceptive."
>Consumer Financial Protection Bureau, *UDAAP Manual* (Oct. 2012)

The purpose of both the UPA and state consumer protection laws is to protect consumers from predatory businesses: it was implemented to reign in the worst abuses, not insulate finders from liability for deceptive behavior. Just as every driver is required to *both* follow the speed limit *and* use their turn signals, are required to follow **both** the UPA **and** UDAP laws. Neither the Pennsylvania UTPCPL, 73 P.S. §§ 201-1 *et seq.*, nor Texas DT-PCPA, Tex. Bus. & Com. Code §§ 17.41 *et seq.*, provides any exemption or preemption for compliance with other laws. As a result, Defendants' argument is entirely without merit.

1.2. **Plaintiffs make no admission that Defendants fully complied with the UPA.** While Plaintiffs acknowledge that Defendants facially comply with *some* elements of the UPA, we do not concede that Defendants are in compliance with the UPA. This is properly alleged in the Complaint: While Defendant Hashim is the only known U.S. Claims Finder registered with the Pennsylvania Treasurer. However, it appears that Ms. Wysinger was actually handling Plaintiff's claim, despite not being a registered Finder. *Cmplt. at ¶ 29*. Each individual Finder—even if they work for the same company—"need[s] to obtain a finder registration number." *Cmplt. at ¶ 24*, *Cmplt. Ex. C at 26 (Question # 2), 28*.

If Ms. Wynsinger is not a registered finder in Pennsylvania, this demonstrates that Defendants U.S. Claims Services and Hashim failed to strictly comply with the UPA. While this is collateral—as the UPA does not preempt any laws—it shows additional avenues of liability that exists against Defendants under state UDAP laws.

1.3. **Defendants conduct does not have the *imprimatur* of the Pennsylvania Treasurer.** Defendants disingenuously claim at least eight times that they have "approval" from the Pennsylvania Treasurer. *Def. Brf.* at 1, 2, 3, 5, 7. They further claim the Treasurer "licensed" them as "finders." *Def. Brf.* at 4, 9. Neither of these statements is true: the Treasurer neither 'approves' their contract nor 'licenses' them as Finders.

Instead, Defendants are required to *apply* for a 'certificate of registration'. *Cmplt. Ex.* C. If they do not strictly comply with the requirements of the UPA, 72 P.S. § 1301.11a, or the requirements of the Treasurer, their application will be rejected. As part of the application, they 'submit' the contract they will use. *Cmplt. Ex.* C at 26, 27, 31 (Question #10). The Treasurer proscribes no document or form that must be used, and no suggestion exists in the statute that the Treasurer 'approves' or even reviews this contract. The only requirement is that the document must minimally contain the requirements set forth in the UPA, 72 P.S. § 1301.11 (g). In no way does this create any *imprimatur* or approval from the Treasurer of Defendants' documents.

Finally, Defendant's contention is rejected by the language of the UPA itself:

> "Nothing in this section shall be construed to prevent an owner from asserting at any time that any agreement to locate or reveal abandoned and unclaimed property reported to the State Treasurer is based on an excessive or unjust consideration."
>
> UPA 72 P.S. § 1301.11 (j).

The Pennsylvania General Assembly foresaw the possibility of a finder claiming 'approval' for their contract or the terms thereof, and explicitly rejected this argument. Plaintiff's consumer protection claims are inherently assertions of 'unjust consideration' which was entered into as a result of Defendants' deceptive conduct.

5

2. **DEFENDANTS' FAIL TO MAKE ANY COGENT ARGUMENT THAT PLAINTIFF DID NOT PROPERLY PLEAD BOTH PENNSYLVANIA UT-PCPL AND TEXAS DTPCPA CLAIMS.**

Defendants' Motion to Dismiss entirely fails to state any reason why Plaintiff has not stated a plausible claim for relief under Fed. R. Civ. P. Rule 12 (b) (6). While their motion discusses the required elements pursuant to the three-step process outlined in *Burtch*, they fail to apply the elements to the Complaint as required. 662 F.3d at 221 Defendants argument relies entirely on their erroneous claim that the UPA exempts them from compliance with UDAP laws. Now that argument has been disposed with, Plaintiff's claims cannot be dismissed. Each claim stated by Plaintiff is properly pled, supported by factual allegations, and entitles him to a claim to relief.

2.1. **Defendants are subject to strict liability for their deceptive acts under the UTPCPL's 'catch-all' provision.** *Gregg v. Ameriprise Financial, Inc.*, 195 A.3d 930, 940 (Pa. Super. 2018). Any "vendor[ ] who deceive consumers by creating a likelihood of confusion or misunderstanding" is subject to "strict liability." *Id*. Whether intentional or innocent, *any* deceptive act by Defendants is actionable under the UTPCPL catch all provision. 73 P.S. § 201-2 (4) (xxi).

Defendants failed to make any argument regarding their 'deceptive conduct' under the catch-all provision. *Def. Brf. at 8*. Perhaps they recognized that there is no possible argument their behavior did not create a "likelihood of confusion or misunderstanding." However, Plaintiff properly pled this cause of action: (1) A deceptive act in soliciting consumers for valueless services, *Cmplt.* at ¶¶ 11, 52–54; (2) detrimental reliance by signing the contract and returning it to Defendants, *Cmplt.* at ¶¶ 28, 30–31, 53; and (3) ascertainable loss, *Cmplt.* at ¶¶ 33, 57.

2.2. **Plaintiff has properly alleged all elements of the UTPCPL § 201-2 (4) (xv) necessary to show Defendants' 'knowing misrepresentation.'** "A plaintiff alleging a violation of section (xv) of the UTPCPL must show a material misrepresentation of an existing fact, scienter, justifiable reliance, and damages." *Banker v. Family Credit Counseling Corp.*, 440 F.Supp.2d 392, 412 (E.D. Pa. 2006). Defendants appear to admit all the elements of the UTPCPL § 201-2 (4) (xv), and instead rest solely on their unsupported assertion that their solicitations can not be misrepresentations as a matter of law—again based on their erroneous belief they are insulated from liability. *Def. Brf.* at 7 ("Under the law, there was no misrepresentation").

Plaintiff's Complaint alleges all necessary elements: (1) Defendant's misrepresentation of the value of their services, *Cmplt.* at ¶¶ 11, 30–31; (2) their knowledge (scienter) that their services were valueless, *Cmplt.* at ¶¶ 16–20; (3) Plaintiff's justifiable reliance on this misrepresentation which induced him into entered the contract, *Cmplt.* at ¶¶ 30–31, 53; and (4) ascertainable loss in the debt that is alleged by Defendants, *Cmplt.* at ¶¶ 33, 57. Further, Plaintiff's allegations are specific enough to satisfy Fed. R. Civ. P. Rule 9 (b).

2.3. **Defendants provide no argument to explain why Plaintiff has not stated a Texas DTPCPA claim.** "A plaintiff claiming nondisclosure under [ DTPCPA § 17.46 (b) (24) ] must prove four elements: (1) a failure to disclose information concerning goods or services, (2) which was known at the time of the transaction, (3) if such failure was intended to induce the consumer into a transaction, (4) which the consumer would not have entered had the information been disclosed." *Willowbrook Foods, Inc. v. Grinnell Corp.*, 147 S.W.3d 492, 506 (Tex. App. 2004). Defendant fails to articulate any reason why Plaintiff failed to properly plead this claim; instead, they again falsely allege that their conduct is "authorized" by state law and therefore consumer protection laws cannot apply. *Def. Brf.* at 9.

7

As with each cause of action in the complaint, each element of the asserted claim directly maps to Plaintiff's allegations: (1) Defendants failure to disclose that their services were worthless, *Cmplt.* at 11; (2) known at the time of transaction based upon their quotes to a newspaper, *Cmplt.* at 16–20; (3) intended to induce consumer into the contract, *Cmplt.* at 18; and (4) that Plaintiff would not have entered into if it had been disclosed, *Cmplt.* at 31.

3. **PAUL HASHIM IS AN ESSENTIAL DEFENDANT AS THE REGISTERED FINDER IDENTIFIED ON PLAINTIFF'S CONTRACT.**

Defendants admit "Pennsylvania . . . requires an individual to complete the application form (rather than the company) when acting as a finder." *Cmplt.* at 9. Defendant further admits that Defendant Hashim acted: "There are otherwise no allegations that Defendant Hashim acted outside the scope of his role. . .." Defendant Hashim's finder registration number is required to be on every solicitation and request for money from the Pennsylvania Treasurer, and every contract submitted under his name is an individual act by Defendant Hashim. As a result, any acts are attributable to both Defendants Hashim and U.S. Claims Services, who are jointly and severally liable for all damages.

Further, Mr. Hashim has owned or been affiliated with numerous different entities involved in the unclaimed property 'business' over the years. It is believed that all of these operations were substantially the same, operated from the same office and with the same principals involved. It is unclear if this was done for liability reasons or based upon the need to continually switch entity names so as to keep the public from connecting their deceptive conduct with their name-of-the-week. However, it creates the high likelihood that if Defendant Hashim were dismissed from this action that the Defendant U.S. Claims Services would become insolvent and leave Plaintiff and the Proposed class without any recourse for the Defendants' wrongful and deceptive conduct.

4. **JUDICIAL NOTICE SHOULD BE DENIED AS THEIR DEFENDANT'S PRIVATE DOCUMENTS ARE NOT 'GENERALLY KNOWN'.**

Plaintiffs oppose and object to Defendants' request this Court take judicial notice of any of their exhibits. *Def. Brf. Ex. A*. Judicial Notice is permitted for "facts that [are] not subject to reasonable dispute because [they]: (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201 (b). Defendants request is improper, as they are requesting this Court take notice of their *private* and *internal* documents, without adequate foundation of their authenticity or reliability. Evidence must be authenticated before it can be admitted. *Id*. Rule 901 (a). Courts may take judicial notice of sources only when they are "not reasonably subject to dispute." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) (citing Fed. R. Evid. Rule 901 (a)). Documents suitable for judicial notice should "bear the reliability demanded for other self-authenticating documents[.]" *Victaulic Co.*, 499 F.3d at 236 (quoting *In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 782 (C.D. Cal. 2004)).

Defendants documents for judicial notice are supported only by a declaration of counsel. They are private emails between the Treasurer and the Defendant, agreements between Plaintiff and Defendant, and Defendant Hashim's renewal application for finder registration. None of these internal documents would be generally known through this Court's judicial district, and all lack the necessary foundation to be admitted as evidence as their accuracy can reasonably be questioned. Judicial notice of these documents establishes them as a "fact" that deprives the Plaintiff of his opportunity to investigate and challenge Defendants' documents.

## CONCLUSION

**WHEREFORE**, Plaintiff Dominick DeSimone, on behalf of himself and all others similarly situated, respectfully request this Court deny Defendant's Motion to Dismiss and further deny their Request for Judicial Notice.

Respectfully Submitted,

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of **Plaintiff's Opposition to Defendant's Motion to Dismiss** and any accompanying memorandum or documents upon the parties or their counsel via Electronic Case Filing on **Friday, January 17th 2020**.

Respectfully Submitted,

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com