# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominick **DeSimone**, *Plaintiff(s)*;  <br> *vs.* <br> **U.S. Claims Services** Inc., *and* Paul **Hashim**, *Defendant(s).* | *No.* 19-CV-6150 (GJP) |

## PLAINTIFF'S SUR-REPLY BRIEF TO
## DEFENDANT'S MOTION TO DISMISS

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# TABLE OF CONTENTS

**ARGUMENT** ........................................................................................................ 1

1. **DEFENDANTS ADMIT THEIR OMISSION IS A MATERIAL MISREPRE-SENTATION IF SUBJECT TO A 'DUTY TO DISCLOSE'; THIS DUTY IS IMPOSED BY BOTH TEXAS LAW AND THEIR FIDUCIARY RELATION-SHIP WITH THE PROPERTY OWNERS.** .................................................... 1

   *1.1.*  Defendants' duty to disclose known information about the value of their services is created by the Texas Detective Trade Practices–Consumer Protection Act............ 2

   *1.2.*  The Unclaimed Property Act requires Defendant act as the property-owner's agent... 2

   *1.3.*  Plaintiff further entered into a confidential relationship with Defendants. ............. 3

2. **DEFENDANTS MIS-STATE LANDAU WHICH INCLUDES A HOLDING DENYING ANY BASIS FOR THEIR COMPLIANCE DEFENSE.** ............. 5

3. **DEFENDANTS' CASE LAW WAS SUPERSEDED BY THE 1996 AMEND-MENTS TO THE CURRENT UTPCPL § 201-2 (4) (XXI).** .................... 6

**CONCLUSION** ..................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                          *Page*

*Basile v. H & R Block*, 563 Pa. 359 (Pa. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Basile v. H & R Block*, 777 A.2d 95 (Pa. Super. Ct. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
*Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145 (Pa. Super. 2012) . . 6
*Brooks v. Conston, 51 A.2d 684*, 688 (Pa. 1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
*Burdett v. Miller, 957 F.2d 1375*, 1381 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
*Doe v. Boys Clubs of Greater Dallas Inc.*, 907 S.W.2d 472 (Tex. 1995) . . . . . . . . . . . . . . . . . . . 2
*Fay v. Erie Ins. Grp.*, 723 A.2d 712 (Pa. Super. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*Gregg v. Ameriprise Financial, Inc.*, 195 A.3d 930 (Pa. Super. 2018) . . . . . . . . . . . . . . . . . . . . 7
*Grudkowski v. Foremost Ins. Co.*, 2013 U.S. Dist. LEXIS 91848 (M.D. Pa. July 1, 2013) . . . 7
*Kessler v. Fanning*, 953 S.W.2d 515 (Tex. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401 (E.D. Pa. 2016) . . . . . . . . . . . . . . 5, 6
*Milliken v. Jacono*, 103 A.3d 806 (Pa. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Weir v. Estate of Ciao*, 521 Pa. 491 (Pa. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
*Young et al., v. Kaye*, 443 Pa. 335 (Pa. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Constitutional Provisions, Statutes and Rules**                                                                  *Page*

Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL")
  73 P.S. §§ 201-1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
  73 P.S. § 201-2 (4) (xxi) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7
Texas Deceptive Trade Practices–Consumer Protection Act ("DTPCPA")
  Tex. Bus & Com. Code §§ 17.41 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
  Tex. Bus & Com. Code § 17.46 (b) (24) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2
Unclaimed Property Act ("UPA")
  72 P.S. §§ 1301 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
  72 P.S. § 1301.11 (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

**Court Filings**                                                                                                  *Page*

*Class Action Complaint* ("Cmplt.") ECF #1 *Ex.* A. (12/27/19) . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Defendant's Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Rule 12 (b)
    (6) Motion to Dismiss* ("Def. Rep. Brf.") ECF #11 (01/24/20) . . . . . . . . . . . . . . . 1, 5

## ARGUMENT

Defendants Motion to Dismiss was facially defective, failing to make any salient argument that Plaintiffs' failed to state a claim but generally relying upon a non-existent exemption from state consumer protection laws they claim originated in the compliance with the Unclaimed Property Act ("UPA"), 72 P.S. §§ 1301 *et seq.* Having now been confronted that their claimed exemption is illusory, Defendants now switch tracks making the entirely new argument that they had "no duty to disclose" to the Plaintiffs. *Def. Rep. Brf.* at 3. This argument similarly fails: a duty is imposed both by the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPCPA"), Tex. Bus & Com. Code §§ 17.41 *et seq.*, and due to the nature of their fiduciary relationship necessary to accomplish their services.

Further, Defendants attempt to rely on case law superseded by the 1996 amendments to the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 *et seq.* claiming that Plaintiff is required to demonstrate all elements of common-law fraud else the claims must be dismissed. However, this ignores the UTPCPL's 'catch-all provision', which requires only a showing of deceptive conduct. *Id.* at § 201-2 (4) (xxi), and further has no bearing on the relevant Texas-law claims under DTPCPA § 17.46 (b) (24).

1. **DEFENDANTS ADMIT THEIR OMISSION IS A MATERIAL MISREPRESENTATION IF SUBJECT TO A 'DUTY TO DISCLOSE'; THIS DUTY IS IMPOSED BY BOTH TEXAS LAW AND THEIR FIDUCIARY RELATIONSHIP WITH THE PROPERTY OWNERS.**

Defendants admit that their omission of information is material to their fraudulent conduct if they have a duty to disclose. *Def. Rep. Brf.* at 3. However, they attempt to claim there is "no legal duty to disclose" that their services are valueless or that consumer would be better off retrieving their money directly from the state. *Id.* This is categorically false;

this duty is created by both the Pennsylvania and Texas legislatures as the Defendants are affirmatively soliciting consumers for their services while failing to disclose this necessary information of its worth.

1.1. **Defendants' duty to disclose known information about the value of their services is created by the Texas Detective Trade Practices–Consumer Protection Act.** The Texas legislature imposed an affirmative duty on businesses as part of their consumer protection law to disclose information that would cause a consumer not to engage their services. Defendants are prohibited from:

> [Failing] to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]
> DTPCPA § 17.46 (b) (24)

Texas imposes this affirmative duty upon its citizens—including both Defendants. Any information known to the Defendants is subject to this duty to disclose if the consumer "would not have entered into the transaction if the information had been disclosed." *Kessler v. Fanning*, 953 S.W.2d 515, 521 (Tex. App. 1997); *See also Doe v. Boys Clubs of Greater Dallas Inc.*, 907 S.W.2d 472, 479 (Tex. 1995) (no duty only if information is not known).

Defendants have not– and can not– claim they did not know that their services imposed unnecessary costs or effort upon consumers. Therefore, Defendants had an affirmative duty as a Texas business to inform Plaintiff and the proposed class of the value of their services *vis-à-vis* the consumers ability to retrieve their money themselves (more cheaply and easily).

1.2. **The Unclaimed Property Act requires Defendant act as the property-owner's agent.** 72 P.S. § 1301.11 (g). Defendants actively solicit an agency relationship with the property-owners, which carries with it fiduciary obligations with the Plaintiff and other property own-

2

ers.  Agency requires: (1) a manifestation by principal that agent will act for him; (2) agent's acceptance of the undertaking; and (3) the understanding that the principal is in control of the undertaking.  *Basile v. H & R Block*, 563 Pa. 359, 367 (Pa. 2000) (citations and quotations omitted).  This relationship is both established by the conduct of the parties and further **required** for a Finder to conduct business under the Unclaimed Property Act ("UPA"), which prohibits finders from acting without such an "agreement or power of attorney." 72 P.S. § 1301.11 (g). Defendants' own agreement recognizes this relationship:

> This agreement into by and between Dominick Desimone hereinafter referred to as "Claimant," and [U.S. Claims Services], hereinafter referred to as "**Agent.**"
> *Cmplt.* at *Ex.* A. (emphasis added)

As Defendants actively solicit an agency relationship with property-owners, and have the power to engage in contract for the return of their money, Defendants cannot now claim that they have 'no duty to disclose' information such as the value of their services with those property owners, which is material in the decision to engage these services.

1.3. **Plaintiff further entered into a confidential relationship with Defendants.** The existence of a confidential relationship between parties "appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed[.]" *Basile v. H & R Block*, 777 A.2d 95, 101 (Pa. Super. Ct. 2001). This "apparent disparity in [ ] positions serves as the foundation for the law's expectation of conduct between the parties and the concomitant obligations of the superior party." *Id.* The superior party must act with "scrupulous fairness and good faith in his dealings with the other and refrain from using his position to the other's detriment and his own advantage." *Young et al., v. Kaye*, 443 Pa. 335, 763 (Pa. 1971).

The confidential relationship and associated fiduciary duty attaches "wherever one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest." *Brooks v. Conston, 51 A.2d 684*, 688, 688 (Pa. 1945). "[T]hose who purport to give advice in business may engender engender confidential relations if others, by virtue of their own weakness or inability, the advisor's pretense of expertise, or a combination of both, invest such a level of trust that they seek no other counsel." *Basile (2001)*, 777 A.2d at 102; *See e.g. Weir v. Estate of Ciao*, 521 Pa. 491, 505–506 (Pa. 1989), *Burdett v. Miller, 957 F.2d 1375*, 1381, 1381 (7th Cir. 1992) ("If a person solicits another to trust him in matters in which he represents himself to be expert as well as trustworthy and the other is not expert and accepts the offer and reposes complete trust in him, a fiduciary relation is established.").

In fact, Defendants entire business is dependent on this confidential relationship: if a property-owners did not 'repose complete trust' in the Defendants, *any* independent investigation would cause the property-owner to choose the free and easier method of retrieving their own money. Instead, Defendants actively and regularly solicit property owners knowing that many will refuse to use their valueless services but some—particularly the vulnerable and unsophisticated—will accept Defendants 'pretense of expertise' which will allow the Defendants to profit at the property-owner's detriment.

2.  **DEFENDANTS MIS-STATE LANDAU WHICH INCLUDES A HOLDING DENYING ANY BASIS FOR THEIR COMPLIANCE DEFENSE.**

Defendants attempt to distinguish *Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401 (E.D. Pa. 2016). Defendants assert that Landau was decided due to "oral assurances and representations" of a sales representative that created the UTPCPL liability. *Def. Rep. Brf.* at 1–2. However, Defendants misread the plain holding of Landau:

> "[Defendant Viridian] asserts a 'regulatory compliance defense.' According to Viridian, this defense functions as a sort of preemption doctrine that defeats UTPCPL claims 'where federal or state regulators have approved the conduct or documents that form the basis for a plaintiff's claim.' In fact, no such defense exists in Pennsylvania, and even if it did, it would not help Viridian here."
> *Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401, 419 (E.D. Pa. 2016)
> (citations omitted).

Defendant's 'regulatory compliance defense' failed not because of these additional misrepresentations, but **because it does not exist**. However, if this were a defense, Judge McHugh further explained Viridian would still be liable on the basis of those representations:

> "Not only is Viridian's 'regulatory compliance defense' **without precedential support**, but it has no bearing here. Landau alleges that Viridian's Associates made false or misleading statements in violation of the UTPCPL's catch-all provision."
> *Id.* at 420 (emphasis added)

While Viridian made additional false representations to the plaintiffs; the defense asserted by Defendants **does not exist**, and absent such an exemption from the UTPCPL and related state UDAP claims, Defendants are liable for their fraudulent and deceptive conduct.

3. **DEFENDANTS' CASE LAW WAS SUPERSEDED BY THE 1996 AMENDMENTS TO THE CURRENT UTPCPL § 201-2 (4) (XXI).**

In their reply, Defendants claim that all elements of common-law fraud must be proven under the UTPCPL. While it may be convenient for them to do so, Defendants should not be permitted to ignore the dramatic differences between the UTPCPL § 201-2 (4) (xxi) ("catch-all provision") and the other enumerated acts:

> The current version of the catch-all provision barring "fraudulent or deceptive conduct" dates back to 1996. Before that, the catch-all provision only applied to "fraudulent conduct." Based on that precise statutory language, courts required claims arising under the pre-1996 catch-all provision to satisfy the elements of common law fraud. Courts struggled for well over a decade to interpret this change in statute. Uncertainty over the significance of the phrase "deceptive conduct" led to a line cases that effectively ignored the 1996 amendments by continuing to require claims under the catch-all provision to satisfy the elements of common law fraud.
>
> *Landau*, 223 F.Supp.3d at 418
> (citations omitted)

Pennsylvania Courts may have been slow to recognize these changes, but none of the UTPCPL cases cited by Defendants apply to the Plaintiffs' catch-all provision claims under 73 P.S. § 201-2 (4) (xxi) since at least 2012. Then, in *Bennett*, the Superior Court reconciled a split of authority with the Commonwealth Court on the catch-all provision and acknowledged that it had failed to properly expand its interpretation of the 1996 amendments. *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 155 (Pa. Super. 2012); *See also Milliken v. Jacono*, 103 A.3d 806, 812 fn. 2 (Pa. 2014) (acknowledging that under the 1996 amendments "a plaintiff is no longer required to prove the elements of common law fraud in order to establish fraudulent or deceptive conduct under [the catch-all provision]").

More recently, the Superior Court has gone further, recognizing strict liability for any deceptive acts under the catch-all provision:

> [W]e hold that the General Assembly, by "eliminating the common law state of mind element (either negligence or intent to deceive)," imposed strict liability on vendors who deceive consumers by creating a likelihood of confusion or misunderstanding in private, as well as public, causes of actions. Carelessness or intent, required for negligent or fraudulent misrepresentations, may be absent when perpetrating "deceptive conduct" under 73 P.S. § 201-2 (4) (xxi). Given their varying degrees of requisite intent, a UTPCPL catchall violation and the torts of negligent and fraudulent misrepresentation raise separate legal issues, as a matter of law.
> *Gregg v. Ameriprise Financial, Inc.*, 195 A.3d 930, 940 (Pa. Super. 2018) (citation omitted)

Defendants cases all apply[1] the pre-1996 UTPCPL to claims that pre-dated those amendments. None of these cases provide this Court with guidance as to the instant matter in regards to the catch-all provisions, as each one would have the opposite outcome under current Pennsylvania law.

---

[1] The *Grudkowski* Court wrongly applied *Fay v. Erie Ins. Grp.*, 723 A.2d 712 (Pa. Super. 1999) to a post-'96 UTPCPL § 201-2 (4) (xxi) claim, despite the recognized change in Pennsylvania Courts jurisprudence. Just as Defendants would like this Court to do, that Court ignored the effect of the 1996 amendments on the catch-all provision. 2013 U.S. Dist. LEXIS 91848.

7

## CONCLUSION

**WHEREFORE**, Plaintiff Dominick DeSimone, on behalf of himself and all others similarly situated, respectfully request this Court deny Defendant's Motion to Dismiss.

Respectfully Submitted,

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com