IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINICK DESIMONE,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. CLAIMS SERVICES, INC., and PAUL HASHIM<br><br>*Defendants.* | CIVIL ACTION<br><br>NO. 19-06150 |

# ORDER

**AND NOW**, this 20th day of February 2020, upon consideration of Defendants' Notice of Removal (ECF No. 1), Plaintiff's Motion to Remand (ECF No. 7), Defendants' Response (ECF No. 10), and Plaintiff's Reply (ECF No. 12), in which Plaintiff requests to withdraw his Motion to Remand, it is hereby **ORDERED** that the Motion (ECF No. 7) is **DENIED**.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] The Class Action Fairness Act provides federal jurisdiction over class actions if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). A defendant who files a notice of removal need only include a "plausible allegation" that the amount in controversy exceeds CAFA's $5 million threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. In seeking to withdraw his Motion to Remand, Plaintiff correctly points out that Defendants' Response includes the attached declaration of Mr. Aaron Hashim—an employee of U.S. Claims Services—who calculated revenues in excess of $12 million during the time period at issue in the Complaint. (Reply 1, ECF No. 12.) Because those revenues exceed CAFA's amount in controversy requirement, the Court denies the Motion to Remand.