UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominick **DeSimone**, *Plaintiff(s)*; <br><br> *vs.* <br><br> **U.S. Claims Services** Inc., *and* Paul **Hashim**, *Defendant(s)*. | *No.* 19-CV-6150 (GJP) |

## AMENDED COMPLAINT—CLASS ACTION

**Andrew B. Austin,** Esq.
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................... 1

**PARTIES** .................................................................... 1

**JURISDICTION & VENUE** ...................................................... 2

**FACTS** ..................................................................... 2

Unnecessary Business of Unclaimed Property ................................. 2

Finders Must Act as Agents for Property-Owners ............................ 5

Defendants Do Not Comply with the UPA .................................... 6

Mr. DeSimone's Unclaimed Property ......................................... 8

**CLASS** ..................................................................... 10

*Class Definition* (¶ 55) ................................................... 10

*Numerousity* (¶ 56) ....................................................... 10

*Commonality* (¶ 57) ....................................................... 11

*Typicality* (¶ 58) ......................................................... 11

*Adequate Representation* (¶ 59) ........................................... 12

*Predominance* (¶¶ 60 to 65) ............................................... 12

**COUNTS** ................................................................... 13

*Count # 1.*  UTPCPL — Deceptive Conduct ................................. 13

*Count # 2.*  UTPCPL — Knowing Misrepresentation ......................... 16

*Count # 3.*  Fraud/Fraudulent Inducement ................................ 18

*Count # 4.*  UTPCPL — Fraudulent Misrepresentation ...................... 19

**JURY DEMAND** .............................................................. 21

**RELIEF** ................................................................... 21

**EXHIBITS** ................................................................. 22

*Exhibit A.*  Claim Agreement # 1 .......................................... 23

*Exhibit B.*  Claim Agreement # 2 .......................................... 25

*Exhibit C.*  Past Due Invoice ............................................. 27

*Exhibit D.*  Final Invoice Threatening Collections ........................ 29

*Exhibit E.*  Renewal Reminder and Correspondance .......................... 31

*Exhibit F.*  Renewal Registration Letter .................................. 36

*Exhibit G.*  Emails Showing Acts by Unregistered Finders .................. 38

*Exhibit H.*  List of Registered Finders in Pennsylvania ................... 42

*Exhibit I.*  Application For Certificate Of Finder Registration ........... 52

i

## INTRODUCTION

Plaintiff Dominick DeSimone, on behalf of himself and all others similarly situated, by and through his undersigned counsel, hereby brings this action for damages and injunctive relief against Defendants Paul Hashim and U.S. Claims Services, alleging Fraud, intentional failure to comply with Pennsylvania's Unclaimed Property Act ("UPA"), 72 P.S. §§ 1301 *et seq* , and violations of state Unfair or Deceptive Acts or Practices ("UDAP") laws—specifically the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 *et seq.*—through deception and misrepresentation, and therefore allege as follows:

## PARTIES

1.  Plaintiff **Dominick DeSimone**, on behalf of himself and all others similarly situated, is an adult individual who resides at 845 Cross Street, Philadelphia, Pennsylvania, 19147. Mr. DeSimone had unclaimed property that was escheated to the Commonwealth of Pennsylvania.

2.  Defendant **U.S. Claims Services**, Inc. is a Texas Corporation (# 0802905239) with a principal place of business at 3801 Pegasus Drive # 101, Bakersfield, California, 93308. U.S. Claims Services, Inc. seems to operate under a multitude of names both currently and in the past, including New Deal Development, Inc, Payne Richards & Associates, Joseph Richards & Associates, among others. U.S. Claims Services (and the associated companies) are, upon information and belief, merely parts of a single enterprise, which is operated for the benefit of– and dominated by– Mr. Hashim and his family.

3.  Defendant **Paul R. Hashim** is an adult individual who is known to reside at 536 Big Bend Drive, Keller, Texas, 76248. Mr. Hashim is listed as the sole director and executive of Defendant U.S. Claims Services. Mr. Hashim is also a 'Finder' registered with the Pennsylvania Treasurer (# 09801131-0315).

## JURISDICTION & VENUE

4.  This Court has jurisdiction over this action under Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332 (d), 1453, 1711–1715, specifically removal jurisdiction under § 1453, from from the Philadelphia Court of Common Pleas pursuant to *Defendants' Notice of Removal* ("Not."), ECF # 1 (12/27/19). Venue is proper as that court sits within this Court's district and division.

5.  The Philadelphia Court of Common Pleas had unlimited original jurisdiction under 42 Pa. C.S. § 931 (a), and venue was proper as the transaction or occurrence out of which this cause of action arose was via mail addressed to– and received by– a resident of Philadelphia County. Pa. R.C.P. No. 2179.

6.  The Philadelphia Court of Common Pleas had specific personal jurisdiction over the Defendants because both have affirmatively established and maintained contacts with the Commonwealth of Pennsylvania in registering with the Pennsylvania Department of Treasury and regularly and continuously solicit Pennsylvanians to utilize their services.

## FACTS

### *Unnecessary Business of Unclaimed Property*

7.  Defendants Paul Hashim and U.S. Claims Services are "finders" engaged in the business of connecting property owners with their unclaimed property escheated to the state.

8.  Defendants identify Unclaimed Property by querying the various statutorily-designated agencies that receive it, normally the Department of Treasury for that state. Once the Defendants have identified Unclaimed Property of sufficient value to be of interest in their business, they then 'locate' the property owner using the provided address or commonly available tools such as or similar to Intellius People Search and/or LexisNexis Public Records.

9.   Defendants then contact the property owners, where they notice the owner of the unclaimed property and provide a form to complete in order to recover it.  The form is actually a contract between the property owner and Defendant U.S. Claims Services, that claims to provide "services, including but not limited to: ordering/providing proper forms, answering any questions, and following up with the claim status" in exchange for a portion (sometimes exceeding 30%) of the unclaimed funds.

10.  Once the property owners complete the contract, have it notarized, and return it, the Defendants then complete the claim for the property owners.  In most states, the full value of the unclaimed property monies are forwarded directly to the property owner (and is not received by the Defendants). After the monies are received, the Defendants then submit an invoice to the property owner for their fee; any unpaid fees are eventually submitted to a collections agency.

11.  Nowhere does Defendant U.S. Claims Services disclose in their contract that their services are un-necessary, or that the property-owner can recover their unclaimed monies **without any fees** and their entire business model is based upon the property-owners mistaken belief that the finders services are necessary.

12.  However, it is extremely easy for a property owner to locate and claim property on their own, simply by contacting their appropriate department of treasury.  Every state maintains a web-site, and the National Association of Unclaimed Property Administrators also maintains a web-site providing links and information on collecting their property at `unclaimed.org`.

13.  Each state also maintains an office that is open during business hours and able to field property-owners' questions and provide information on their claim. Most (if not all states) also provide a way to automatically track the status of their claims.

14.  For example, the Pennsylvania Department of Treasury (`http://www.patreasury.gov /unclaimed-property/`) will allow an individual via their web-site to search for unclaimed property and generate the necessary claim form to recover the money, which can be accomplished in minutes by the property owner. Pennsylvania Treasury provides a telephone number (800) 222-2046, staffed during normal business hours, where property owners can ask questions and receive

assistance, as well as an online portal on that same web-site where they are able to input a claim number or web inquiry ID which will allow them to check the status of the claim.

15. Ultimately, none of the alleged 'services' offered by Defendant U.S. Claims Services are needed by the property owner: all of the services they provide (forms, questions, and status) are freely provided by the various State agencies holding the unclaimed property. Using the state-provided tools is also frequently easier for the property owner with less steps (*e.g.* notarization is frequently not required).

16. In fact, Defendants can not claim that their business is not deceptive, as they have been the subject of numerous complaints and newspaper articles.

17. Defendant Hashim's brother, Aaron Hashim—who purported to be owner of their predecessor company, New Concepts Development Company (d/b/a "U.S. Claims Services")—was interviewed by the L.A. Times in 2014. David Lazarus, *Firm Charges Fee For Refund Data You Can Get Free*, Los Angeles Times (06/30/2014), `www.latimes.com/business/la-fi-lazarus-20140 701-column.html`.

18. In that interview, Aaron Hashim admitted **many people pay a fee to his companies because they have no idea they often can get their money themselves for free** and stated: "[i]f we told people where to go, we'd never get a call back." *Id*.

19. In that same 2014 article, the Los Angeles Times wrote: "No one in their right mind would pay a private company to perform a relatively simple task that anyone could do for nothing" and further "[the Hashims'] business model rests almost entirely on giving clients the false impression that they can't get the money without his help." *Id*.

20. Based upon the representations of Defendant Hashim's brother—who was still directly involved in this business—Defendants cannot claim their business model is not based on knowingly deceptive practices.

*Finders Must Act as Agents for Property-Owners*

21.  Defendants actively solicit clients within Pennsylvania, including Mr. DeSimone, requesting authorization to act on their behalf with the Pennsylvania Treasury to recover unclaimed property.

22.  As part of their sales pitch, Defendants profess their specialized expertise with unclaimed property, holding themselves out as "licensed private investigators whose sole task is to uncover lost property" and having more than "ten years" of experience, specifically to create the impression that their services are essential and valuable.

23.  The authorization requests is an agreement that explicitly establishes an agency relationship between Defendants and their clients: 'This agreement into by and between Dominick DeSimone hereinafter referred to as 'Claimant,' and Payne Richards & Associates, hereinafter referred to as **'Agent'**. *Ex. A* (emphasis added).

24.  The contract identifies "Payne Richards & Associates" as the "Agent". "Paul Hashim" is the signatory for the Agent.  Further, "Agent's Tax ID No." is upon information and belief to belong to Defendant U.S. Claims Services, and the "Registration No." belongs to Defendant Hashim. *Ex. A*.

25.  Defendant U.S. Claims Services conducts business as "Payne Richards & Associates" among other identities, and they are one and the same.

26.  The claimant (property-owner) explicitly authorizes the Defendants to "provide services" to recover funds held by the State Treasurer of Pennsylvania.  These services necessarily include submission of the claims by Defendants to the State of Pennsylvania, which requires the legal power to authorize disbursement of owner's money/property from the state and bind the property-owner to that disbursement.

27.  In fact, an agency relationship is required by Pennsylvania law. UPA § 1301.11 (g). A signed writing evidencing some kind of agency relationship or power of attorney is necessary for the Pennsylvania Treasury to even speak to the Defendants' regarding claims. *Ex. G*.

28. At all times with respect to Plaintiff's (and proposed class') property, Defendants U.S. Claims Services and Paul Hashim acted as their agents under Pennsylvania law.

## Defendants Do Not Comply with the UPA

29. Pennsylvania regulates Finders as part of their unclaimed property laws, UPA § 1301.11 *et seq*., which requires unclaimed property and require every person "engag[ing] in an activity for the purpose of locating, delivering, recovering or assisting in the recovery of abandoned or unclaimed property" for "compensation, commission or other remunderation" is required to "obtain[ ] a certificate of registration from the State Treasurer. UPA § 1301.11a (a).

30. Only Defendant Hashim is registered as a finder with the Pennsylvania Treasurer. No other employees of U.S. Claims Services are known to be registered as Finders in Pennsylvania. *See Ex. H* (list of registered finders).

31. However, as a matter of routine practice, employees of Defendant U.S. Claims Services act on behalf of property owners without proper registration, utilizing Defendant Hashim's finder registration number and at his direction.

32. Nowhere on any of Defendants documents is any information to reach Defendant Hashim directly—who is by law supposed to be the only person acting for the property-owner/claimant. All contact information is generic to Defendant U.S. Claims Services and reaches Defendant's Hashim's employees.

33. Property owners are instructed to mail their completed paperwork to the Defendant U.S. Claims Services' office in Bakersfield, California, where it is processed and forwarded to the Pennsylvania Treasury.

34. Defendant Hashim can not personally engage in this activity, as he resides over 1,200 miles (and two time-zones) away in an entirely different state, and this activity is delegated to his Bakersfield employees.

35.   However, these employees are statutorily prohibited from performing this work, as none of them have received certificates of registration from the Pennsylvania Treasury.

36.   In fact, Defendants have filed evidence of their willful noncompliance with the Unclaimed Property Act before this Court, showing that an unregistered individual (Ms. Maria Murelles) acting as a 'finder' in violation of Pennsylvania law, potentially subjecting her to penalties under UPA § 1301.25 (d). *Ex. G.*

37.   Further of note, correspondence from Defendant U.S. Claims Services related to the claim provides contact information for Ms. Shirley Wynsinger (not Defendant Hashim), who is believed to be a Bakersfield, CA resident as well as to be one of the persons that is actually performing the responsibilities of a Pennsylvania 'finder.' *Ex. C, D.*

38.   Defendant Hashim conducts this delegation, despite conspicuous and repeated notice by the Pennsylvania Treasury that this behavior is unauthorized and illegal:

   (a)   "Please be advised that all individuals who operate as finders in Pennsylvania need to obtain a finder registration number even if they work for the same company.  **The finder registration number belongs to the individual not the business.**  … For example: five employees from ABC Finder Company operate as finders in Pennsylvania then five finder registration numbers must be issued.  It does not matter where the employee is physically headquartered or where the claimants reside as long as the employee is in the business of finding property reported to Pennsylvania for claimants, they need to obtain a registration number." *Ex. I* (emphasis added).

   (b)   "Please be advised Sections 1301.11 and 1301.11a of Pennsylvania's Disposition of Abandoned or Unclaimed Property Act impose penalties on individuals acting as an unregistered finder including making it a misdemeanor in the third degree, with the initial violation punishable by a fine of up to one thousand dollars ($ 1,000), and subsequent violations punishable by a fine of up to five thousand dollars ($ 5,000).  Section 1301.11a (a) states that with the exception of a licensed attorney, **no person may**, on behalf of another, **assist in in the recovery of**

7

**unclaimed property and receive compensation therefor unless the person has applied for and received a certificate of registration** from the Treasurer." *Ex. E* at 3 (emphasis added).

(c)   "Please be advised that no individual other than you is allowed to use your registration number, **even other individuals in your company.** Registration numbers are linked to specific individuals. If Treasury discovers that you have allowed someone else to use your registration number … this may be grounds for an investigation and possible revocation." *Ex. F* (emphasis added).

### *Mr. DeSimone's Unclaimed Property*

39.   In mid-2018, Mr. DeSimone was contacted by Defendant U.S. Claims Services advising him that Defendants had identified unclaimed property belonging to him in the value of $ 841.97.

40.   Plaintiff had not solicited this communication, but learning that there was money available to him, completed the required forms including a notarized contract and returned it to Defendant U.S. Claims Services.

41.   Mr. DeSimone had no knowledge or suspicion that Defendant U.S. Claims Services' services were unnecessary or that he could recover his unclaimed property himself more easily and for free.

42.   In fact, Defendant U.S. Claims Services communication gave Mr. DeSimone the impression that he could not recover his money without their services and they possessed specialized expertise that was necessary to do so.

43.   This contract identified "Payne Richards & Associates" (a/k/a Defendant U.S. Claims Services) as the Agent, had a registration number (belonging to Defendant Hashim) and was signed by Defendant Hashim as "Agent." *Ex. A.*

44.   As a result, Mr. DeSimone completed the paperwork as requested and returned it to Defendant U.S. Claims Services' office in Bakersfield, California pursuant to the instructions. Upon information and belief, employees of U.S. Claims Services received this contract, processed it, and forwarded

it onto the Pennsylvania Treasury for disbursement.  Again, Defendant Hashim lives in Keller, Texas and therefore is not providing these services.

45.  At some point after, Mr. DeSimone received his money from the Pennsylvania Treasury as well as a bill for services from Defendant U.S. Claims Services, which he paid.

46.  Later, in early April 2019, Mr. DeSimone was again contacted by Defendant U.S. Claims Services, again advising him they had identified unclaimed property in the amount of $ 469.10.

47.  Again, Mr. DeSimone had no knowledge that Defendants services were unnecessary or that he could recover his money directly, but believed that U.S. Claims Services' was the only way he could recover his money.  Therefore he completed and returned the paperwork as required.

48.  Again, this contract identified "Payne Richards & Associates" (U.S. Claims Services) as the Agent, had the same registration number and was signed by Defendant Hashim. *Ex. B.*

49.  Again, this contract was returned to Defendant U.S. Claims Services' office in Bakersfield, California pursuant to the instructions.  Upon information and belief, employees of U.S. Claims Services received this contract, processed it, and forwarded it onto the Pennsylvania Treasury for disbursement. Similarly, Defendant Hashim could not have been providing these services.

50.  Mr. DeSimone later received his money, and then subsequently a bill from Defendant U.S. Claims Services.  However, as this time there as a longer period between the initial solicitation by U.S. Claims Services and bill, he failed to recall the reason for this bill.

51.  In trying to determine the reason for the invoice, Mr. DeSimone was advised that Defendants business was a scam, and that he could have received his money directly from the state for free.

52.  In fact—as he lives on a modest income with substantial debt—had Mr.  DeSimone known that he could recover his money without using the Defendants' services, he certainly would have.

53. Mr. DeSimone was therefore upset that he had been deceived and was being charged for something he could have– and would have– done himself for free.  He ignored the first and second notices, believing that was part of the Defendants' scam.

54. However, Mr. DeSimone received another invoice stamped 'FINAL NOTICE' which stated: "You have a legally binding contract with out company and have failed to remit payment as agreed. If your payment is not received within 10 days, this account will be turned over to our collections agency for legal action which may result in additional costs to you." Again, these bills provide Defendant U.S. Claims Services generic contact information and the email address for Ms. Shirley Wysinger. *Ex. D.*

## CLASS

55. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. Rule 23 on behalf of themselves and the following class:

> All persons within Pennsylvania and/or with money held by the Pennsylvania Treasury that were solicited– and had successful claims to recover personal, family or household property– by Defendants U.S. Claims Services (or its predecessor entities) and/or Defendant Paul Hashim between December 2nd 2013 and present.

56. The members of the class are so numerous that joinder of all members is impractical.  Plaintiff do not know the number of class members that exist however it is in excess of 5,000 individuals.  However, the precise number of class members and their identities can be ascertained from the records of Defendants.  As a result, it would be impracticable to individually join these individuals without the use of the class-device.

57. The representative plaintiff's claims raise questions of law and fact common to all class members. Among the questions of law and fact common to the class are the following:

(a) Did the Defendants know their services (e.g. "ordering/providing proper forms, answering any questions, and following up with the claim status") were worthless?

(b) Did the Defendants solicitation represent their services as 'needed' and/or lack information necessary to evaluate the value of Defendants' 'services'?

(c) Did the Defendants know at the time of their solicitation that their services were of dubious value yet still misrepresented their services as needed and/or failed to disclose that information to induce the transaction with Plaintiff and the proposed Class?

(d) Did employees of Defendant U.S. Claims Services illegally act as finders in violation of Pennsylvania law?

(e) Did Defendant Hashim impermissibly delegate his legal responsibilities as a Pennsylvania registered finder to his employees under the UPA § 1301.11a (a)?

(f) Did Defendants U.S. Claims Services and Hashim have actual or constructive knowledge that this delegation of finder responsibilities was impermissible under Pennsylvania law?

58. The claims of the representative plaintiff are typical of, if not identical to, the claims of each member of the class because the representative plaintiff and all class members were solicited by– and contracted with– Defendants to recover their unclaimed property without being provided necessary information to evaluate the nature of these services—specifically that these services were being performed illegally under Pennsylvania law and that property-owners can quickly, easily, and **freely** recover their property from the state—which was known by the Defendants at the time and withheld in order to induce them into the transaction. Further, all class members claims arise from the same agency agreement created by Defendants, and a functionally identical course of conduct on the part of Defendants. Any individual variation between the representative plaintiff and an absent class member is minimal and will not effect the representative plaintiff's ability to fairly represent the class.

59. The representative plaintiff will fairly and adequately protect the interests of all class members. They have retained competent counsel who have experience in complex litigation, and extensive knowledge of consumer protection laws, who will prosecute this action vigorously. Neither representative plaintiff not their counsel have any interests antagonistic to or in conflict with the class; their interests are antagonistic to the interests of the defendants; and they will vigorously pursue the claims of the class. Representative plaintiff have adequate financial resources to vigorously pursue this action, including an agreement by their counsel to prosecute this action on a contingent basis and to advance the reasonable and necessary costs and expenses of litigation.

60. The questions of law or fact common to the class members predominate over any questions affecting only individual members. The common questions set forth above (¶ 57) will affect all class members alike and predominate over any individual issues that could be present, as the resolutions of those are the essential elements of the cause of action that may be proven through simultaneous class-wide evidence.

61. There are an unknown member of class members, but believed to be in excess of five-thousand, and their claims are substantially identical. The case presents no unusual management difficulties. The claims are ideally suited to class treatment, as the claims involve matters of consumer protection law and the size of the class is too large for individual litigation, but not so large as to present an obstacle to the manageability as a class action.

62. The prosecution of separate actions by individual members of the class would, as a practical matter, impair or impede the ability of others who are not parties to the individual actions to protect their interests, and defendants could be confronted with inconsistent standards of conduct.

63. To plaintiff's knowledge, no other cases have been brought against Defendant U.S. Claims Services concerning the class members' claims. Upon information and belief, any litigation involving Defendant U.S. Claims Services by putative class members would have been defensive in nature—that is, defending themselves against Defendant U.S. Claims Services or their collections agency's attempt to pursue alleged debts owed.

64.  This Court is an appropriate forum to concentrate all litigation respecting class member claims. Philadelphia is the largest city in Pennsylvania with the highest population density; as a result the majority of the class should live within a reasonable distance of this Court.  Defendants conduct significant business in Pennsylvania, and elected to be heard in this Court through their Notice of Removal, and therefore can have no objection to the case being heard here. This Court has substantial experience with complex– and class-action– litigation, and the judicial resources to effectively manage it. Therefore, there is no better or more appropriate forum.

65.  While the individual damages at issue are not large, they are not so small in relation to the expense and effort of administering the action.  Upon information and belief the average class member's claim is between $ 100 and $ 500.  Further, this suit seeks both damages and injunctive relief, and any expense of this suit is justified by the prevention of future harm to the public.  Finally, absent a class-action, Defendants will retain the benefits of its wrongdoing despite its serious violations of the law and infliction of harm and loss on Pennsylvania class members.

## COUNTS

### Count # 1
### UTPCPL — Deceptive Conduct
73 P.S. § 201–2 (4) (xxi)

66.  Plaintiff incorporates by reference ¶¶ 1 to 65 above as if fully set forth herein.

67.  Plaintiff—individually and on behalf of the proposed class—alleges Defendants engaged in conduct unlawful under the Pennsylvania Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. § 201–1 *et seq.*

68.  Defendants contacted Plaintiff (and members of the proposed class) with unsolicited offers of services to recover unclaimed property.

69. Defendants engaged in this unlawful conduct through their unsolicited offers of services to the rightful owners of unclaimed property, where they fail to disclose that the services they provide are unnecessary and freely available from the state that is holding the property.

70. Defendants solicitations are intentionally and knowingly designed to suggest that absent the services, property-owners will not be able to recover their money, deliberately creating confusion that the Defendants services are valuable (or even useful) despite Defendants actual knowledge they are not.

71. These solicitations were knowingly and intentionally deceptive, as Defendant Hashim's brother (and current employee) has previously admitted that no-one would otherwise engage their services if they knew they had a free option.

72. As a result of this deception, Defendants induced property-owners to enter into contracts where the Defendant would be paid a percentage of the recovered amounts in exchange for their services of dubious value (e.g. "ordering/providing proper forms, answering any questions, and following up with the claim status").

73. Defendants are both Texas citizens, subject to Texas law, which imposes an **affirmative duty** upon its citizens engaging in commerce to disclose "information concerning goods or services which [is] known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]" Tex.  Bus & Com.  Code § 17.46 (b) (24), *Kessler v.  Fanning*, 953 S.W.2d 515, 521 (Tex. App. 1997); *See also Doe v. Boys Clubs of Greater Dallas Inc.*, 907 S.W.2d 472, 479 (Tex. 1995).

74. Further, Defendants act as agents for the claimants at all times with respect to the owners' unclaimed property, evidenced by the contractual language establishing the Defendants as the "Agent" for the owner-claimant as well as the nature of the Unclaimed Property Law requiring Defendants be able to act on behalf of the owner to request and bind the owner to the disbursement of monies.

75. The Defendants owed their principals a duty to disclose all relevant information to the transaction, including that their services were valueless as it would be faster and easier to submit their claims directly to the Pennsylvania Treasury.

76. The UTPCPL allows Private Actions for "[a]ny person who purchases [ ] services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by [UTPCPL § 201–3], may bring a private action to recover actual damages or one hundred dollars ($ 100), whichever is greater." UTPCPL § 201–9.2 (a).

77. Both Plaintiff and members of the proposed Class, as well as Defendants Hashim and U.S. Claims Services are "person[s]" as defined by UTPCPL § 201–2 (2).

78. Plaintiff and all members of the proposed Class have suffered an ascertainable loss in that Defendants claim they owe an alleged debt for services, whether it be outstanding or paid.

79. Defendants **intentionally and knowingly** used "unfair or deceptive acts or practices" declared unlawful by UTPCPL § 201–3 including "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." UTPCPL § 201–2 (4) (xxi).

80. While Defendants did engage in an agency relationship with Plaintiff (and the proposed class), no fiduciary relationship is required under the catch-all provision: **any deceptive conduct** causing a likelihood of confusion by Defendants is prohibited.

81. Plaintiff (and proposed class) would not have engaged Defendants' services absent this deceptive conduct.

82. Pennsylvania law requires that individual Finders act on behalf of property-owner/claimants, and therefore Defendant Hashim is also personally liable for these acts or omissions.

83. For each violation of the UTPCPL, "[t]he court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($ 100), and may provide such ad-

ditional relief as it deems necessary or proper.  The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." § 201–9.2 (b).

## Count # 2
## UTPCPL — Knowing Misrepresentation
### 73 P.S. § 201–2 (4) (xv)

84. Plaintiff incorporates by reference ¶¶ 1 to 65 above as if fully set forth herein.

85. Plaintiff—individually and on behalf of the proposed class—alleges Defendants engaged in conduct unlawful under the Pennsylvania Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. § 201–1 *et seq.*

86. Defendants engaged in this unlawful conduct through their solicitations to the rightful owners of unclaimed property, where they fail to disclose that the services they provide are unnecessary and freely available from the state that is holding the property.

87. Defendants induced property-owners to enter into contracts where the Defendant would be paid a percentage of the recovered amounts in exchange for their services of dubious value (e.g. "ordering/providing proper forms, answering any questions, and following up with the claim status").

88. All "services" provided by the Defendants are freely available from the state holding the property and offer no value or utility to the property-owner.

89. The UTPCPL allows Private Actions for "[a]ny person who purchases [ ] services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by [UTPCPL § 201–3]." UTPCPL § 201–9.2 (a).

90. Both Plaintiff and members of the proposed Class, as well as Defendants Hashim and U.S. Claims Services are "person[s]" as defined by UTPCPL § 201–2 (2).

91. Plaintiff and all members of the proposed Class have suffered an ascertainable loss in that Defendants claim they owe an alleged debt for services, whether it be outstanding or paid.

92. Defendants used "unfair or deceptive acts or practices" declared unlawful by UTPCPL § 201–3, by "[k]nowingly misrepresenting that services … are needed if they are not needed[.]" *Id.* at § 201–2 (4) (xv).

93. Defendants are both Texas citizens, subject to Texas law, which imposes an **affirmative duty** upon its citizens engaging in commerce to disclose "information concerning goods or services which [is] known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]" Tex. Bus & Com. Code § 17.46 (b) (24), *Kessler*, 953 S.W.2d at 521; *See also Boys Club*, 907 S.W.2d at 479.

94. Further, Defendants act as agents for the property-owner/claimants at all times with respect to the owners' unclaimed property, evidenced by the contractual language establishing the Defendants as the "Agent" for the owner-claimant as well as the nature of the Unclaimed Property Law requiring Defendants be able to act on behalf of the owner to request and bind the owner to the disbursement of monies.

95. The Defendants owed their principals a duty to disclose all relevant information to the transaction, including that their services were valueless as it would be faster and easier to submit their claims directly to the Pennsylvania Treasury.

96. Plaintiff (and proposed class) would not have engaged Defendants' services absent this knowing misrepresentation made by Defendants.

97. Pennsylvania law requires that individual Finders act on behalf of property-owner/claimants, and therefore Defendant Hashim is personally liable for acts or omissions made on his behalf as the identified finder.

98.  For each violation of the UTPCPL, "[t]he court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($ 100), and may provide such additional relief as it deems necessary or proper.  The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." § 201–9.2 (b).

## Count # 3

## Fraud/Fraudulent Inducement

*Smith v. Renaut*, 564 A.2d 188 (Pa. Super. 1989)

99.  Plaintiff incorporates by reference ¶¶ 1 to 65 above as if fully set forth herein.

100.  Plaintiff—individually and on behalf of the proposed class—alleges Defendants fraudulently misrepresented that Defendant Hashim was acting as Finder for their unclaimed property but instead delegated those responsibilities in violation of Pennsylvania state law.

101.  Defendants contacted Plaintiff (and the proposed class) offering unsolicited services as 'finders' of unclaimed property.

102.  As part of their solicitation, Defendants represented on their proposed contract to Plaintiff and the proposed class that Defendant Hashim would be their finder, as required by Pennsylvania law.

103.  However, Defendant Hashim was not acting as their finder as both represented and required, but instead illegally and impermissibly delegating those responsibilities to his *unregistered* employees at Defendant U.S. Claims Services.

104.  Defendants had knowledge that this behavior was illegal and impermissible, including repeated notice from the Pennsylvania Treasury that this type of delegation was not compliant with the Pennsylvania Unclaimed Property Act.

105.  Despite this knowledge, Defendants acted intentionally in delegating these responsibilities, as part of their standard practice as Defendant Hashim was not even in the *same state* where the business was conducted.

18

106.   Further, Defendants knew that if they disclosed this practice to the customer (or Pennsylvania Treasury) that they would not be permitted to pursue their business, and that their agreements would be invalid as a matter of Pennsylvania law.

107.   Absent these false representations—and because the agreement would have been invalid otherwise—Plaintiff and the proposed class would not– nor could have– entered into the finder agreements with Defendants, as they are invalid and do not comply with UPA § 1301.11 (g) or § 1301.11a.

108.   Plaintiff (and the proposed class) could not have known of the Defendants' false representations or internal business operations at the time they were induced into the contract.

109.   Plaintiff (and the proposed class) suffered damage through Defendants assertion of– and payment for– debts related to fraudulent services.

Count # 4

<strong>UTPCPL — Fraudulent Misrepresentation</strong>

73 P.S. § 201–2 (4) (i), (ii), (v), (ix), (xxi)

110.   Plaintiff incorporates by reference ¶¶ 1 to 65 above as if fully set forth herein.

111.   Plaintiff—individually and on behalf of the proposed class—alleges Defendants engaged in conduct unlawful under the Pennsylvania Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. § 201–1 *et seq.*

112.   Defendants contacted Plaintiff (and the proposed class) offering unsolicited services as 'finders' of unclaimed property.

113.   As part of their solicitation, Defendants represented on their proposed contract to Plaintiff and the proposed class that Defendant Hashim would be their finder, as required by Pennsylvania law.

114.   However, Defendant Hashim was not acting as their finder as both represented and required, but instead illegally and impermissibly delegating those responsibilities to his *unregistered* employees at Defendant U.S. Claims Services.

19

115. Defendants had knowledge that this behavior was illegal and impermissible, including repeated notice from the Pennsylvania Treasury that this type of delegation was not compliant with the Pennsylvania Unclaimed Property Act.

116. Despite this knowledge, Defendants acted intentionally in delegating these responsibilities, as part of their standard practice as Defendant Hashim was not even in the *same state* where the business was conducted.

117. Further, Defendants knew that if they disclosed this practice to the customer (or Pennsylvania Treasury) that they would not be permitted to pursue their business, and that their agreements would be invalid as a matter of Pennsylvania law.

118. Absent these false representations—and because the agreement would have been invalid otherwise—Plaintiff and the proposed class would not– nor could have– entered into the finder agreements with Defendants, as they are invalid and do not comply with UPA § 1301.11 (g) or § 1301.11a.

119. Plaintiff (and the proposed class) could not have known of the Defendants' false representations or internal business operations at the time they were induced into the contract.

120. The UTPCPL allows Private Actions for "[a]ny person who purchases [ ] services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by [UTPCPL § 201–3], may bring a private action to recover actual damages or one hundred dollars ($ 100), whichever is greater." UTPCPL § 201–9.2 (a).

121. Both Plaintiff and members of the proposed Class, as well as Defendants Hashim and U.S. Claims Services are "person[s]" as defined by UTPCPL § 201–2 (2).

122. Plaintiff and all members of the proposed Class have suffered an ascertainable loss in that Defendants claim they owe an alleged debt for services, whether it be outstanding or paid.

123. Defendants used "unfair or deceptive acts or practices" declared unlawful by UTPCPL § 201–3: "Passing off [ ] services as those of another[,]" "[c]ausing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of [ ] services[,]" "[r]epresenting that [ ] services have sponsorship, approval, characteristics … that they do not have[,]" " [a]dvertising [ ] services with intent not to sell them as advertised[,]" and "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" specifically by representing that Defendant Hashim was acting as a finder despite these services being performed by another (unregistered) individual. UTPCPL § 201–2 (4) (i), (ii), (iii) (iv).

124. Pennsylvania law requires that individual Finders act on behalf of property-owner/claimants, and therefore Defendant Hashim is personally liable for acts or omissions made on his behalf as the identified finder. Further, Defendant Hashim directed these activities and was signatory to the fraudulent contract on behalf of the Defendants.

125. For each violation of the UTPCPL, "[t]he court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($ 100), and may provide such additional relief as it deems necessary or proper.  The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." § 201–9.2 (b).

## JURY DEMAND

For any issues so triable, Plaintiff hereby demands a jury trial.

## RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, demands that this Court enjoin Defendants Hashim and U.S. Claims Services (d/b/a Payne Richards & Associates), and any related or successor entities by requiring them in their solicitations to disclose that their services are unnecessary, and provide clear and conspicuous instructions for the property-owner to file their claim directly with the appropriate state should they choose to do so.

**FURTHER**, Plaintiff demands that judgment be entered in the favor of the Plaintiff DeSimone, on behalf of himself and all others similarly situated, against Defendants Hashim and U.S. Claims Services (d/b/a Payne Richards & Associates) in an amount in excess of $ 50,000 including statutory damages, attorneys' fees, costs of suit and any other relief this Court may deem just and proper.

Respectfully Submitted,

**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# EXHIBIT A

Claim Agreement # 1



*Payne Richards*
& Associates

**I.**

This agreement into by and between **Dominick Desimone** hereinafter referred to as "Claimant," and Payne Richards & Associates, hereinafter referred to as "Agent." Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, 129 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): **DOMINICK DESIMONE**
Owner's Reported Address: **845 CROSS ST, PHILADELPHIA, PA**
Reported By: **UNIVERSITY OF THE ARTS**
Property Type: **WAGES; PAYROLL UNCLAIMED**
Amount: **$841.97**
Property ID No: **20337856**
Payne Richards & Associates Reference No: **9351164**

**III.**

In consideration of Agent's reasonable efforts in providing services, including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered and all fees are paid. Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent: Payne Richards & Associates   Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108     Date: 5/16/2018

Agent's Tax ID No.: EIN# 05-0614871   Registration No. 098C131-3315   Agent's Signature: _Paul Hoshi_

Print Name: DOMINICK DESIMONE     Date: 5/31/18
Address: 845 CROSS STREET  Phila Pa 19147
E-mail: _____   Daytime Phone: (267) 444-1576
Signature: X _Dominick De Simone_   Relationship: ☑Self ☐Heirs ☐POA ☐Executor

**PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY PUBLIC**

State of PA
County of Phila

Before me, the undersigned authority, on this day personally appeared DOMINICK DESIMONE ; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to he his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 31st DAY OF May , 2018

_____
Notary Public in and for the State of PA
My commission expires: Nov 2019

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LANCESS S. WILLIAMS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 20, 2019

3801 Pegasus Drive, Suite 101, Bakersfield, CA 93308 • tel (661) 399-1108 • www.PRClaims.com

# EXHIBIT B

Claim Agreement # 2



**I.**

This agreement into by and between **Dominick Desimone** hereinafter referred to as "Claimant," and Payne Richards & Associates, hereinafter referred to as "Agent." Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, 129 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): **DOMINICK DESIMONE**
Owner's Reported Address: **845 CROSS ST, PHILADELPHIA, PA**
Reported By: **ARAMARK**
Property Type: **WAGES; PAYROLL UNCLAIMED**
Amount: **$469.10**
Property ID No: **24159865**
Payne Richards & Associates Reference No: **9896080**

**III.**

In consideration of Agent's reasonable efforts in providing services, including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered and all fees are paid. Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent: Payne Richards & Associates   Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108 _____ Date: 3/28/2019 _____

Agent's Tax ID No.: FIN# 05-0614871   Registration No. 0980131-0315   Agent's Signature: _____

Print Name: DOMINICK DESIMONE   Date 4/17/19

Address: 845 CROSS ST Phila Pa 19147

E-mail: _____   Daytime Phone: 267-444-1576

Signature: Dominick De Simone   Relationship: ☑Self ☐Heirs ☐POA ☐Executor

**PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY PUBLIC**

State of PA
County of Phila

Before me, the undersigned authority, on this day personally appeared DOMINICK DESIMone ; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 17th DAY OF April , 2019

_____ Celeste Cerino _____

Notary Public in and for the State of PA
My commission expires: 6/2/22

Commonwealth of Pennsylvania - Notary Seal
CELESTE CERINO, Notary Public
Philadelphia County
My Commission Expires June 2, 2022
Commission Number 1256191

3801 Pegasus Drive, Suite 101, Bakersfield, CA 93308 • tel (661) 399-1108 • www.PRClaims.com

# EXHIBIT C

Past Due Invoice



**Payne Richards & Associates**

3801 Pegasus Dr, suite 101
Bakersfield, CA 93308

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/17/2019 | 9896080 |

## PAST DUE NOTICE

| Pay By |
|--------|
| 10/18/2019 |

**Bill To**

DOMINICK DESIMONE
845 CROSS ST
PHILADELPHIA, PA 19147-6404

| Terms |
|-------|
| 15 DAYS |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Pennsylvania #9896080 | 70.36 | 70.36 |
| | **Over 40 billion dollars remains unclaimed nationwide. Your prompt payment is appreciated so we may continue to search and locate any additional monies owed to you.** | | |
| | PAYMENT OPTIONS: **Online - www.prclaims.com** **Telephone - 1-800-995-2416 option #3** **Check or money order by mail** | | |

### PAYABLE IMMEDIATELY UPON RECEIPT

| Total | $70.36 |
|-------|--------|

| Phone # | Fax # | E-mail |
|---------|-------|--------|
| 1-800-995-2416 | 1-661-399-1201 | shirleyw@usclaimsservices.com |

Exhibit C

28

# EXHIBIT D

Final Invoice Threatening Collections


**Payne Richards & Associates**

3801 Pegasus Dr, Suite 101
Bakersfield, CA  93308

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/17/2019 | 9896080 |

**Bill To**

DOMINICK DESIMONE
845 CROSS ST
PHILADELPHIA, PA 19147-6404


FINAL NOTICE

| Pay By | Terms |
|--------|-------|
| 11/5/2019 | 10 DAYS |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Pennsylvania #9896080 | 70.36 | 70.36 |
| | **You have a legally binding contract with our company and have failed to remit payment as agreed.  If your payment is not received within 10days, this account will be turned over to our collections agency for legal action which may result in additional costs to you.** | | |
| | **If you have made your payment, please disregard this notice and THANK YOU.** | | |
| | **PAYMENT OPTIONS:** | | |
| | **Online – www.prclaims.com** | | |
| | **Telephone – 1-800-995-2416 option #3** | | |
| | **Check or money order by mail** | | |

| PAYABLE IMMEDIATELY UPON RECEIPT | Total | $70.36 |
|----------------------------------|-------|--------|

| Phone # | Fax # | E-mail |
|---------|-------|--------|
| 1-800-995-2416 | 1-661-399-1201 | shirleyw@usclaimsservices.com |

Exhibit D

30

# EXHIBIT E

Renewal Reminder and Correspondance

*Advising of Penalties for Unregistered Finders on p. 3*

**Hoof, Veronica**

| | |
|---|---|
| **From:** | Maria Lea Muralles <        @usclaimsservices.com> |
| **Sent:** | Friday, January 6, 2017 11:10 AM |
| **To:** |                    @patreasury.gov |
| **Subject:** | RE: PA Finder Registration Renewal |

Yes ma'am! The only thing that will change is the name oh and the tax ID.

*Maria Lea Muralles*
*Customer Service Administrator*
*Claims Department | Unclaimed Property*

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

**From:**                    @patreasury.gov [mailto:                    |
**Sent:** Friday, January 06, 2017 5:21 AM
**To:** Maria Lea Muralles
**Subject:** RE: PA Finder Registration Renewal

He can use both.  We will list both under him so there is no confusion.  The agreement will remain the same, you will just swap out letterhead, correct?

**Finder Registration**

Pennsylvania Treasury

**P:**
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

**From:** Maria Lea Muralles                    @usclaimsservices.com]
**Sent:** Thursday, January 5, 2017 4:37 PM
**To:**                    @patreasury.gov
**Subject:** RE: PA Finder Registration Renewal

We are switching to Payne Richards but still submit some of the old ones under MMM. Can you do both or do I have to choose?

*Maria Lea Muralles*
*Customer Service Administrator*
*Claims Department | Unclaimed Property*

1

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

**From:**                      @patreasury.gov                              atreasury.gov]
**Sent:** Thursday, January 05, 2017 12:06 PM
**To:** Maria Lea Muralles
**Subject:** RE: PA Finder Registration Renewal

Hi Maria,

Thanks for getting back to us so quickly.  One question, this agreement says "Payne & Richards", is he solely operating under that now or is he also using My Money Monitor?

Thanks


**Finder Registration**

Pennsylvania Treasury


www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

---

**From:** Maria Lea Muralles                      sclaimsservices.com]
**Sent:** Thursday, January 5, 2017 11:58 AM
**To.**                      patreasury.gov
**Subject:** RE: PA Finder Registration Renewal

Hello,

Attached is our renewal. Let me know if anything is missing.

Kind regards,

*Maria Lea Muralles*
*Customer Service Administrator*
*Claims Department I Unclaimed Property*

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

**From:**                      @patreasury.gov                              @patreasury.gov]
**Sent:** Wednesday, January 4, 2017 9:47 AM
**To:** Maria Muralles
**Subject:** FW: PA Finder Registration Renewal

2

Exhibit E                                                                                          33

**Finder Registration**

Pennsylvania Treasury

www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

**From:** @patreasury.gov
**Sent:** Wednesday, January 4, 2017 12:38 PM
**Subject:** PA Finder Registration Renewal

    The Certificate of Finder Registration number issued to you by the Pennsylvania Treasury Department (Treasury) is set to Expire on March 31, 2017.   In an effort to prevent any disruption to your business, Treasury is requesting you complete and return the attached Renewal Application between now and **March 31, 2017**.  Please remember Pennsylvania's Disposition of Abandoned or Unclaimed Property Act requires any person, who seeks payment for assisting others in claiming abandoned or unclaimed property, to apply for and receive a "Certificate of Finder Registration" which is issued for a two year period.

    Please be advised Sections 1301.11 and 1301.11a of Pennsylvania's Disposition of Abandoned or Unclaimed Property Act impose penalties on individuals acting as an unregistered finder including making it a misdemeanor in the third degree, with the initial violation punishable by a fine of up to one thousand dollars ($1,000), and subsequent violations punishable by a fine of up to five thousand dollars ($5,000).  Section 1301.11a (a) states with the exception of a licensed attorney, no person may, on behalf of another, assist in the recovery of unclaimed property and receive compensation therefor unless the person has applied for and received a certificate of registration from the Treasurer

    Treasury will only review applications that are complete and are not missing any required information.  If you submit your Renewal Application via email, please send a legible scanned copy.  An illegible Application will not be accepted.

    **If Treasury does not receive a completed Renewal Application from you by March 31, 2017, your Certificate of Finder Registration will be expired and you will need to complete an original Certificate of Finder Registration Application.**  If you have any questions, please contact Finder Registration at

**Finder Registration**

Pennsylvania Treasury

www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only

3

for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

4

# EXHIBIT F

Renewal Registration Letter



Joe Torsella, State Treasurer

March 22, 2019

Paul Hashim
536 Big Bend Drive
Keller, TX 76248

<u>**Certificate of Finder Registration #0980131-0315**</u>

The Pennsylvania Treasury Department ("Treasury") has RENEWED your Application for Certificate of Finder Registration and above is your registration number which will expire on **March 31, 2021**. Your registration number **MUST** be listed on all claims and agreements with which you are associated.

Please be advised that no individual other than you is allowed to use your registration number even other individuals in your company. Registration numbers are linked to specific individuals. If Treasury discovers that you have allowed someone else to use your registration number or your registration number is not being included on claim forms, this may be grounds for an investigation and possible revocation.

Even though you may be a registered as a finder in the Commonwealth, Treasury's relationship is as always with the Claimant and all payments will be sent directly to the claimant. Treasury will not discuss any claim directly with a finder unless otherwise specified in the signed agreement between claimant and finder. If Treasury discovers a finder is posing as a claimant, this will also be considered grounds for revocation of a registration.

As a registered finder in Pennsylvania, you are expected to stay informed of any and all changes to the Disposition of Abandoned and Unclaimed Property Act (72 P.S. § 1301.1 *et seq*.). Also, as long as you are a registered Pennsylvania finder, any changes to your finder contract must be submitted as an amendment to your Application for Certificate of Finder Registration.

If you have any questions about finder registration, please contact Finder Registration at 717.787.1606. If you have any questions about claims, please contact the Bureau of Unclaimed Property at TUPMail@patreasury.gov.

Exhibit F

37

# EXHIBIT G

Emails Showing Acts by Unregistered Finders

**From:** Maria Muralles <mariam@usclaimsservices.com>
**Sent:** Thursday, March 5, 2015 9:21 AM
**To:** FinderRegistration@patreasury.gov
**Subject:** Changes to our current Agreement.

Dear Sirs,

According to the email received below, I will need to adjust the Agreement in order to obtain information on behalf of our clients. Attached is a copy of the revised Agreement now including our registration number and the new wording. Please let me know if this suffices.

Thank you in advance,

**Maria Lea Muralles**
Customer Service Administrator

Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

**From:** Baker, Jamie [mailto:jjbaker@patreasury.gov]
**Sent:** Thursday, March 05, 2015 8:44 AM
**To:** 'Maria Muralles'
**Subject:** FW: PID 12544243, Claim ID 78095512

Maria,

Please contact....

FinderRegistration@patreasury.gov

Thank you,

**Jamie Baker**
Manager, Bureau of Unclaimed Property

Pennsylvania Treasury
P.O. Box 1837 |Harrisburg, PA 17105
**P:** 717.705.8429| **F:** 717.705.6797
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

1

Exhibit G                                                                                          39

**From:** Maria Muralles [mailto:mariam@usclaimsservices.com]
**Sent:** Thursday, March 05, 2015 11:34 AM
**To:** Baker, Jamie
**Cc:** Matter, Robert; Gurzenda, Karen
**Subject:** RE: PID 12544243, Claim ID 78095512

Good morning Jamie,

Since this new changes are now in effect, I will be modifying the Agreement with the proper requirement/changes to be able to contact you guys regarding our client. Can you please refer me to the proper person so I can have the new wording approved and avoid any issues down the road?

Thanks 😊

**Maria Lea Muralles**
Customer Service Administrator
Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from your computer.

**From:** Baker, Jamie [mailto:jjbaker@patreasury.gov]
**Sent:** Thursday, March 05, 2015 5:51 AM
**To:** 'Maria Muralles'
**Cc:** Matter, Robert; Gurzenda, Karen
**Subject:** RE: PID 12544243, Claim ID 78095512

Hello Maria,

Can you please instruct the claimant to contact our office to address this issue? Currently, My Money Monitor's agreement does not have specific language stating Treasury can discuss claim information with MMM.

Thank you,

**Jamie Baker**
Manager, Bureau of Unclaimed Property

Pennsylvania Treasury
P.O. Box 1837 |Harrisburg, PA 17105
**P:** 717.705.8429| **F:** 717.705.6797
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

**From:** Maria Muralles [mailto:mariam@usclaimsservices.com]
**Sent:** Wednesday, March 04, 2015 7:43 PM
**To:** Baker, Jamie
**Subject:** PID 12544243, Claim ID 78095512

Hello Jamie,

Our client contacted our office and stated that he has not received his check. According to the site, his check was mailed out on 2/17/15 so theoretically he should have received it by now. Could you please confirm the address where it was mailed and also verify if the check was cashed?

Thank you in advance,

**Maria Lea Muralles**
Customer Service Administrator
Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

3

# EXHIBIT H

List of Registered Finders in Pennsylvania



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| CHRISTINE ALEXANDER | LAS VEGAS, NV |
| MARK ANGELO | LONG BEACH, CA |
| MARK ARGIRO | LEMONT, PA |
| SCOTT ARMSTRONG | SAN DIEGO, CA |
| ROBERT BAZATA | NEW YORK, NY |
| MICHAEL BENNETT | ELIZABETHTOWN, PA |
| SHARON BERRY | CHESTER SPRINGS, PA |
| ERIC BOGGS | FRANKLIN, TN |
| ROBERT BOWDON | HOUSTON, TX |
| RESONDOE BRADLEY | PHILADELPHIA, PA |
| JASON BURDEN | PHILADELPHIA, PA |
| NADINE CALHOUN | PHILADELPHIA, PA |
| SUZANN CALLINAN | CAPE MAY COURTHOUSE, NJ |
| MARY SUSAN CAMPUZANO | SPRINGFIELD, PA |
| WILLIAM CATACOSINOS | JERICHO, NY |
| DAVID CEGAN | PITTSBURGH, PA |



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| GERALD CHODER | *BLUE BELL, PA* |
| MIKE CINCOTTA | *MINNEAPOLIS, MN* |
| LISA COFFEY | *INDIANAPOLIS, IN* |
| WYNELLE K COLEMAN | *PHILADELPHIA, PA* |
| PHILMORE CRICHLOW | *PITTSBURGH, PA* |
| SHIRLEY CRUMP | *COLUMBIA, SC* |
| JONATHAN D'AMATO | *ATLANTA, GA* |
| KIMBERLY DAVILA | *WICHATUNK, NJ* |
| SHERYL DELGIGANTE | *DANBURY, CT* |
| G LAWRENCE DEMARCO | *PHILADELPHIA, PA* |
| JACOB DENNING | *LEAGUE CITY, TX* |
| JOAN DIGREGORIO | *BAYSIDE, NY* |
| DOROTHEA DILLARD | *NEW YORK, NY* |
| SUZETTE DRENDALL | *PITTSBURGH, PA* |
| LAWRENCE EDELSTEIN | *WASHINGTON, PA* |
| DESIREE ELLIOTT | *PHILADELPHIA, PA* |



### Registered Property Finders
(Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| RODGER FELDMAN | MORRISTOWN, NJ |
| JAMES R. FITZGERALD | WAYNE, PA |
| ERIN FOLEY | QUINCY, MA |
| EMILY FORD | INDIANAPOLIS, IN |
| JILL GAETANO | GREENSBURG, PA |
| JANET GAGLIANO | ATLANTA, GA |
| VITO GALLO | WHITEHALL, PA |
| ADAM GARDNER | LIGONIER, PA |
| NICOLE GASBARRINI | WASHINGTON, PA |
| HILLARY GIVNER WEISS | CHERRY HILL, NJ |
| WILLIAM GORENSTEIN | MALIBU, CA |
| JULIE GRASSI | LAS VEGAS, NV |
| NATHAN GREEN | NORTH EAST, PA |
| MARC GROSSMAN | JENKINTOWN, PA |
| MICHAEL HAAS | LAS VEGAS, NV |
| RYAN HAGERTY | PHILADELPHIA, PA |



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| WILIAM HANSON | BEVERLY HILLS, CA |
| PAUL HASHIM | BAKERSFIELD, CA |
| AARON HATTEN | OVERLAND PARK, KS |
| EVONNE HENDERSON | CHARLEROI, PA |
| JOHN HEYDT | COATESVILLE, PA |
| SIMON HICKS | LAS VEGAS, NV |
| DAVID JACKSON | PHILADELPHIA, PA |
| TELLY JENKINS | PHILADELPHIA, PA |
| ANNIE JONES | PHILADELPHIA, PA |
| YANGYA JOSHI | NORTH WALES, PA |
| BHARGAVKUMAR JOSHI | NORTH WALES, PA |
| CHARLES KASS | BOCA RATON, FL |
| KEITH KEELEY | MINNEAPOLIS, MN |
| MICHAEL KEIFER | NAZARETH, PA |
| ERICA KENNEDY-BAGWELL | PHILADELPHIA, PA |
| GEORGE KLEIN | WHITE PLAINS, NY |



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
| --- | --- |
| DAVID KNOTT | CARLSBAD, CA |
| RAIN LAUTH | INDIANAPOLIS, IN |
| MICHAEL LAVANGA | DOYLESTOWN, PA |
| PETER LAWLESS | CAMBRIDGE, MA |
| SHA'KIRE LAYNE | EASTON, PA |
| LEAH LEE | SHARON HILL, PA |
| HASANI LEE SR. | SHARON HILL, PA |
| HELGA LEWENBERG | WAYLAND, MA |
| MARILYN FOX LEWIS | GREENSBURG, PA |
| ERIC LISOGORSKI | CORDOVA, TN |
| JAMES LOMAX | BRYN MAWR, PA |
| BERNARD LOPEZ | NEW YORK, NY |
| ROBERT LOYD | JACKSONVILLE, FL |
| TIMOTHY MCCORMACK | HAZLE TOWNSHIP, PA |
| JAMES MCCRYSTAL | CAMDEN-WYOMING, DE |
| CHARLES MCGONAGLE | GREENVILLE, PA |



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| JOHN MCGOVERN | LEVITTOWN, PA |
| JANE MCKENNA | KENNETT SQUARE, PA |
| CORNELIUS MCNUTT | HATBORO, PA |
| JUDY MEHRHOFF | COVINGTON. LA |
| RAMON MENDEZ | READING, PA |
| FELIX MENDEZ | ROSWELL, GA |
| KEVIN MEYER | SANTA MONICA, CA |
| ANDREW MILLER | BUDD LAKE, NJ |
| DONALD MILLER | PHILADELPHIA, PA |
| LISA MILLER | LEAGUE CITY, TX |
| HOWARD MINTZ | ROSLYN, NY |
| IAN MOORE | OTTAWA, ONTARIO CANADA |
| MAX MORGAN | HADDONFIELD, NJ |
| TASONJA MUNGRO | BALA CYNWYD, PA |
| VALERIE NICOTRA | GLASSBORO, NJ |
| JOESEPH O'HARA | GLENSIDE, PA |



### Registered Property Finders
(Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| YUYAN OU | PHILADELPHIA, PA |
| DAVID PELTZMAN | PHILADELPHIA, PA |
| IRA PERNSLEY | COATESVILLE, PA |
| KIMBERLY PETTIGREW | KINGSTON, PA |
| DAVID PLAVIAK | MOUNTAINTOP, PA |
| PEGGY PONIATOWSKI | NORTHEAST, PA |
| MARLENE PRIDE | ELKINS PARK, PA |
| EDWARD PRIOR | CAPTAIN HOOK, HI |
| RUDY QUINN | NEW YORK, NY |
| PHILIP REMALEY | GREENSBURG, PA |
| NINA RENDA | SHORT HILLS, NJ |
| DAVID RITTER | KING OF PRUSSIA, PA |
| SAMUEL ROSENBERGER | HARRISBURG, PA |
| BARBARA ROSENTHAL | UPPER GWYNEDD, PA |
| JOHN ROSSELLI | MOHNTON, PA |
| PAULA ROTHFIELD | NEW YORK, NY |

Exhibit H



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
|---|---|
| JOEL ROTHMAN | *CEDARHURST, NY* |
| EVE RUNK | *HARRISBURG, PA* |
| RONALD RYAN | *PHILADELPHIA, PA* |
| FRED SALUGA | *NEW CUMBERLAND, WV* |
| KEVIN SCANLAN | *POTTSTOWN, PA* |
| TIMOTHY SELLING | *SCOTTSDALE, AZ* |
| TOD SHEDLOSKY | *MECHANICSBURG, PA* |
| LASHINA SHOEMAKE | *PHILADELPHIA, PA* |
| KEITH SIEGEL | *AMBLER, PA* |
| STEVEN SLUSSER | *BERWICK, PA* |
| MATTHEW SNYDER | *WALTON, KY* |
| EDWARD STANEK | *ALMONT, MI* |
| HEIDI STONESIFER | *PHILADELPHIA, PA* |
| PATRICIA SUTHERLAND | *MONONGAHELA, PA* |
| WILLIAM THOMAS | *LEBANON, PA* |
| MELANIE TRACY | *LAS VEGAS, NV* |



## Registered Property Finders
### (Updated March 3, 2020)

The following individuals are registered with the Pennsylvania Treasury Department and may solicit owners of unclaimed property to assist in the claim process. Enlisting the services of, and paying a fee to such an individual is not required in order to file a claim. Contracting with one of these individuals is strictly voluntary. Beyond their registration, they are not affiliated with, or endorsed by the Commonwealth of Pennsylvania, the Pennsylvania Treasury Department or the Bureau of Unclaimed Property.

| First Name / Last Name | City / State |
| --- | --- |
| YOLANDA TRUESDALE | PHILADELPHIA, PA |
| JARED VALE | FLORAL PARK, NY |
| LEONARD VENEZIANO | WHITE PLAINS, NY |
| DUSTIN VETAL | LEAGUE CITY, TX |
| JOHN WAITE | COLORADO SPRINGS, CO |
| ADRIENE WARD | NORTH WALES, PA |
| JACOB WASSERMAN | NEW YORK, NY |
| ROCHEL WEGH | LAKEWOOD, NJ |
| KRISTEN WEIDENMOYER | DOYLESTOWN, PA |
| SIMON WEISER | BROOKLYN, NY |
| ROBERT WHITE | WESTERVILLE, OH |
| CINDIA WINSPEAR | PLANO,TX |
| RORY WOOD | EFFORT, PA |
| STEVEN ZELINGER | PHILADELPHIA, PA |
| MICHAEL ZWICK | SOUTHFIELD, MI |

# EXHIBIT I

Application For Certificate Of Finder Registration



# APPLICATION FOR
# CERTIFICATE OF
# FINDER REGISTRATION

Pennsylvania Fiscal Code Sections
1301.11, 1301.11(a), 1301.11(b) and 1301.11(c)

Exhibit I                                                                                     53



## INSTRUCTIONS
## APPLICATION FOR CERTIFICATE OF FINDER REGISTRATION

All questions must be typewritten or written in black or blue ink. All answers must be legible. The Department will view illegible answers as blank answers. All questions must be answered completely.  If an answer is not applicable, indicate as much.

All supplemental answers must include the number of the corresponding question.

**Question 1.**   List the e-mail address and telephone number that will be used on your contracts unless you have a company.

**Question 2.**   This question must only be answered if you are operating as a finder from a business. Please be advised that all individuals who operate as finders in Pennsylvania need to obtain a finder registration number even if they work for the same company.  The finder registration number belongs to the individual not the business.

For example: five employees from ABC Finder Company operate as finders in Pennsylvania then five finder registration numbers must be issued. It does not matter where the employee is physically headquartered or where the claimants reside as long as the employee is in the business of finding property reported to Pennsylvania for claimants, they need to obtain a registration number.

**Question 3.**   If you answered yes, you must provide the information requested.

**Question 4.**   This includes a conviction or guilty plea in Pennsylvania as well as in another state or the federal jurisdiction. If the answer is yes, you must detail the crimes you pled guilty to or were convicted of as well as the circumstances surrounding the crimes.  You may include any extenuating circumstances that you believe Treasury should take into consideration when evaluating your application.

**Question 5-7.**   It is incumbent upon the applicant to answer these questions honestly.  If an applicant is unsure if a plea or conviction in another jurisdiction is applicable, the applicant should still disclose on a separate sheet of paper the plea or conviction and the circumstances surrounding such conviction.

No applicant should fail to disclose pleas or convictions because they believe such pleas or convictions were cleared from their criminal record. Often the records are not officially cleared and are still part of your criminal record. Failure to disclose may result in a denial.

**Question 8.**   An administrative agency is any agency of federal, state and local government that may investigate citizens for infractions of criminal or civil laws. For example, the Pennsylvania Department of State provides professional licenses and investigates infractions of both criminal and civil law.  Such investigations must be disclosed.

**Question 9.**   You must disclose the bankruptcy, make note of the circumstances surrounding the bankruptcy and the status thereof.

**Question 10.**   You must provide your finder agreement contract. This must be the finder agreement contract you will use for all property held by the Pennsylvania Treasury Department.  Please be advised it may be considered a violation of your registration if the agreement that you provide to your clients is different from the agreement submitted with your application and you failed to amend it with the Office of Investigations.

**Question 11.**   These character references are a must.

Exhibit I                                                                                                       54

## COMPLETED APPLICATION AND ACCOMPANYING FORMS

- You must include with your application the following:

  1. Application with all questions answers and all required supplemental sheets
  2. Recent full-face color photograph
  3. Copy of your driver's license or state issued identification card
  4. Original notarized character reference letters
  5. Copy of current contract that you used for Pennsylvania claimants
  6. Notarized Applicant Certification and Acknowledgement (last page of Application)

**TREASURY WILL ONLY EVALUATE AND PROCESS COMPLETE APPLICATIONS FOR REGISTRATION.**
*Failure to completely answer questions or to provide supplemental information will cause your application to be deemed* **incomplete. Any incomplete applications will be returned to applicant without being processed.**

- **IF YOUR APPLICATION IS COMPLETE PLEASE SEND IT TO:**

  Office of Investigations 127 Finance Building
  Harrisburg, PA 17120
  PH – 717.787.1606

**For your information**

- It takes an average of 60 days for Treasury to evaluate applications.
- If you receive a registration, it must be listed on all claim forms with which you are associated.

Exhibit I                                                                                                      55



# APPLICATION FOR CERTIFICATE OF FINDER REGISTRATION

Pennsylvania Fiscal Code Sections 1301.11, 1301.11(a), 1301.11(b) and 1301.11(c)

***Type or print using black or blue ink***

Pursuant to the Unclaimed Property Act, this Application for Certificate of Finder Registration ("Application") is to be completed by any person wishing to engage in any activity for the purpose of locating, delivering, recovering, or assisting in the recovery of unclaimed property, and receive a fee, compensation, commission, or other remuneration for such activity. A separate form must be completed and submitted by each and every individual seeking to engage in this activity for compensation. Upon the filing of the Application, the Pennsylvania Treasury Department ("Treasury") may investigate the applicant to verify the information provided and to determine the applicant's eligibility for a Certificate of Finder Registration.

All questions must be completed. All supplemental answers provided to Treasury on separate sheets of paper *must be type written* and include the number of the corresponding question. **Please be advised that you must provide all required documentation before Treasury will begin processing your application.** Your application will not be deemed complete and ready for review unless all required documentation is provided.

**Note: Confidential personal information may be accessed by Treasury employees in order to process, review and/or approve or deny your Application. The information requested is required for the processing of your Application, and if such information is not provided, Treasury may stop processing and/or deny your Application. By submitting an Application, you are providing your consent for Treasury employees to access confidential personal information for this purpose.**

1   Name of Applicant: _____

    Home Address: _____

    City, State, Zip Code: _____

    Social Security Number: _____

    Telephone Number: _____   E-Mail Address: _____

2.   Company Name: _____

    Doing Business As: _____

    Company Address: _____

    City, State, Zip Code: _____

    Federal Tax ID Number: _____

    Telephone Number: _____   E-Mail Address: _____

*Certificate of Registration Application  |  Page 1 of 5*

Exhibit I                                                                                  56

3.  If you are a Pennsylvania resident, have you worked or resided outside Pennsylvania at any time during the preceding ten (10) years? If yes, provide on a separate sheet of paper your residential addresses outside Pennsylvania and the names, addresses, and telephone numbers of the employers for whom you worked.  Yes _____   No _____

4.  During the ten (10) year period immediately preceding submission of this Application, have you ever pled guilty to or been convicted of a felony in Pennsylvania or any other jurisdiction.  Yes _____   No _____   If yes, please explain on a separate sheet of paper the circumstances surrounding the conviction, which must be attached to this Application.

5.  During the ten (10) year period immediately preceding the submission of this Application, have you ever pled guilty to or been convicted of the following theft or theft related offenses under 18 Pa.C.S. Chapter 39 or its equivalent if committed in another jurisdiction (including federal):

|     |     | Yes | No |
|-----|-----|-----|-----|
| a.  | Theft by unlawful taking or disposition | Yes _____ | No _____ |
| b.  | Theft by deception | Yes _____ | No _____ |
| c.  | Theft by extortion | Yes _____ | No _____ |
| d.  | Theft of property lost, mislaid or delivered by mistake | Yes _____ | No _____ |
| e.  | Receiving stolen property | Yes _____ | No _____ |
| f.  | Theft of services | Yes _____ | No _____ |
| g.  | Theft by failure to make required disposition of funds received | Yes _____ | No _____ |
| h.  | Unauthorized use of automobiles and other vehicles | Yes _____ | No _____ |
| i.  | Retail Theft | Yes _____ | No _____ |
| j.  | Library Theft | Yes _____ | No _____ |
| k.  | Unlawful possession of retail or library theft instruments | Yes _____ | No _____ |
| l.  | Organized retail theft | Yes _____ | No _____ |
| m.  | Theft of trade secrets | Yes _____ | No _____ |
| n.  | Theft of unpublished dramas and musical compositions | Yes _____ | No _____ |
| o.  | Theft of leased property | Yes _____ | No _____ |
| p.  | Theft of motor vehicle | Yes _____ | No _____ |

If you checked yes to any of the theft related offenses above, please explain the circumstances surrounding the conviction or plea on a separate sheet of paper, which must be attached to this Application.

If you checked "no" to all of the offenses in 5, please read and initial after the following statement:
*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned theft offenses in Pennsylvania or any other jurisdiction. _____ initials*

6.  During the ten (10) year period immediately preceding the submission of this Application, have you ever pled guilty to or been convicted of the following forgery or fraudulent related offenses as set forth in 18 Pa.C.S. Chapter 41 or its equivalent if committed in another jurisdiction (including federal):

|     |     | Yes | No |
|-----|-----|-----|-----|
| a.  | Forgery | Yes _____ | No _____ |
| b.  | Simulating object of antiquity, rarity, etc. | Yes _____ | No _____ |
| c.  | Fraudulent destruction, removal or concealment of recordable instruments | Yes _____ | No _____ |
| d.  | Tampering with records or identification | Yes _____ | No _____ |
| e.  | Bad checks | Yes _____ | No _____ |
| f.  | Access device fraud | Yes _____ | No _____ |
| g.  | Unlawful device-making equipment | Yes _____ | No _____ |
| h.  | Deceptive or fraudulent business practices | Yes _____ | No _____ |
| i.  | Deception relating to kosher food products | Yes _____ | No _____ |
| j.  | Deception relating to certification of minority business enterprise or women's business enterprise | Yes _____ | No _____ |

*Certificate of Registration Application  |  Page 2 of 5*

Exhibit I                                                                                                                57

| | | | |
|---|---|---|---|
| k. | Commercial bribery and breach of duty to act disinterestedly | Yes _____ | No _____ |
| l. | Rigging publicly exhibited contest | Yes _____ | No _____ |
| m. | Defrauding secured creditors | Yes _____ | No _____ |
| n. | Fraud in insolvency | Yes _____ | No _____ |
| o. | Receiving deposits in a failing financial institution | Yes _____ | No _____ |
| p. | Misapplication of entrusted property and property of government or financial institutions | Yes _____ | No _____ |
| q. | Securing execution of documents by deception | Yes _____ | No _____ |
| r. | Falsely impersonating persons privately employed | Yes _____ | No _____ |
| s. | Copying; recording devices | Yes _____ | No _____ |
| t. | Unlawful operation of recording device in motion picture theater | Yes _____ | No _____ |
| u. | Insurance fraud | Yes _____ | No _____ |
| v. | Washing vehicle titles | Yes _____ | No _____ |
| w. | Trademark counterfeiting | Yes _____ | No _____ |
| x. | Identity theft | Yes _____ | No _____ |

If you checked yes to any of the fraud related offenses above, please explain the circumstances surrounding the conviction or plea on a separate sheet of paper, which must be attached to this Application.

If you checked "no" to all of the offenses in 6, please read and initial after the following statement:
*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned forgery or fraudulent related offenses in Pennsylvania or any other jurisdiction.*
_____ *initials*

7. During the ten (10) year period immediately preceding the submission of this Application, have you ever pled guilty to or been convicted of the following perjury, false swearing, fraud or other related offenses as set forth in 18 Pa.C.S. Chapter 49 or its equivalent if committed in another jurisdiction (including federal):

| | | | |
|---|---|---|---|
| a. | Perjury | Yes _____ | No _____ |
| b. | False swearing | Yes _____ | No _____ |
| c. | Unsworn falsification to authorities | Yes _____ | No _____ |
| d. | False alarms to agencies of public safety | Yes _____ | No _____ |
| e. | False reports to law enforcement authorities | Yes _____ | No _____ |
| f. | False reports of child abuse | Yes _____ | No _____ |
| g. | Witness or information taking bribe | Yes _____ | No _____ |
| h. | Tampering with or fabricating physical evidence | Yes _____ | No _____ |
| i. | Tampering with public records or information | Yes _____ | No _____ |
| j. | Impersonating a public servant | Yes _____ | No _____ |
| k. | Impersonating a notary public or holder of a professional or occupational license | Yes _____ | No _____ |
| l. | False identification to law enforcement authorities | Yes _____ | No _____ |
| m. | Failure to comply with registration of sexual Offenders requirement | Yes _____ | No _____ |
| n. | Failure to comply with registration requirements | Yes _____ | No _____ |

If you checked yes to any of the fraud related offenses above, please explain the circumstances surrounding the conviction or plea on a separate sheet of paper, which must be attached to this Application.

If you checked "no" to all of the offenses in 7, please read and initial after the following statement:
*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned forgery or fraudulent related offenses in Pennsylvania or any other jurisdiction.*
_____ *initials*

*Certificate of Registration Application | Page 3 of 5*

Exhibit I                                                                                                        58

8.  Did you act as a finder in Pennsylvania previous to the registration requirement? Yes _____ No _____
    If you answered yes to number 8, please answer the following questions:

    a.  Did you ever violate the Pennsylvania Disposition of Abandoned and Unclaimed Property Act, including charging clients and/or unclaimed property claimants more than 15% of the value of property?

    Yes _____ No _____. If yes, please explain the circumstances on a separate sheet of paper that must be attached to  this application.

    b.  Have you ever been the subject of an investigation by a state, county or local administrative agency? Yes _____ No _____. If yes, please explain the circumstances on a separate sheet of paper that must be attached to this application.

9.  Have you or has your business filed for bankruptcy in the last ten (10) years? Yes _____ No _____. If yes, please explain the circumstances and status of the bankruptcy on a separate sheet of paper that must be attached to this Application.

10.  Please submit a copy of your unclaimed property finder contract that will be provided to claimants.

11.  You must also provide Treasury with two character references along with a written statement from each.  The written statements must be attached to this application and the character witnesses contact information must be completed below. Treasury may contact these witnesses when processing this Application. Please be advised that the character references may not include family members, current employees or subcontractors.

    a.  Character Witness Name: _____

    Address: _____

    City, State, Zip Code: _____

    Telephone Number: _____

    b.  Character Witness Name: _____

    Address: _____

    City, State, Zip Code: _____

    Telephone Number: _____

12.  I understand the following:

    Should I be granted a registration to act as an unclaimed property finder in Pennsylvania, I will faithfully follow the Disposition of Abandoned and Unclaimed Property Act (72 P.S. § 1301.1 et seq.), any unclaimed property regulations set forth in the Pennsylvania Code, and any Bureau of Unclaimed Property policies. I understand that by law my fee must not exceed of fifteen (15%) of the value of the unclaimed property.  I further understand that Treasury will both investigate my application and, if  I am approved for a registration, may initiate an investigation for any allegation or complaint of misconduct. I understand  that Treasury may revoke my registration in accordance with the provisions of the Disposition of Abandoned and Unclaimed Property Act._____(initials)

*Certificate of Registration Application  |  Page 4 of 5*

Exhibit I                                                                                              59

**Mail: (1)** Application, **(2)** recent full-face color photograph, **(3)** a copy of your driver's license or state issued identification card **(4)** original, notarized character reference letters from above-listed references, and **(5)** copy of a current contract that you will use for Pennsylvania claimants[1]  to:

Office of Investigations 127 Finance Building
Harrisburg, PA 17120
PH – 717-787-1606
Email – finderregistration@patreasury.gov

## Applicant Certification and Acknowledgement

I do hereby certify that I have not, during the ten year period immediately preceding the submission of this application, violated, been convicted, or pled guilty to any crimes enumerated in Chapters 39, 41 or 49 in the Pennsylvania Crimes Code as specified   above.

I further certify, under penalties of perjury, that all the information provided on this Application for Registration is true and correct, and all supporting documentation presented are original or true unaltered copies of the original documents.  I acknowledge that any false or perjured statement may subject me to criminal liability under Pennsylvania Crimes Code Section 4904 and Sections 1301.25 of the Disposition of Abandoned and Unclaimed Property Act.  I acknowledge that any false information, or the discovery of any disqualifying information, may be grounds for the denial or revocation of a certificate of registration.

I certify that I have read and will abide by the requirements of the **Disposition of Abandoned and Unclaimed Property Act.** I will hold the Commonwealth of Pennsylvania and Treasury Department, its officers and employees, harmless from any damages, losses, or claims of any kind resulting from my submission of this Application for Registration and any denial, or subsequent revocation, of the approval to engage in activities under the **Disposition of Abandoned and Unclaimed Property Act,** as well as any damages, losses, or claims of any kind arising from a finding that an agreement entered into pursuant to the **Disposition of Abandoned and Unclaimed Property Act** is invalid.

_____         _____
*Applicant's Signature*                                          *Date*

State of _____

County of _____

This Application for Registration was signed, in my presence, by Applicant, and sworn before me on this _____ day of_____ , 20_____.



Seal or Stamp

_____
*Notary Public Signature*

[1]  Please be advised that any changes to your finder contract must be submitted as an amendment to your application for registration as long as you are a registered Pennsylvania finder.

## CERTIFICATE OF SERVICE

I, Andrew B. Austin, Esq., hereby certify that I have served a copy of this Complaint and any accompanying memorandum or other documents upon the Defendants or their Attorneys of Record submitted via electronic case filing on Wednesday, April 1st 2020.

Respectfully Submitted,

**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com