**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Dominick DeSimone | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO:  2:19-cv-06150-GJP |
| U.S. Claims Services, Inc. and | : | |
| Paul Hashim | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**FILED BY DEFENDANTS U.S. CLAIMS SERVICES, INC. AND PAUL HASHIM**
**AND REQUEST FOR JUDICIAL NOTICE FILED HEREWITH AS EXHIBIT A**

John P. Quinn, Esq.
Karen Grethlein, Esq.
MARSHALL DENNEHEY
WARENER COLEMAN &
GOGGIN, P.C.
Attorney ID No.: 85239
2000 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
(215) 575-2883
jpquinn@mdwcg.com
kegrethlein@mdwcg.com

William W. Palmer, Esq.
PALMER LAW GROUP, A PLC
Admitted *Pro Hac Vice* Counsel
2443 Fair Oaks Blvd., No. 545
Sacramento, California 95825
(916) 972-0761
wpalmer@palmercorp.com

Attorneys For Defendants U.S. Claims Services, Inc.
And Paul Hashim

## TABLE OF CONTENTS

I.      SUMMARY ................................................................................................1

II.     BACKGROUND AND PROCEDURAL FACTS .......................................3

        A.      Pennsylvania's Statutory Scheme ..........................................................3

        B.      Plaintiff's Background Facts ..................................................................7

III.    LEGAL ANALYSIS ..................................................................................11

        A.      Standard of Review ...............................................................................11

        B.      The Plaintiff's First Claim For Relief Should be Dismissed .............12

        C.      The Second Through Fourth Claims For Knowing
                Misrepresentation, Fraud and Fraudulent Concealment, And
                Fraudulent Misrepresentation Also Fail And Should be Dismissed ..16

        D.      The Complaint Fails to State a Claim Against Defendant
                Paul Hashim ..........................................................................................20

IV.    CONCLUSION ...........................................................................................22

CERTIFICATE OF SERVICE .............................................................................23

EXHIBIT A – REQUEST FOR JUDICIAL NOTICE .........................................24

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Antinoph v. Laverell Reynolds Sec., Inc.*,
 703 F. Supp. 1185, 1187-88 n.1 (E.D. Pa. 1989) ...................................................13, 18

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .............................................................................................10, 11

*American Express Travel Related Services, Inc. v. Sidamon-Eristoff*,
 669 F.3d 359, 365 (3d Cir. 2012) ....................................................................................3

*Balderston v. Medtronic Sofamor Danek, Inc.*,
 152 F. Supp. 2d 772, 776 (E.D. Pa. (2001)....................................................................12

*Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*,
 40 A.3d 145 (Pa. Super. 2012).....................................................................................13

*Bordoni v. Chase Home Finance LLC*,
 374 F. Supp. 3d 378, 385 (E.D. Pa. 2019) ....................................................................12

*Bucci v. Wachovia Bank, N.A.*,
 591 F. Supp. 2d 773, 782-84 (E.D. Pa. 2008)..............................................17, 18, 19, 20

*Chiarella v. U.S.*,
 445 U.S. 222, 228 (1980)........................................................................................18, 19

*City of Rome v. Glanton*,
 958 F. Supp. 1026, 1038 (E.D. Pa. 1997) ......................................................................20

*Clark v. Allstate Ins. Co.*,
 No. 13-0271, 2013 WL 1905147, at *6 (E.D. Pa. May 7, 2013)....................................13

*Connelly v. Lane Const. Corp.*,
 809 F.3d 780, 787 (3d Cir. 2016) ...........................................................................11, 12

*Dempsey v. Bucknell Univ.*,
 Civil Action No. 4:11-cv-1679, 2012 U.S. Dist. LEXIS 62043, at *48-49 (M.D. Pa.
 May 3, 2012)................................................................................................................17

*Duquesne Light Co. v. Westinghouse Electric Corp.*,
 66 F.3d 604, 612 (3d Cir. 1995) .............................................................................18, 20

*Evancho v. Fisher*,
 423 F.3d 347, 350 (3d Cir. 2005) .................................................................................12

*Frederico v. Home Depot*,
    507 F3d 188 (3d Cir. 2007) ............................................................14

*Gardner v. State Farm Fire & Cas. Co.*,
    544 F.3d 553, 564 (3d Cir. 2008) ...................................................12

*Gibbs v. Ernst*,
    647 A.2d 882, 889 (Pa. 1994) .........................................................14

*In re Advanta Corp. Sec. Litig.*,
    180 F.3d 525, 534 (3d Cir. 1999) ...................................................17

*In re Cara Corp.*,
    148 B.R. 760, 772 (E.D.Pa. 1992) ..................................................19

*Jones v. Flowers*,
    547 U.S. 220 (2006).........................................................................4

*Lum v. Bank of America*,
    361 F.3d 217, 223-24 (3d Cir. 2004) .............................................17

*Madero v. Luffey*,
    Civil Action No. 2:19-cv-700, 2020 U.S. Dist. LEXIS 25026, at *55 (W.D. Pa. Feb.
    13, 2020)..........................................................................................19

*Mullane v. Central Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) .........................................................................4

*Quashnock v. Frost*,
    445 A.2d 121, 124 (1982) ...............................................................18

*Schuchardt v. President of the U.S.*,
    839 F.3d 336, 347 (3d Cir. 2016) ...................................................11

*Sewak v. Lockhart*,
    699 A.2d 755, 759 (Pa. Super. Ct. 1997) .......................................17

*Silverstein v. Percudani*,
    2005 WL 1252199, at *8 (M.D. Pa. May 26, 2005) ........................13, 15, 18

*Smith v. Renaut*,
    564 A.2d 188, 192 (Pa. Super. Ct. 1989) .......................................13, 18

*Taylor v. Westly*,
   402 F.3d 924  (9th Cir. 2005); *reh'g* and *reh'g en banc den.*,
   ___ F.3d ___ (May 13, 2005) .................................................................................4

*Taylor v. Westly*,
   488 F.3d 1197, 1200-02 (9th Cir. 2007)...................................................4, 9

*Taylor v. Yee*,
   136 S. Ct. 929 (2016) .........................................................................................9

*Wesblatt v. Minn. Mut. Life. Ins. Co.*,
   4 F. Supp. 2d 371, 380 (E.D. Pa. 1998)...........................................................15

*Yenchi v. Ameriprise Fin., Inc.*,
   161 A.3d 811, 820 (Pa. 2017) ..........................................................................15

## FEDERAL STATUTES AND REGULATIONS

### Federal Rules of Civil Procedure

Rule 8(a)(2) ........................................................................................................11

Rule 9 .................................................................................................................17

Rule 9(b) ......................................................................................................14, 17

Rule 11 .................................................................................................................7

Rule 12(b)(6)..................................................................................................1, 2, 11

## PENNSYLVANIA STATE STATUTES

72 P.S. §§ 1301.1, *et seq.* ..................................................................................1

72 P.S. §§ 1301.1. ...........................................................................................3, 4

72 P.S. §§ 1301.1-1301.29 .................................................................................3

72 P.S. § 1301.2(a) .............................................................................................3

72 P.S. § 1301.10a ...........................................................................................1, 4

72 P.S. § 1301.11a ...............................................................................................7

72 P.S. §§ 1301.11, *et seq* ..................................................................................9

72 P.S. § 1301.11(g) ...........................................................................................9

72 P.S. § 1301.11(g)(2) ....................................................................................2, 6

72 P.S. § 1301.12 .........................................................................................1, 4, 5, 9

72 P.S. §§ 1301.14 ..........................................................................................3, 4

72 P.S. §§ 1301.20 ...........................................................................................4

73 P. S. §§ 201-1, *et seq*. ....................................................................................

73 P.S. §§ 201-2(4)(i)-(xx) ...............................................................................13

73 P.S. §§ 201-2(4)(xv) ....................................................................................14

73 P.S. §§ 201-2(4)(xxi) ..............................................................................13, 14

73 P. S. §§ 201-3 .............................................................................................12

73 P. S. §§ 2019-9.2(a) ....................................................................................13

## TREATISES

Restatement (Second) of Torts (American Law Institute, 1977 ed.) § 551 .......................20

Restatement (Second) of Torts (American Law Institute, 1977 ed.) § 551(2)(a) ..............13

## EXHIBIT

Exhibit A - Request For Judicial Notice .........................................................................24

Defendants U.S. Claims Service, Inc., dba Payne Richards & Associates (hereafter "Payne Richards" or "Defendant") and Paul Hashim (hereafter "Hashim") (collectively, "Defendants"), move to dismiss plaintiff Dominick DeSimone's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

## I.    SUMMARY

The FAC does not address the defects in the initial Complaint that were carefully outlined in this Court's March 11, 2020 Opinion ("Op.") and continues to omit that Plaintiff received multiple statutory notices required under the State of Pennsylvania's Unclaimed Property Act ("UPA"), Title 72 P.S. Taxation and Fiscal Affairs, Article XIII.1. Disposition of Abandoned and Unclaimed Property §§ 1301.1, *et seq.*  There never was and is no duty, much less a fiduciary duty, owed by Defendants to Plaintiff and there is no legal support for Plaintiff's other regulatory and licensing theories. Plaintiff received multiple notices and had access to the same public records as Defendants and therefore cannot argue "justifiable reliance" on Defendants' purported omissions. Further, it is a judicially noticeable fact that the notice sent by Defendants to the Plaintiff contains all necessary information for the Plaintiff to claim the property, if he wished to do so.

Plaintiff received many notices prior to Defendant's communication, which include those sent first by the "Holder," which is the company that escheated Plaintiff's property to the State (*see* 72 P.S. § 1301.10a); and later, the statutory and constitutional notices from the Treasurer, who administers the Unclaimed Property Program. (*See* 72 P.S. § 1301.12.)  The notices sent by the Treasurer to the Plaintiff included direct mail, publication notice, and internet notice.  Plaintiff's property was posted on the Treasurer's public website for two (2) years.  (*See* 72 P.S. § 1301.12.) In fact, the FAC acknowledges (at ¶ 12) that Plaintiff was free to claim his property from the State at any time but failed to do so.  Finally, the only reason Plaintiff's property was in the custody of

the Treasurer as "unclaimed property" in the first place is that he lost and misplaced his paychecks, so that the funds were "escheated" or transferred to the Treasurer as lost and unclaimed property.

Plaintiff readily admits that Defendants followed the law as directed by the Treasurer in Pennsylvania (*see* FAC at ¶ 24) and that the contract which Plaintiff signed with the Payne Richards was on the form approved by the Treasurer. (*See* 72 P.S. § 1301.11(g)(2); *see also* Exhibit A, attached hereto, which is Defendants' Request for Judicial Notice "RFJN" Nos. 1 and 4.)  But Plaintiff believes the Treasurer should require "finders," like Defendants, to include other commercial speech in their forms of an unspecified nature.

Specifically, Plaintiff contends in his class action lawsuit against Defendants that the Treasurer should require each of the thousands of private notices sent by private companies (like Payne Richards) must include an admonition that their services are unnecessary and that an owner of unclaimed property may freely claim the funds.  (FAC at ¶ 75.)  There is no such legal requirement.   In fact, the new requirements would defeat the statutory purpose designed by the Legislature.  The finders are the stopgap after all other forms of notice to the owners are exhausted and the property has been left unclaimed by the owner on the public website for a minimum of two (2) years.  The finders are then incentivized to locate the owners and return their property to them. There is no requirement that the owners use the finders and the Treasurer requires the finders to include all information concerning the property on a pre-approved form.  (*See* RFJN Nos. 1 and 4.)

Rule 12(b)(6) of the Federal Rules of Civil Procedure protects these Defendants and gives them the opportunity to challenge Plaintiff's complaint "…where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

## II.      BACKGROUND AND PROCEDURAL FACTS

On March 11, 2020, the Court granted Defendants' motion to dismiss and allowed Plaintiff the opportunity to amend provided he could allege facts that support "a confidential duty" owed by Defendants to the general public to tell owners like Plaintiff that their services are unnecessary and that owners may claim their property "for free."  (FAC at ¶ 75.)  The Court reviewed and rejected Plaintiff's theory that a fiduciary duty is owed by finders, such as Defendants, to the general public. (*See* Opinion filed March 11, 2020 (DKT. 17) ("Op."), footnote 7).  Rather than cure the defect, Plaintiff doubles down on his original error and amends to allege four (4) counts for: (1) UTPCPL – Deceptive Conduct; (2) UTPCPL – Knowing Misrepresentation; (3) Fraud/Fraudulent Inducement; and (4) UTPCPL – Fraudulent Misrepresentation.  The claims are based on substantially the same set of facts as the original defective Complaint.  Defendants first briefly review the UPA statutory scheme, before turning to the facts of the FAC.

### A.      Pennsylvania's Unclaimed Property Statutory Scheme.

Under Article XIII.1 of the Fiscal Code, entitled Disposition of Abandoned and Unclaimed Property (Unclaimed Property Law) (72 P.S. §§ 1301.1-1301.29), "[a]ll abandoned and unclaimed property and property without a rightful or lawful owner as hereafter set forth is subject to the custody and control of the Commonwealth[.]" (72 P.S. § 1301.2(a).)  The purpose of the law "is to provide for the safekeeping of abandoned property" while the Commonwealth attempts to reunite that property with its lawful owner.  (*See American Express Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 365 (3d Cir. 2012.)  The law defines an "owner" as "a person that has a legal or equitable interest in property subject to [the] article" and the property referred to is reported to and within the custodial possession of the Treasury Department.  (72 P.S. §§ 1301.1, 1301.14.)  Thus, the Treasury Department may only deliver property to a claimant who

3

establishes a lawful or equitable ownership interest in the property.  (See 72 P.S. §§ 1301.1, 1301.14, 1301.20.)  The claimant must prove that interest by a preponderance of evidence.

Plaintiff readily admits that he lost his property - two (2) uncashed paychecks in the first place (FAC ¶¶ 39 and 46), and the Plaintiff received multiple notices including those lost paychecks from the "Holder," which is the company that escheated his property to the State in the first place.  (*See* 72 P.S. § 1301.10a.)[1]  These notices told Plaintiff exactly where and how to claim his property from the corporation or the property would be escheated to the State as unclaimed.

Plaintiff next received a series of statutory and constitutional notices from the Treasurer, who in his official capacity administers the Unclaimed Property Program. (*See* 72 P.S. § 1301.12; *see also Jones v. Flowers*, 547 U.S. 220 (2006); *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Taylor v.* Westly, 402 F.3d 924 (9th Cir. 2005); *reh'g and reh'g en banc den.* (May 13, 2005) (Discussing prerequisite constitutional notice prior to escheatment of property); *Taylor v. Westly,* 488 F.3d 1197, 1200-02 (9th Cir. 2007) (Federal courts issue injunction).)  The multiple notices sent by the Treasurer to the Plaintiff included: (1) direct mail notice to the Plaintiff; (2)

---

[1] Defendants include two footnotes with the statutory language for the Court's ease of review.  72 P.S. § 1301.10a states in relevant part: (a) The holder of property presumed abandoned shall send notice to the owner, not more than one hundred twenty (120) days nor less than sixty (60) days prior to the date in which the corresponding report is to be submitted to the State Treasurer, stating that the holder is in possession of property subject to this article, if: 1. the holder of property has in its records an address for the owner which the holder's records do not disclose to be inaccurate; and 2. the value of the property is fifty dollars ($50) or more.  (b) Written notice shall be sent by first class mail, unless the owner has previously agreed to a method of electronic notice that remains valid to contact the owner, and include: 1. A description of the property.  2. A description of the property ownership.  3. The value of the property, if known.  4. Any information necessary to contact the holder to prevent the reporting of the property to the State Treasurer.  (c) In addition to the notice required under subsection (a), the holder of property may give additional notice at any time between the date of last activity by or communication with the owner of the property and the date the holder transfers the property to the custody and control of the State Treasurer.  (d) In addition to the verification required under section 1301.11, the holder of property shall include an affirmation of compliance with subsection (a).  (e) No cost or fee shall be imposed upon an owner associated with any notice under this section.

publication notice; and (3) public internet website notice.  (*See* 72 P.S. § 1301.12.)[2]  Pursuant to

the UPA statutory scheme, Plaintiff's property next sat at the Treasurer's unclaimed property

division and was publicly listed on the Treasurer's website for over two (2) years.  The FAC

acknowledges (at ¶ 12) that Plaintiff was free to claim his property from the State at any time but

failed to do so.  The FAC does not include any reference to the five (5+) forms of notice that

Plaintiff received because to do so would show the unreasonableness of his assertions and that he

had access to all the same information as the Defendants and, in fact, lost track of his property in

---

[2] 72 P.S. § 1301.12 states in relevant part: (a)  Within twelve (12) months from the filing of the report required by section 1301.11, the State Treasurer shall cause notice to be published at least once in a legal newspaper as well as an English language newspaper of general circulation in the county in which the owner of the property had a last known address appearing from the verified report filed by the holder or, if there is no name or address or the owner is not a Pennsylvania resident, then at least one time in the Pennsylvania Bulletin.  Notice shall also be posted on the Internet website of the Treasury Department.  (b)  The published notice shall be entitled "Notice of Names of Persons Appearing to be Owners of Abandoned and Unclaimed Property," and shall contain: 1.   The names of persons listed in the report and entitled to notice within the county as hereinbefore specified and the name and address of the holder; 2.   A statement that information concerning the amount or description of the property and the name and address of the holder may be obtained by any persons possessing an interest in the property by addressing an inquiry to the holder; 3.   A statement that a proof of claim should be presented by the owner to the holder within three (3) months from the date of the published notice, and that thereafter claims should be filed with the State Treasurer.  (c)  The State Treasurer is not required to include in such notice published in an English language newspaper of general circulation any item of less than two hundred fifty dollars ($250) or to include in such notice published in a legal newspaper any item of less than two hundred fifty dollars ($250), unless the State Treasurer, in either instance, deems such publication to be in the public interest. (d)  Within nine (9) months from the receipt of the report required by section 1301.11, the State Treasurer shall mail a notice to each person having an address listed who appears to be entitled to property of the value of two hundred fifty dollars ($250) or more subject to custody and control of the Commonwealth under this article.  The mailed notice shall contain: 1.   A statement that, according to a report filed with the State Treasurer, property is being held to which the addressee appears entitled; 2.   The name and address of the holder of the property and any necessary information regarding changes of name and address of the holder; 3.   A statement that, if satisfactory proof of claim is not presented by the owner to the holder by the date specified in the published notice, claims should thereafter be filed with the State Treasurer.  (e)  This section is not applicable to sums payable on travelers checks and money orders or to property reported to be without a rightful or lawful owner.  (f) Compliance with the publication requirements of this section shall be based on the best available commercial rates and subject to available appropriations.

the first place.  In other words, Plaintiff was not "justifiably relying" on Defendants to provide him with information that he already knew, or reasonably should know after multiple notices.

Despite all of the above forms of notice that Plaintiff received, Plaintiff alleges that private parties engaged as "finders" in locating consumers, such as Defendants, should spend money to locate and to then send him, and all other individuals nationwide (or in the State of Pennsylvania), written notices that explicitly tell these consumers that the finder services are unnecessary and that Plaintiff and others may recover their property "for free" at any time.  The position is nonsensical. There is no legal authority that can be cited to support this Plaintiff's belief structure and, more importantly, no duty that compels private citizens to engage in such conduct for the Plaintiff's benefit.  Of course, Plaintiff is free to lobby the State Legislature, write to the Treasurer, or even run for public office.  But it is not difficult for the Court to imagine what reception the Plaintiff would receive were he to present this same fact pattern and demand the same result that he now unreasonably expects this Court to embrace.

Plaintiff readily admits that Defendants followed the law in Pennsylvania as directed by the regulator - the Treasurer - and that the contract which Plaintiff signed with the Defendant was of the exact form and content approved by the Treasurer. (*See* 72 P.S. § 1301.11(g)(2); *see also* Exhibit A, attached hereto, which is also RFJN Nos. 3 and 4 - the Treasurer's express written authorization to use the form in question and the Treasurer's guidelines.) The State delegated this regulatory oversight to the Treasurer and there is comity and deference anticipated among the branches of our government.

Plaintiff's primary gripe therefore appears to be that he does not like the regulatory administrative scheme.  He believes that private individuals (like Paul Hashim) and companies (like Payne Richards) owe some form of additional duty to him, which he is unable to articulate in

the FAC, despite the Order from this Court that he must do so if he amends (in addition to the federal requirements of FRCP Rule 11 that require truthful pleading and due diligence by counsel). Plaintiff believes these private individuals and companies should spend millions of dollars retaining staff, purchasing databases like Intelius People Search and LexisNexis (Op. at p. 2), maintaining multiple facilities, and locating Plaintiff and others in his "Class," just to tell them what they already should know and – going one step further - that their private services are unnecessary and that Plaintiff can easily recover his own property, which he lost in the first place.

Plaintiff also believes that every single person employed within the company should pay a fee and be "licensed" by the Treasurer. This includes everyone from the owner Defendant Hashim, to Mr. Hashim's secretary and bookkeeper "Shirley" (FAC at ¶ 37), to an administrator named "Maria (*id*., at ¶ 36). Further, Plaintiff does not explain the theory behind his "private right of action" for an alleged "licensing violation" that falls within the scope of the Treasurer's regulatory authority. More important, Plaintiff clearly never bothered to read the attachments to his FAC, which require only those who earn a "fee" or "commission" must be licensed, which is discussed, *infra*. Defendants review the facts on the face of the FAC in the sections immediately below.

**B.    Plaintiff's Background Facts.**

Per the FAC and pursuant to 72 P.S. § 1301.11a, Defendants are licensed "finders" engaged in the business of connecting property owners with their unclaimed property. (FAC at ¶ 29.) After a two-year holding period on a public website, Defendants (and other companies and individuals engaged in this business practice as finders) are allowed to identify unclaimed property by querying the various statutorily designated agencies that receive such property, including the Department of Treasury for the various states. (FAC at ¶ 8.) Defendants maintain multiple offices, use proprietary databases, retain employees. (FAC at ¶¶ 33, 36, 37, and 44; Op. at p. 2.)

Defendants then contact the property owners of the unclaimed property and provide a Treasurer-approved form contract to recover the property belonging to them.  (FAC at ¶ 9; RFJN Nos. 2 and 4.)  "From there, the company locates the property owner using tools such as Intelius People Search or LexisNexis Public Records."  (Op. at p. 2.)

The state-approved contract used by Payne Richards discloses: (1) the nature and value of the property; (2) the name and address of the Holder; (3) the name, address, and telephone number of the person assisting in the location of the abandoned and unclaimed property; and (4) clearly states the fee or compensation to be paid.  (*See* FAC at ¶ 27; 72 P.S. § 1301.11(g); RFJN No. 2.)  In other words, common sense dictates and the owner is told exactly what he misplaced and were it is located.  (*See* Motion to Dismiss Standard of Review, *infra*.)  The information at the top of the Contract (Exh. A) states under Section II, in relevant part:

```
"The Agent through his/her efforts has located Claimant,
who may be entitled to the assets in the possession of
the State Treasurer of Pennsylvania, 129 Finance
Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): DOMINICK DESIMONE
Owner's Reported Address:  845 CROSS ST. PHILADELPHIA,
PA
Reported By:  ARAMARK
Property Type:  WAGES; PAYROLL UNCLAIMED
Amount:  $469.10
Property ID No:  24159865
Payne Richards & Associates Reference No:  9896080"
```

(FAC Exh. A; RFJN No. 2.)

After the property owner executes the contract and returns it to Payne Richards, Defendant Payne Richards completes the claim for the property owners to recover their unclaimed property.  (FAC at ¶ 10.) Defendant Payne Richards agrees to provide the following services under the Contract at Section III:

> "In consideration of Agent's reasonable efforts in providing services including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered."

(FAC Exh. A; RFJN No. 2.)

Prior to receiving the notice from the Defendants, Plaintiff has already received multiple statutory notices as discussed in the prior section from: (1) the Holder (the company escheating the property); and (2) the Treasurer in the form of direct mail, publication, and website notification. (*See* 72 P.S. § 1301.12.)

According to the FAC, Defendants are licensed with the Pennsylvania Department of Treasury to provide such "finders" services under Pennsylvania law.  (FAC at ¶ 30; RFJN Nos. 1 and 3.)  Plaintiff acknowledges that finders are regulated under Pennsylvania law by the Treasurer, pursuant to 72 P.S. §§1301.11, *et seq.* (FAC at ¶ 29.)  Plaintiff confirms that the contract that is issued by the Defendant Payne Richards to property owners complies with the requirements of Pennsylvania law, 72 P.S. 1301.11(g).

Plaintiff alleges that the Defendants fail to advise all property owners that these finder services are "unnecessary" while quoting a June 30, 2014 Los Angeles Times Story, which discusses the process in the State of California (FAC at ¶¶ 17-19), and constitutes fraudulent and deceptive business practices in violation of Pennsylvania unfair trade law (FAC at ¶¶ 66-125) and various fraud counts (*id*.).

By contrast to the unclaimed property process in the State of Pennsylvania, the California Unclaimed Property program was the subject of a federal injunction that closed the operation and forced a rewrite of that State's laws.  (*See Taylor v. Westly,* 488 F.3d 1197, *supra*.)  More recently, the California program was the subject of a United States Supreme Court Opinion.  (*See Taylor v. Yee,* 136 S. Ct. 929 (2016) (Op. by Supreme Court Associate Justices Samuel A. Alito, Jr., and

Clarence Thomas).)  Therefore, citing a newspaper story about a California program (FAC at ¶ 17) that was enjoined by the federal courts has no legal application or evidentiary weight in a case venued in Pennsylvania and premised on the underlying violations of Pennsylvania state law.

Plaintiff next contends that he was contacted by Defendants in 2018 and 2019 to recover $841.97 and $469.10 of unclaimed property held by the Pennsylvania Department of Treasury. (FAC at ¶¶ 39 and 46.)  Although Plaintiff admits the proposed state-approved contract sent to Plaintiff complied with Pennsylvania law (FAC at ¶ 24; RFJN No. 1), Plaintiff contends that Payne Richards did not indicate that the finder services were "unnecessary and that he could recover his unclaimed property himself."  (FAC at ¶ 75.)

Plaintiff contracted with Payne Richards to claim his property in the amount of $841.97 in mid-2018 and $469.10 in April 2019, and Defendants promptly submitted Plaintiff's claim to the Department of Treasury in accordance with Pennsylvania law.  (FAC at ¶¶ 39 and 46.)  In reliance on the written contract, Defendants performed the services and Plaintiff received his property from the Treasurer.  Several months after receiving his money, Plaintiff was billed by Defendants for services in the amount of $70.36 provided in accordance with the statutorily authorized contract and fee.  (FAC at ¶¶ 50 and 54; RFJN No. 2.)  Plaintiff refused and never paid the $70.36 because it was "a scam," according to Plaintiff's brother, and instead filed this lawsuit on behalf of himself and a putative class, which he now ratchets back from a nationwide class action to every impacted citizen in the State of Pennsylvania.  Plaintiff defines his putative class now as:

> "All persons within Pennsylvania and/or with money held by the Pennsylvania Treasury that were solicited- and had successful claims to recover personal, family or household property- by Defendants U.S. Claims Services (or its predecessor entities) and/or Defendant Paul Hashim between December 2nd 2013 and present."

(FAC at ¶ 55.)

Plaintiff alleges that the potential number of class members "is in excess of 5,000 individuals."  (FAC at ¶ 56.)  Plaintiff alleges that the average class member's claim is between $100 and $500 per class member.   (FAC at ¶ 65.)   Plaintiff seeks treble damages under Pennsylvania law, as well as attorney's fees, injunctive relief, and "any other relief the Court deems proper."  (FAC at ¶ 125.)

## III.   LEGAL ANALYSIS

### A.   Standard of Review.

When considering a motion to dismiss a complaint, such as this one, for failure to state a claim pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  Drawing largely from this Court's March 11, 2020 Opinion: "A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable interference that [a] defendant is liable for the misconduct alleged."  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  (*Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2).))

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." (*Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).)  However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face."  (*Schuchardt v. President of the U.S*., 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).)   "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption."  (*Id*.)  (*See* Op.

at pp. 3-4.)  "[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint

when deciding a motion to dismiss" (*Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005), such

as the bold assertions of Plaintiff's FAC in this case.

In reviewing the sufficiency of the FAC, the Court must "tak[e] note of the elements [the]

plaintiff must plead to state a claim. Second, it should identify allegations that, because they are

no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are

well-pleaded factual allegations, [the] court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." (*Connelly v. Lane Constr. Corp*., 809

F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted).)  In this case,

Plaintiff fails to articulate a duty owed by Defendants and other elements like "justifiable reliance"

are missing from his claims for relief, such as his licensing theory.

### B.      The Plaintiff's First Claim For Relief Should be Dismissed.

The Plaintiff's claims should be dismissed.  There is no duty that a service provider, who

is incurring significant expenses, must include specific verbiage that his or her services are

unnecessary.  Instead, the Pennsylvania Unfair Trade Practices and Consumer Protection Law

("UTPCPL") is "designed to protect the public from fraud and deceptive business practices."

(*Bordoni v. Chase Home Finance LLC*, 374 F. Supp. 3d 378, 385 (E.D. Pa. 2019) (quoting

*Balderston v. Medtronic Sofamor Danek, Inc*., 152 F. Supp. 2d 772, 776 (E.D. Pa. (2001); *Gardner

v. State Farm Fire & Cas. Co*., 544 F.3d 553, 564 (3d Cir. 2008).)  It prohibits marketplace

participants from engaging in "unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce."  (73 Pa. Stat. § 201-3.)

Plaintiff brings his UTPCPL claim under both the knowing misrepresentation and catch-

all provisions.  (*See* FAC at ¶ 58.)  The Pennsylvania UTPCPL enumerates twenty unfair or

deceptive acts, none of which expressly prohibit the failure to disclose. (*See* 73 P.S. §§ 201-2(4)(i)-(xx).) The UTPCPL includes a catch-all provision, which prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." (*Id*. § 201-2(4)(xxi).) To state a claim under the catch-all provision, a plaintiff must allege that: (1) defendant engaged in deceptive conduct; (2) plaintiff justifiably relied on defendant's misrepresentation or deceptive conduct; and (3) plaintiff was damaged by his justifiable reliance on the defendant's alleged conduct. (*See Clark v. Allstate Ins. Co*., No. 13-0271, 2013 WL 1905147, at *6 (E.D. Pa. May 7, 2013); *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145 (Pa. Super. 2012).)

When allegations underlying a UTPCPL claim involve a defendant's nondisclosure rather than misrepresentation, the omission is actionable only if there is a duty to disclose. In other words, for silence to be actionable there must be a duty to speak. (*Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989).) In Pennsylvania, a duty to speak requires the presence of a fiduciary or other confidential relationship "as prerequisite to liability for omissions." (*Silverstein v. Percudani*, 2005 WL 1252199, at *8 (M.D. Pa. May 26, 2005) (quoting *Antinoph v. Laverell Reynolds Sec., Inc*., 703 F. Supp. 1185, 1187-88 n.1 (E.D. Pa. 1989).) (*See also* Restatement (Second) of Torts (American Law Institute, 1977 ed.) § 551(2)(a) (explaining the duty to disclose arises when there is fiduciary or confidential relationship between the parties.) (Op. at pp. 5-6.)

A plaintiff may bring a private cause of action under the UTPCPL if he suffers an ascertainable loss of money or property as the result of an unlawful method, at or practice. (73 P.S. § 2019-9.2(a).) The UTPCPL lists specific practices that constitute "unfair methods of competition" and "unfair or deceptive acts of practices." (*Id*. § 201-2(4)(i)-(xx).) Among these prohibited practices, the UTPCPL makes it unlawful to "knowingly misrepresent[ ] that services .

. . are needed if they are not needed." (*Id*. § 201-2(4)(xv).)  The UTPCPL also includes a catch-all provision, which prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." (*Id*. § 201-2(4)(xxi).)

Under the law, there was no "misrepresentation," and Plaintiff's purported reliance on his new theory of liability is "unjustifiable," given Plaintiff received multiple notices from the Holder and the State that his property was publicly available and posted on a government website where it could be claimed at any time "for free."

To establish a claim for fraudulent conduct under the catchall provision of the UTPCPL, a Plaintiff must allege the elements of a Pennsylvania common law fraud claim. As further discussed in the coming sections, to plead fraud under Pennsylvania law, a plaintiff must allege: (1) "a representation" which is (2) "material to the transaction at hand," (3) "made falsely, with knowledge of its falsity or recklessness as to whether it is true or false," and (4) made "with the intent of misleading another into relying on it"; (5) "justifiable reliance on the misrepresentation"; and (6) that "the resulting injury was proximately caused by the reliance." (*See Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).)  But in addition, a plaintiff in federal court, to comply with Rule 9(b), must allege "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation" and must state "the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." (*See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (brackets and internal quotation marks omitted).)

In this case the Court held:

> "Defendants argue correctly... that DeSimone's UTPCPL claim fails because they had no legal duty to disclose that property owners can recover unclaimed funds directly from the state without a fee. (Defs.' Reply 3.)  As discussed above, a prerequisite for omissions to be actionable under the UTPCPL is the presence of a

fiduciary duty or some other confidential relationship.  *Silverstein*, 2005 WL 1252199, at *8 (quoting *Antinoph*, 703 F. Supp. at 1187-88 n.1); *see Wesblatt v. Minn. Mut. Life. Ins. Co*., 4 F. Supp. 2d 371, 380 (E.D. Pa. 1998) (dismissing UTPCPL knowing misrepresentation claim and concluding that omissions are actionable when "in breach of a duty to speak").

In Pennsylvania, some types of relationships give rise to a fiduciary duty as a matter of law.  *Yenchi v. Ameriprise Fin., Inc*., 161 A.3d 811, 820 (Pa. 2017) (listing principal and agent, trustee and *cestui que* trust, attorney and client, guardian and ward, and partners as examples).  When a fiduciary duty does not exist as a matter of law, Pennsylvania courts nevertheless recognize confidential relationships in situations where "the relative position of the parties is such that one has the power and means to take advantage of, or exercise undue influence over, the other."  *Id*. DeSimone has not alleged in his Complaint facts which could establish that a fiduciary or confidential relationship existed between him and U.S. Claims Services or Hashim.  He accordingly cannot rely on Defendants' alleged omissions as a basis to plead a UTPCPL claim under the knowing misrepresentation or catch-all provisions."

(Op. at pp. 9-10.)

Plaintiff is unable to articulate a "duty" owed by companies like Payne Richards.  The Court's Order provided Plaintiff with the opportunity to plead a confidential relationship (Op. at. p. 10) and he is unable to do so.  The FAC and its Exhibits are inherently self-contradictory; especially and most importantly, when taken in the context of the state laws written and passed by the Pennsylvania State Legislature.  The Legislature did not outlaw Defendants' conduct, it authorized, encouraged, and incentivized the conduct. The lawmakers realized that despite the profuse notice provided by the statutory scheme, there would be property owners who might need to be found, and it authorized "finders" who could locate them to charge a reasonable fee for that private service.  There is no such "free service" requirement under the law imposed on these private party finders and the FAC fails to state a claim under which any relief may be granted and Plaintiff is unable to articulate any duty owed by the Defendants to provide free mailings to consumers.

/ / /

/ / /

**C.      The Second Through Fourth Claims For Knowing Misrepresentation, Fraud and Fraudulent Concealment, And Fraudulent Misrepresentation Also Fail And Should be Dismissed.**

In order to save space, Defendants combine the discussion of the Second through Fourth Claims for Relief in which Plaintiff alleges that Defendants engaged in certain intentional misrepresentations in their solicitation of Plaintiff's business.  The common flaws in these claims are: (1) the inability to plead a fiduciary duty owed to the Plaintiff; (2) Plaintiff's allegations are of an "omission" or failure to speak and are not misrepresentations; and (3) there is no "justifiable reliance," given Plaintiff received the same information (and more) as Defendants from multiple sources and was listed on a public government website for two (2) years.  In other words, Plaintiff knew more information than the Defendants.

In his Second Claim, Plaintiff alleges that Defendants knowingly misrepresented that Defendants' services were necessary to collect Plaintiff's property by failing to disclose that Plaintiff could collect his property from the state without Defendants' assistance.  (*See* FAC at ¶¶ 86 and 95.)   In the Third and Fourth Claims, Plaintiff alleges that Defendants intentionally misrepresented that Defendant Hashim was the finder under the agreement without disclosing that the administrative work to be performed on Plaintiff's behalf would be performed by salaried and hourly employees of Payne Richards.  (*See* Third Claim, FAC at ¶¶ 103-107; *see* Fourth Claim, FAC at ¶¶ 113-118.)  Absent these omissions, according to Plaintiff, he would not have entered into the agreement with Defendants to procure his property from the State of Pennsylvania. Because Mr. Hashim is the sole owner of the company, Plaintiff's reasons, then only Mr. Hashim should provide the services.  The secretary and administrator and all employees must be licensed, or so the reasoning goes.   These allegations are factually defective based on the facts pled on the face of the FAC.

"In Pennsylvania, a prima facie case of fraud requires: (1) a false representation, (2) made with knowledge of its falsity or recklessness as to whether it is true or false, (4) which is intended to make the receiver act, (5) justifiable reliance on the misrepresentation, and (6) damages to the receiver as a proximate result of the reliance." (*Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 782-84 (E.D. Pa. 2008) ("*Bucci*"); *Sewak v. Lockhart*, 699 A.2d 755, 759 (Pa. Super. Ct. 1997).)  "When alleging fraud or mistake, plaintiffs are subject to the heightened pleading requirements of Rule 9(b)." (*Id.*, 591 F. Supp. 2d at 782.)  Rule 9 requires plaintiffs to "plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." (*Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004).)  Thus, Rule 9(b) requires a plaintiff to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." (*Dempsey v. Bucknell Univ.*, Civil Action No. 4:11-cv-1679, 2012 U.S. Dist. LEXIS 62043, at *48-49 (M.D. Pa. May 3, 2012) (quoting *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999)).)

Plaintiff has not stated with particularity a false representation of fact.  To the contrary, as with his first Complaint, Plaintiff alleges only that Defendants failed to disclose certain publicly available information.  Specifically, Plaintiff alleges that Defendants failed to disclose: (1) Defendants' services were not necessary to obtain Plaintiff's property from the State (which was already dismissed as inadequate); and (2) Defendants would delegate administrative work to non-registered employees of Payne Richards.  These allegations of omission are inadequate as a matter of law.

As this Court properly noted in dismissing Plaintiff's first Complaint, when the allegation of fraud relates to a defendant's nondisclosure rather than misrepresentation, "the omission is actionable only if there is a duty to disclose." (Op. at p. 7.)  "In other words, for silence to be

actionable there must be a duty to speak." (Op. at p. 7, *citing Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989) (hereafter, "*Renaut*").) Ironically, Plaintiff cites the *Renaut* opinion in support of the Third Claim for fraud and fraudulent inducement even though the opinion is *directly contrary* to his pleading.

In *Renaut*, the Pennsylvania Superior Court noted that fraud arises where the misrepresentation is knowingly false, where there is an intentional concealment calculated to deceive, or where there is a nonprivileged failure to disclose. (*Renaut*, 564 A.2d at 192; *Quashnock v. Frost*, 445 A.2d 121, 124 (1982).) "While a concealment may constitute fraud, mere silence is not sufficient in the absence of a duty to speak." (*Id.*) Rather, under Pennsylvania law, a fraud claim based on intentional non-disclosure (i.e. omission) has the same elements as fraud, except that "an omission is actionable as fraud only where there is an *independent duty to disclose the omitted information*." (*Bucci*, 591 F.Supp.2d at 783 (emphasis added) (*citing Duquesne Light Co. v. Westinghouse Electric Corp.*, 66 F. 3d 604, 612 (3d Cir. 1995) ("*Duquesne*") (holding that "Pennsylvania courts have adopted the duty to speak requirement" in fraud by omission cases); *See also Chiarella v. U.S.*, 445 U.S. 222, 228 (1980) ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak.").)

Citing *Renaut* and other applicable Pennsylvania jurisprudence, this Court properly dismissed Plaintiff's first Complaint by noting that "[i]n Pennsylvania, a duty to speak requires the presence of a fiduciary or other confidential relationship 'as prerequisite to liability for omissions.'" (Op. at p. 7 (*citing Silverstein v. Percudani*, 2005 U.S. Dist. LEXIS 10005, 2005 WL 1252199, at *8 (M.D. Pa. May 26, 2005)); *Antinoph v. Laverell Reynolds Sec., Inc.*, 703 F. Supp. 1185, 1187-88 n.1 (E.D. Pa. 1989).)

18

In fact, courts in this Circuit have repeatedly agreed that a duty to speak arises when one party has information "that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." (*Bucci*, 591 F.Supp.2d at 783 (*citing Chiarella*, 445 U.S. at 228 (holding that purchaser of stock who had non-public information relative to that stock had no duty to disclose it to other stockholders)); *see also*, *Madero v. Luffey*, Civil Action No. 2:19-cv-700, 2020 U.S. Dist. LEXIS 25026, at *55 (W.D. Pa. Feb. 13, 2020) ("the 'duty to speak' arises only where 'one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them'").) The problem here is that (1) no such duty exists within this relationship; and (2) more importantly, Plaintiff was already provided with the same information from multiple sources that he could reclaim the funds at any time, for free.

A fiduciary relationship requires a showing that there was a relationship involving "trust and confidence" the parties, and not an arms lengthy commercial transaction. (*See In re Cara Corp.*, 148 B.R. 760, 772 (E.D.Pa. 1992).) "Further, there must be a confidence on the part of one party and a domination and influence on the part of the other, and both parties must have acknowledged such a fiduciary relationship." (*Id.*; *see also*, *Madero v. Luffey*, 2020 U.S. Dist. LEXIS 25026, at *55 ("further, there must be a confidence on the part of one party and a domination and influence on the part of the other, and both parties must have acknowledged such a fiduciary relationship").)

Under Third Circuit law, the confidential or fiduciary relationship that triggers the duty to speak arises only in limited circumstances such as where there is an agreement between the parties; as a result of one party's reliance on the other's representations, if one party is the only source of information to the other party or the problems are not discoverable by other reasonable means;

when disclosure is necessary to prevent an ambiguous or partial statement from being misleading; where subsequently acquired knowledge makes a previous representation false; or where the undisclosed fact is basic to the transaction.  (*Bucci*, 591 F.Supp.2d at 783, *Duquesne*, 66 F. 3d at 611; *City of Rome v. Glanton*, 958 F. Supp. 1026, 1038 (E.D. Pa. 1997); *see also* Restatement of Torts (Second) (American Law Institute, 1977 ed.) § 551.)  None of these conditions exist here.

Plaintiff again has failed to allege *any* duty to disclose *any* facts under the circumstances of this case.  In paragraph 87 of the FAC, Plaintiff alleges that "the Defendants owed their principals a duty to disclose all relevant information to the transaction, including that their services were valueless as it would be faster and easier to submit their claims directly to the Pennsylvania Treasury."  This conclusory allegation fails to state the confidential or fiduciary relationship necessary to support the Second Claim.

Similarly, in paragraph 106 of the Third Claim and paragraph 116 of the Fourth Claim, Plaintiff alleges that "Defendants knew that if they disclosed this practice that Defendants delegated to the customer (or Pennsylvania Treasury) that they would not be permitted to pursue their business, and that their agreements would be invalid as a matter of Pennsylvania law."  Not only is this statement untrue as a matter of law, it is also inapposite to the duty to speak.  Nothing in Plaintiff's FAC suggests that the parties in this case had the requisite confidential or fiduciary relationship necessary to impose a duty to speak on the Defendants.

As with the original Complaint, Plaintiff again has failed to support his allegations of omission with any allegation that the Defendants had any duty to speak.

**D.     The Complaint Fails to State a Claim Against Defendant Paul Hashim.**

There is no specific allegation targeting Defendant Paul Hashim as the license holder. (FAC at ¶ 7.)  The State of Pennsylvania is one of the few states in the United States that requires

an individual to complete the application form (rather than the company) when acting as a finder. *See* FAC, Exhibit I – Application For Certificate of Finder Registration (published by the Pennsylvania Treasury) at p. 54, "Question 2" with underlining added in the following to illustrate the point made:

> "This question must only be answered if you are operating as a finder <u>from a business</u>. Please be advised that all individuals who operate as finders in Pennsylvania need to obtain a finder registration number even if they work for the same company. <u>The finder registration number belongs to the individual not the business</u>."

Paul Hashim followed the law and is operating within the course and scope as an officer of the corporate Defendant. The FAC now alleges that every administrative staff member of Payne Richards must be licensed by the Treasurer (FAC at ¶ 29, p. 6); for example, "Shirley Wysinger," (*id*. at ¶ 37) and "Maria Murelles" (*id*. at ¶ 36). Had Plaintiff read the attachments to his own FAC (at page 56) , he would have noted the following in the Treasurer's guidelines:

> "Pursuant to the Unclaimed Property Act, this Application for Certificate of Finder Registration ("Application") is to be completed by any person wishing to engage in any activity for the purpose of locating, delivering, recovering, or assisting in the recovery of unclaimed property, <u>and receive a fee, compensation, commission, or other remuneration for such activity. A separate form must be completed and submitted by each and every individual seeking to engage in this activity for compensation</u>."

(FAC at p. 56 – Application For Certificate of Finder Registration [Underlining added].)

The only individual earning a "fee" or "compensation" is Payne Richards and its owner, who is Defendant Hashim. (*See* FAC at ¶ 38, pp. 7-8.) Plaintiff has not pled that Shirley or Maria, who are administrative staff employees, earn a "fee" or "commission" from the claims procured by the company Payne Richards.

The FAC not only fails to state a claim against Defendant Hashim, but it fails to explain why a Pennsylvania class action lawsuit should be maintained against Defendant Hashim in his individual capacity, given compliance with and all the State's other legal requirements.

## IV.     CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that this

Honorable Court rule in favor of Defendants, and against Plaintiff.

April 15, 2020                                         Respectfully submitted,

**PALMER LAW GROUP, A PLC**

By:_____/s/ William W. Palmer_____
          WILLIAM W. PALMER, ESQ.
          Admitted *Pro Hac Vice*
          2443 Fair Oaks Blvd., No. 545
          Sacramento, CA 95825
          (916) 972-0761

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:_____/s/ John P. Quinn_____
          JOHN P. QUINN, ESQ.
          Attorney ID No.: 85239
          2000 Market Street, Suite 2300
          Philadelphia, PA  19103
          (215) 575-2883

*Attorneys for defendants U.S. Claims
Services, Inc. and Paul Hashim*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that true and copy of Defendants' Motion to Dismiss Plaintiff's Complaint

was made on the below counsel of record via electronic mail:

Andrew B. Austin, Esquire
P.O. Box #54628
Philadelphia, PA 19148
austin@stackhousegroup.com

**PALMER LAW GROUP, A PLC**

By:____/s/ William W. Palmer_____
WILLIAM W. PALMER, ESQ.
Admitted *Pro Hac Vice*
2443 Fair Oaks Blvd., No. 545
Sacramento, CA 95825
(916) 972-0761

Date:  April 15, 2020

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Dominick DeSimone | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO: 2:19-cv-06150-GJP |
| U.S. Claims Services, Inc. and | : | |
| Paul Hashim | : | |
| | : | |
| | : | |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FILED
BY DEFENDANTS U.S. CLAIMS SERVICES, INC. AND PAUL HASHIM**

Defendants U.S. Claims Service, Inc., dba Payne Richards & Associates (hereafter "Payne Richards") and Paul Hashim (hereafter "Hashim") (collectively, "Defendants") respectfully request that this Honorable Court take judicial notice of the following three (3) Requests for Judicial Notice ("RFJN") that incorporate Exhibits attached to the accompanying declaration. This RFJN is filed in support of Defendants' Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.      REQUESTS FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, as further discussed immediately below, Defendants respectfully request the Court take judicial notice of the following facts and records:

**REQUEST NO. 1:**   A true and correct copy is collectively attached to the supporting Declaration of William W. Palmer ("Palmer Decl.") as Exhibit 1 of the March 9, 2015 finder's agreement with its written approval for use given by the Pennsylvania State Treasurer's Office, with related correspondence.  In the underlying State of Pennsylvania, the finder's fee is set by statute at fifteen percent (15%) pursuant to 72 P.S. § 1301.11(g)(2) which states that the contract

must "clearly state the fee or compensation to be paid, which shall not exceed fifteen per centum of the value of the abandoned and unclaimed property." The Defendants' fee agreement otherwise complies with all requirements of the Unclaimed Property Act (72 P.S. § 1301.11(g)).

**REQUEST NO. 2:** A true and correct copy of the notarized contracts between Plaintiff and Payne Richards are attached to the Palmer Decl. as Exhibits 2 and 3. Defendants assisted Plaintiff Dominic DeSimone on two (2) separate occasions under two separate contracts dated May 31, 2018 and April 17, 2019, where Payne Richards incorporated all of the statutorily required information and includes the agency where the account containing the funds is located.

**REQUEST NO. 3:** A true and correct copy of Defendants' Renewal Application For Certificate of Finder Registration dated March 15, 2019 is attached to Palmer Decl. as Exhibit 4.

**REQUEST NO. 4:** A true and correct copy of Pennsylvania's Treasurer website frequently asked questions and other requirements under the heading "What if I would like to go through a third party to claim my property?" is attached to Palmer Decl. as Exhibit 5.

## II.    CONCLUSION

Accordingly, Defendant respectfully request this Honorable Court take judicial notice of RFJN Requests Nos. 1 through 4, which are attached to the supporting declaration.

April 15, 2020                                      Respectfully submitted,

                                                   **PALMER LAW GROUP, A PLC**

                                                   By: _____

                                                   WILLIAM W. PALMER, ESQ.
                                                   Admitted *Pro Hac Vice*
                                                   2443 Fair Oaks Blvd., No. 545
                                                   Sacramento, CA 95825
                                                   (916) 972-0761

                                                   *Attorneys for defendants U.S. Claims*
                                                   *Services, Inc. and Paul Hashim*

## DECLARATION OF WILLIAM W. PALMER

1.      Undersigned counsel represents defendants U.S. Claims Service, Inc., dba Payne

Richards & Associates (hereafter "Payne Richards") and Paul Hashim (hereafter "Hashim")

(collectively, "Defendants") by and through their counsel, Marshall Dennehey Warner Coleman

& Goggin and William W. Palmer, *Pro Hac Vice*, Palmer Law Group, a PLC, respectfully request

that this Honorable Court take judicial notice of the following four (4) Requests for Judicial Notice

("RFJN") that incorporate Exhibits attached to the accompanying declaration.  This RFJN is filed

in support of Defendants' Rule 12(B)(6) Motion to Dismiss Plaintiff's Amended Complaint.

2.       Payne Richards is a firm of licensed private investigators that specializes in

uncovering unclaimed funds and reuniting them with the rightful owners.  Attached collectively

as Exhibit 1 to my declaration is a true and correct copy of the March 9, 2015 finder's agreement

approved by the Pennsylvania State Treasurer's Office, which complies with all requirements of

the Unclaimed Property Act (72 P.S. § 1301.11(g)).

3.      Attached as Exhibit 2 is a true and correct copy of the notarized contract between

Plaintiff and Defendants dated May 31, 2018.

4.      Attached as Exhibit 3 is a true and correct copy of the notarized contract between

Plaintiff and Defendants dated April 17, 2019.

5.      Attached as Exhibit 4 is a true and correct copy of Defendants Renewal Application

For Certificate of Finder Registration dated March 15, 2019.

6.      Attached as Exhibit 5 is a true and correct copy of the Pennsylvania Treasurer's

website "Frequently Asked Questions" regarding the usage of a third-party to claim escheated

funds.

7.      I certify that the above statements are true and correct to the best of my knowledge,

information and belief.

April 15, 2020                          Respectfully submitted,

                                        **PALMER LAW GROUP, A PLC**

                                        By:_____
                                              WILLIAM W. PALMER, ESQ.
                                              Admitted *Pro Hac Vice*
                                              2443 Fair Oaks Blvd., No. 545
                                              Sacramento, CA 95825
                                              (916) 972-0761

                                        *Attorneys for defendants U.S. Claims*
                                        *Services, Inc. and Paul Hashim*

Exhibit 1

**From:** Maria Muralles <mariam@usclaimsservices.com>
**Sent:** Thursday, March 5, 2015 9:21 AM
**To:** FinderRegistration@patreasury.gov
**Subject:** Changes to our current Agreement.

Dear Sirs,

According to the email received below, I will need to adjust the Agreement in order to obtain information on behalf of our clients. Attached is a copy of the revised Agreement now including our registration number and the new wording. Please let me know if this suffices.

Thank you in advance,

**Maria Lea Muralles**
Customer Service Administrator

Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice: The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

**From:** Baker, Jamie [mailto:jjbaker@patreasury.gov]
**Sent:** Thursday, March 05, 2015 8:44 AM
**To:** 'Maria Muralles'
**Subject:** FW: PID 12544243, Claim ID 78095512

Maria,

Please contact....

FinderRegistration@patreasury.gov

Thank you,

**Jamie Baker**
Manager, Bureau of Unclaimed Property

Pennsylvania Treasury
P.O. Box 1837 |Harrisburg, PA 17105
**P:** 717.705.8429| **F:** 717.705.6797
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

**From:** Maria Muralles [mailto:mariam@usclaimsservices.com]
**Sent:** Thursday, March 05, 2015 11:34 AM
**To:** Baker, Jamie
**Cc:** Matter, Robert; Gurzenda, Karen
**Subject:** RE: PID 12544243, Claim ID 78095512

Good morning Jamie,

Since this new changes are now in effect, I will be modifying the Agreement with the proper requirement/changes to be able to contact you guys regarding our client. Can you please refer me to the proper person so I can have the new wording approved and avoid any issues down the road?

Thanks ☺

**Maria Lea Muralles**
Customer Service Administrator
Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice: The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.

**From:** Baker, Jamie [mailto:jjbaker@patreasury.gov]
**Sent:** Thursday, March 05, 2015 5:51 AM
**To:** 'Maria Muralles'
**Cc:** Matter, Robert; Gurzenda, Karen
**Subject:** RE: PID 12544243, Claim ID 78095512

Hello Maria,

Can you please instruct the claimant to contact our office to address this issue? Currently, My Money Monitor's agreement does not have specific language stating Treasury can discuss claim information with MMM.

Thank you,

**Jamie Baker**
Manager, Bureau of Unclaimed Property

Pennsylvania Treasury
P.O. Box 1837 |Harrisburg, PA 17105
**P:** 717.705.8429| **F:** 717.705.6797
www.patreasury.gov

**Confidentiality Notice:** This electronic communication is privileged and confidential and is intended only for the party to whom it is addressed. Any use, dissemination, distribution, or copying of this information other than by the intended user(s) is unauthorized and may be unlawful. If received in error, please return to sender and delete the unauthorized communication.  Thank you.

**From:** Maria Muralles [mailto:mariam@usclaimsservices.com]
**Sent:** Wednesday, March 04, 2015 7:43 PM
**To:** Baker, Jamie
**Subject:** PID 12544243, Claim ID 78095512

Hello Jamie,

Our client contacted our office and stated that he has not received his check. According to the site, his check was mailed out on 2/17/15 so theoretically he should have received it by now. Could you please confirm the address where it was mailed and also verify if the check was cashed?

Thank you in advance,

**Maria Lea Muralles**
Customer Service Administrator
Claims Department | Unclaimed Property
800.995.2416 Ext 110 | Fax 661.399.1201

Privacy Notice:  The information transmitted in this email is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any use by person or entities other than the intended is prohibited. If you have received this email in error, please contact the sender and delete any material from any computer.



**I.**

This agreement into by and between _____ hereinafter referred to as "Claimant," and  MyMoneyMonitor.com , hereinafter referred to as "Agent." <mark>Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.</mark>

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, 129 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s):
Owner's Reported Address:
Reported By:
Property Type:
Amount:
Property ID No:
MyMoneyMonitor.com Reference No:

**III.**

In consideration of Agent's reasonable efforts in providing services including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of  **15% of the amount you recover**.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered.  Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent:  MyMoneyMonitor.com Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108 _____ Date: 3/5/2015 _____.

Agent's Tax ID No.: EIN# 26-2196511    <mark>Registration No. 0980131-0315</mark>    Agent's Signature: _____

Print Name: _____    Date: _____

Address: _____

Signature: _____    Daytime Phone: _____

E-mail: _____    Relationship: ☐ Self  ☐ Heirs  ☐ POA  ☐ Executor

**PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY**

State of _____
County of _____

Before me, the undersigned authority, on this day personally appeared _____; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS____DAY OF _____, 20__.

_____

Notary Public in and for the State of _____.
My commission expires: _____

**3801 Pegasus Drive, Suite 101, Bakersfield, CA 93308 • tel (661) 399-1108**
**www.MyMoneyMonitor.com**

Exhibit 2



*Payne Richards*
& Associates

**I.**

This agreement into by and between **Dominick Desimone** hereinafter referred to as "Claimant," and Payne Richards & Associates, hereinafter referred to as "Agent." Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, 129 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): **DOMINICK DESIMONE**
Owner's Reported Address: **845 CROSS ST, PHILADELPHIA, PA**
Reported By: **UNIVERSITY OF THE ARTS**
Property Type: **WAGES; PAYROLL UNCLAIMED**
Amount: **$841.97**
Property ID No: **20337856**
Payne Richards & Associates Reference No: **9351164**

**III.**

In consideration of Agent's reasonable efforts in providing services, including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered and all fees are paid. Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent: Payne Richards & Associates   Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108 _____ Date: 5/16/2018 .

Agent's Tax ID No.: EIN# 05-0614871   Registration No. 098C131-0315   Agent's Signature: _____

| | |
|---|---|
| Print Name: | DOMINICK DESIMONE   Date: 5/31/18 |
| Address: | 845 CROSS STREET PHILA PA 19147 |
| E-mail: | Daytime Phone: (267) 444-1576 |
| Signature: | Dominick De Simone   Relationship: ☑Self ☐Heirs ☐POA ☐Executor |

## PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY PUBLIC

State of PA
County of Phila

Before me, the undersigned authority, on this day personally appeared DOMINICK DESIMONE ; known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 31ST DAY OF May , 201 8

_____
Notary Public in and for the State of PA
My commission expires: NOV 20 2019

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LANCESS S. WILLIAMS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 20, 2019

Exhibit 3



*Payne Richards & Associates*

**I.**

This agreement into by and between **Dominick Desimone** hereinafter referred to as "Claimant," and Payne Richards & Associates, hereinafter referred to as "Agent." Claimant authorizes Agent to communicate on his/her behalf and provide assistance during the recovery process.

**II.**

The Agent through his/her efforts has located Claimant, who may be entitled to the assets in the possession of the State Treasurer of Pennsylvania, .29 Finance Building, Harrisburg, PA 17120 as described below:

Owner's Name(s): **DOMINICK DESIMONE**
Owner's Reported Address: **845 CROSS ST, PHILADELPHIA, PA**
Reported By: **ARAMARK**
Property Type: **WAGES; PAYROLL UNCLAIMED**
Amount: **$469.10**
Property ID No: **24159865**
Payne Richards & Associates Reference No: **9896080**

**III.**

In consideration of Agent's reasonable efforts in providing service, including but not limited to, ordering/providing proper forms, answering any questions and following up with claim status, Claimant agrees to pay Agent a fee of 15% of the amount recovered.

**IV.**

As additional consideration, Claimant will fully assist and cooperate with Agent in recovering the funds.

**V.**

Agent and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by the Agent.

**VI.**

This agreement is valid for (1) one year from the date signed by the Claimant or until assets are recovered and all fees are paid. Claimant agrees to work exclusively with Agent to recover assets described herein during the term of this agreement.

Agent: Payne Richards & Associates   Address: 3801 Pegasus Drive Suite 101 Bakersfield, CA 93308

Daytime Phone: (661) 399-1108 _____ Date: 3/28/2019 ___.

Agent's Tax ID No.: EIN# 05-0614871   Registration No. 0980131-0315   Agent's Signature: _Paul Hishi_

Print Name: DOMINICK DESIMONE   Date 4/17/19

Address: 845 CROSS ST   Phila   Pa   9147

E-mail: _____

Signature: _Dominick DeSimone_

Daytime Phone: 267-444-1576

Relationship: ☑Self ☐Heirs ☐POA ☐Executor

## PLEASE SIGN THIS AGREEMENT IN THE PRESENCE OF A NOTARY PUBLIC

State of PA
County of Phila.

Before me, the undersigned authority, on this day personally appeared DOMINICK DESIMONE : known to me to be the person whose name is subscribed to the foregoing Standard Recovery Agreement, who on oath stated to me that he freely and voluntarily executed the same purposes therein expressed, and acknowledged the same to be his free act and deed.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 17th DAY OF April , 20 19

_Celeste Cerino_

Notary Public in and for the State of PA
My commission expires: 6/2/22

> Commonwealth of Pennsylvania - Notary Seal
> CELESTE CERINO, Notary Public
> Philadelphia County
> My Commission Expires June 2, 2022
> Commission Number 1256191

Exhibit 4



PA Treasury

MAR 1 5 2019

Office of
Chief Counsel

# RENEWAL APPLICATION FOR CERTIFICATE OF FINDER REGISTRATION

Pennsylvania Fiscal Code Sections 1301.11, 1301.11(a), 1301.11(b) and 1301.11(c)

*Type or print using black or blue ink*

This form is only to be completed if you currently possess an **unexpired** Certificate of Finder Registration. Upon the filing of the Application, the Pennsylvania Treasury Department ("Treasury") may investigate the applicant to verify the information provided and to determine the applicant's eligibility for a Certificate of Finder Registration. All supplemental answers provided to Treasury on separate sheets of paper *must be type written* and include the number of the corresponding question. **Please be advised that you must provide all required documentation before Treasury will begin processing your application.** Your application will not be deemed complete and ready for review unless all required documentation is provided.

**Note: Confidential personal information may be accessed by Treasury employees in order to process, review and/or approve or deny your Application. The information requested is required for the processing of your Application, and if such information is not provided, Treasury may stop processing and/or deny your Application. By submitting an Application, you are providing your consent for Treasury employees to access confidential personal information for this purpose.**

1. Name of Applicant: **Paul Hashim**

   Home Address: **536 Big Bend Dr**

   City, State, Zip Code: **Keller, TX 76248**

   Telephone Number: **(661) 616-4659**   E-Mail Address: **questions@prclaims.com**

   Current Finder Registration Number: **0980131-0315**

   ☑ By checking this box, you agree to only receive email correspondence from the Pennsylvania Treasury Department regarding Finder Registration.

2. Company Name: **U.S. Claims Services, Inc.**

   Doing Business As: **Payne Richards & Associates**

   Company Address: **3801 Pegasus Dr Ste 101**

   City, State, Zip Code: **Bakersfield, CA 93308**

   Federal Tax ID Number: **05-0614871**

   Telephone Number: **(661) 616-4659**   E-Mail Address: **questions@prclaims.com**

*Certificate of Registration Renewal Application | Page 1 of 4*

3. If you are a Pennsylvania resident, have you worked or resided outside Pennsylvania at any time since the submission of your last application? If yes, provide on a separate sheet of paper your residential addresses outside Pennsylvania and the names, addresses, and telephone numbers of the employers for whom you worked. Yes _____ No ✓ *N/A*

4. Since the submission of your last application, have you pled guilty to or been convicted of a felony in Pennsylvania or any other jurisdiction. Yes _____ No ✓ . If yes, please explain on a separate sheet of paper the circumstances surrounding the conviction, which must be attached to this Application.

5. Since the submission of your last Application, have you pled guilty to or been convicted of the following theft or theft related offenses under 18 Pa.C.S. Chapter 39 or its equivalent if committed in another jurisdiction (including federal). Please explain the circumstances surrounding the conviction or plea on a separate sheet of paper attached to this Application.

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Theft by unlawful taking or disposition | | ✓ | Theft by deception | | ✓ |
| Theft by extortion | | ✓ | Theft of property lost, mislaid or delivered by mistake | | ✓ |
| Receiving stolen property | | ✓ | Theft of services | | ✓ |
| Theft by failure to make required disposition of funds received | | ✓ | Unauthorized use of automobiles and other vehicles | | ✓ |
| Retail Theft | | ✓ | Library Theft | | ✓ |
| Unlawful possession of retail or library theft instruments | | ✓ | Organized retail theft | | ✓ |
| Theft of trade secrets | | ✓ | Theft of unpublished dramas and musical compositions | | ✓ |
| Theft of leased property | | ✓ | Theft of motor vehicle | | ✓ |

*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned theft offenses in Pennsylvania or any other jurisdiction.* PH _____ *(initials)*

6. Since the submission of your last Application, have you pled guilty to or been convicted of the following forgery or fraudulent related offenses as set forth in 18 Pa.C.S. Chapter 41 or its equivalent if committed in another jurisdiction (including federal). Please explain the circumstances surrounding the conviction or plea on a separate sheet of paper attached to this Application.

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Forgery | | ✓ | Deception relating to kosher food products | | ✓ |
| Simulating object of antiquity, rarity, etc. | | ✓ | Deception relating to certification of minority business enterprise or women's business enterprise | | ✓ |
| Fraudulent destruction, removal or concealment of recordable instruments | | ✓ | Commercial bribery and breach of duty to act disinterestedly | | ✓ |
| Tampering with records or identification | | ✓ | Rigging publicly exhibited contest | | ✓ |
| Bad checks | | ✓ | Defrauding secured creditors | | ✓ |
| Access device fraud | | ✓ | Fraud in insolvency | | ✓ |
| Unlawful device-making equipment | | ✓ | Receiving deposits in a failing financial institution | | ✓ |
| Deceptive or fraudulent business practices | | ✓ | Misapplication of entrusted property and property of government or financial institutions | | ✓ |
| Securing execution of documents by deception | | ✓ | Falsely impersonating persons privately employed | | ✓ |
| Copying; recording devices | | ✓ | Unlawful operation of recording device in motion picture theater | | ✓ |
| Insurance fraud | | ✓ | Washing vehicle titles | | ✓ |
| Trademark counterfeiting | | ✓ | Identity theft | | ✓ |

*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned forgery or fraudulent related offenses in Pennsylvania or any other jurisdiction.* PH _____ *(initials)*

7. Since the submission of your last Application, have you pled guilty to or been convicted of the following perjury, false swearing, fraud or other related offenses as set forth in 18 Pa.C.S. Chapter 49 or its equivalent if committed in another jurisdiction (including federal). Please explain the circumstances surrounding the conviction or plea on a separate sheet of paper attached to this Application.

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Perjury | | ✓ | Tampering with or fabricating physical evidence | | ✓ |
| False swearing | | ✓ | Tampering with public records or information | | ✓ |
| Unsworn falsification to authorities | | ✓ | Impersonating a public servant | | ✓ |
| False alarms to agencies of public safety | | ✓ | False identification to law enforcement authorities | | ✓ |
| False reports to law enforcement authorities | | ✓ | Failure to comply with registration of sexual Offenders requirement | | ✓ |
| False reports of child abuse | | ✓ | Failure to comply with registration requirements | | ✓ |
| Witness or information taking bribe | | ✓ | Impersonating a notary public or holder of a professional or occupational license | | ✓ |

*I hereby attest under Section 4904 of the Pennsylvania Crimes Code and penalty of perjury that I have never been convicted or pled guilty to any of the above-mentioned forgery or fraudulent related offenses in Pennsylvania or any other jurisdiction.* PH _____ *(initials)*

8. Did you ever violate the Pennsylvania Disposition of Abandoned and Unclaimed Property Act, including charging clients and/or unclaimed property claimants more than 15% of the value of property?

   a.     Yes _____ No ✓ . If yes, please explain the circumstances on a separate sheet of paper that must be attached to this application.

9. Since the submission of your last application, have you been the subject of an investigation by a state, county or local administrative agency? Yes _____ No ✓ . If yes, please explain the circumstances on a separate sheet of paper that must be attached to this application.

10. Since the submission of your last application, have you or your business filed for bankruptcy? Yes _____ No ✓ . If yes, please explain the circumstances and status of the bankruptcy on a separate sheet of paper that must be attached to this Application.

11. Please submit a copy of your unclaimed property finder contract that will be provided to claimants.

12. I understand the following: Should I be granted a registration to act as an unclaimed property finder in Pennsylvania, I will faithfully follow the Disposition of Abandoned and Unclaimed Property Act (72 P.S. § 1301.1 et seq.), any unclaimed property regulations set forth in the Pennsylvania Code, and any Bureau of Unclaimed Property policies. I understand that by law my fee must not exceed fifteen (15%) of the value of the unclaimed property. I further understand that Treasury will both investigate my application and, if I am approved for a registration, may initiate an investigation for any allegation or complaint of misconduct. I understand that Treasury may revoke my registration in accordance with the provisions of the Disposition of Abandoned and Unclaimed Property Act. PH _____ (initials)

**Mail:** **(1)** Renewal Application, **(2)** a copy of a valid driver's license or state issued identification card and **(3)** copy of the current contract that you use for Pennsylvania claimants[1] to: Office of Investigations,127 Finance Building, Harrisburg, PA 17120, Phone - 717-787-1606, Email – finderregistration@patreasury.gov

---

1        -Please be advised that as long as you are a registered Pennsylvania finder, any changes to your finder contract must be submitted as an amendment to your registration application prior to using the new contract.

## Applicant Certification and Acknowledgement

I do hereby certify that I have not, during the ten year period immediately preceding the submission of this application, violated, been convicted, or pled guilty to any crimes enumerated in Chapters 39, 41 or 49 in the Pennsylvania Crimes Code as specified above.

I further certify, under penalties of perjury, that all the information provided on this Application for Registration is true and correct, and all supporting documentation presented are original or true unaltered copies of the original documents. I acknowledge that any false or perjured statement may subject me to criminal liability under Pennsylvania Crimes Code Section 4904 and Sections 1301.25 of the Disposition of Abandoned and Unclaimed Property Act. I acknowledge that any false information, or the discovery of any disqualifying information, may be grounds for the denial or revocation of a certificate of registration.

I certify that I have read and will abide by the requirements of the **Disposition of Abandoned and Unclaimed Property Act**. I will hold the Commonwealth of Pennsylvania and Treasury Department, its officers and employees, harmless from any damages, losses, or claims of any kind resulting from my submission of this Application for Registration and any denial, or subsequent revocation, of the approval to engage in activities under the **Disposition of Abandoned and Unclaimed Property Act**, as well as any damages, losses, or claims of any kind arising from a finding that an agreement entered into pursuant to the **Disposition of Abandoned and Unclaimed Property Act** is invalid.

_____      03/12/2019
*Applicant's Signature*            *Date*

State of  CA

County of  Kern

This Application for Registration was signed, in my presence, by Applicant, and sworn before me

on this   12th   day of  March  , 20 19 .

_____      Seal or Stamp
*Notary Public Signature*

MARIA LEA MURALLES
Notary Public - California
Kern County
Commission # 2255350
My Comm. Expires Sep 19, 2022

*Certificate of Registration Renewal Application | Page 4 of 4*



Joe Torsella, State Treasurer

March 22, 2019

Paul Hashim
536 Big Bend Drive
Keller, TX 76248

### Certificate of Finder Registration #0980131-0315

The Pennsylvania Treasury Department ("Treasury") has RENEWED your Application for Certificate of Finder Registration and above is your registration number which will expire on **March 31, 2021**. Your registration number **MUST** be listed on all claims and agreements with which you are associated.

Please be advised that no individual other than you is allowed to use your registration number even other individuals in your company. Registration numbers are linked to specific individuals. If Treasury discovers that you have allowed someone else to use your registration number or your registration number is not being included on claim forms, this may be grounds for an investigation and possible revocation.

Even though you may be a registered as a finder in the Commonwealth, Treasury's relationship is as always with the Claimant and all payments will be sent directly to the claimant. Treasury will not discuss any claim directly with a finder unless otherwise specified in the signed agreement between claimant and finder. If Treasury discovers a finder is posing as a claimant, this will also be considered grounds for revocation of a registration.

As a registered finder in Pennsylvania, you are expected to stay informed of any and all changes to the Disposition of Abandoned and Unclaimed Property Act (72 P.S. § 1301.1 *et seq.*). Also, as long as you are a registered Pennsylvania finder, any changes to your finder contract must be submitted as an amendment to your Application for Certificate of Finder Registration.

If you have any questions about finder registration, please contact Finder Registration at 717.787.1606. If you have any questions about claims, please contact the Bureau of Unclaimed Property at TUPMail@patreasury.gov.

Exhibit 5



# FINDERS

Home / Unclaimed Property / Recovery and Reporting / Finders



**Important Update**

## Precautionary Closure

Please note that If you are inquiring about a matter associated with The Pennsylvania's Treasury Department's Finder Registration Program, the office is currently working on a modified schedule in response to the health threat posed by the coronavirus. This is a precautionary measure and prioritizes the health and safety of our employees and those we serve. Please e-mail any specific questions to FinderRegistration@PATreasury.gov. We appreciate your patience as a response to your inquiry may be delayed due our modified schedule.



**FINDERS FAQS ❓**

**UNCLAIMED PROPERTY FINDERS**

📍 127 Finance Building
Harrisburg, PA 17120

📞 **(717) 787 1606**
finderregistration@patreasury.gov



**CHANGES TO FINDERS OF UNCLAIMED PROPERTY**
DOWNLOAD

**FINDERS REGISTERED IN**

## Frequently Asked Questions

Do I have to hire a professional finder to claim my unclaimed funds?

Does a finder have to be licensed or registered to operate in Pennsylvania?

Is there a limit on the fees these finder companies can charge?

### What if I would like to go through a third party to claim my property?

If you do use a finder to help locate or claim your property, please make sure the identity of the finder is included on the claim form. Additionally, if a finder is assisting you, you must submit with your claim forms a copy of the agreement or contract between you and the finder and the agreement must comply with the following guidelines as required by Pennsylvania law:

1. Be in writing and duly signed and acknowledged by the owner;
2. Clearly state the fee or compensation to be paid, which shall not exceed fifteen per centum of the value of the abandoned and unclaimed property;
3. Disclose the nature and value of the property;
4. Disclose the name and address of the holder and, if known, whether the abandoned and unclaimed property has been paid or delivered to the State Treasurer;
5. Identify the name, address and telephone number of the person assisting in the location, delivery or recovery of the abandoned and unclaimed property; and
6. Identify the valid certificate of registration number assigned to the person assisting in the location, delivery or recovery of the abandoned and unclaimed property.

Please be advised all unclaimed property payments will be made payable to and sent directly to the claimants and not to third-party finders. If Treasury discovers that a finder is having payments made out or sent to them, they may be subject to an investigation that may result in a revocation of their finder registration.

How can I apply for a certificate of finder registration?

Can my Certificate of Registration be revoked?

How do I report illegal finder activity?



## Changes Important to Finders of Unclaimed Property

Recent changes to Pennsylvania's Unclaimed Property Act now authorize Treasury to oversee "finders," or those who assist others with searching for and claiming unclaimed property.

Effective January 6, 2015, the Act added Sections 1301.11a and 1301.11b to the Fiscal Code, allowing for the regulating of "finders" who are now required to apply for registration, be approved, receive registration numbers, and remain subject to Treasury oversight to ensure compliance with the Act. Also effective January 6, 2015, the Act amended Section 1301.11(g), related to finders' agreements, and added Section 1301.25(d), related to penalties for individuals who violate the new finder registration provisions. Effective July 10, 2014, the Act added Section 1301.11c related to the jurisdiction of the Commonwealth Court with respect to appeals of final orders regarding finders' registrations.

In particular, the new provisions provide:

- A person may not engage in and receive compensation for any activity for the purpose of locating or assisting in the recovery of unclaimed property on behalf of another, without first obtaining a certificate of registration from the Treasurer. 72 P.S. § 1301.11a(a).

- In order to obtain a certificate of registration, the finder must submit a signed and notarized application, with a recent full-face, color photograph, in which the finder attests, under penalty of perjury, that in the previous ten (10) years the finder has not been convicted of a felony or certain criminal offenses, namely theft, forgery, perjury, or fraud. The finder will have to attest that they are not currently the subject of an ongoing investigation involving the previously stated offenses. 72 P.S. § 1301.11a(b).

- Treasury may investigate applicants and verify the information in the application. 72 P.S. § 1301.11a(c).

- Treasury may issue the certificates of registration with a unique number which will be valid for two (2) years and may be renewed if a finder submits a satisfactory application. 72 P.S. §§ 1301.11a(d) and (e).

- Treasury has the power to conduct investigations and issue subpoenas regarding a finder. Treasury also may revoke, suspend, or refuse to issue a certificate of registration under certain conditions, provided the finder is afforded certain administrative due process rights. 72 P.S. §§ 1301.11b and 1301.11c.

- Any person who violates the provisions of the Unclaimed Property Act regarding finder contracts or the Certificate of Finder Registration shall be guilty of a third degree misdemeanor, which may result in a fine of not more than $1,000.00 for the first offense. A subsequent offense may subject the finder to a fine of no more than $5,000.00. 72 P.S. § 1301.25(d).