UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominick **DeSimone**, *Plaintiff(s)*;  vs.  **U.S. Claims Services** Inc., *and* Paul **Hashim**, *Defendant(s)*. | *No.* 19-CV-6150 (GJP) |

# [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Defendant's Rule 12 (b) (6) Motion to Dismiss and opposition thereto, this court **DENIES** Defendant's Motion to Dismiss (ECF # 20). **FURTHER**, this Court **DENIES** Defendant's Request for Judicial Notice (ECF # 20 *Ex.* A).

**BY THE COURT:**

_____
Hon. **Gerald J. Pappert**
United States District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dominick **DeSimone**, *Plaintiff(s)*;  vs.  **U.S. Claims Services** Inc., *and* Paul **Hashim**, *Defendant(s)*. | *No.* 19-CV-6150 (GJP) |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**Andrew B. Austin,** Esq.
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

## TABLE OF CONTENTS

| | |
|---|---:|
| **INTRODUCTION** | 1 |
| **LEGAL STANDARD** | 2 |
| **ARGUMENT** | 3 |
|    1.  DEFENDANTS CONCEDE, *SUB SILENTO*, THEIR DUTY AS AGENT FOR PLAINTIFF AND PROPERTY-OWNERS. | 3 |
|    2.  DEFENDANTS 'JUSTIFIABLE RELIANCE' ARGUMENT IS UNDEVELOPED AND CONCLUSORY, AND BASED SOLELY IN NEW FACTUAL ALLEGATIONS CONTRADICTED BY THE COMPLAINT. | 3 |
|    3.  DEFENDANTS CONFUSE FRAUDULENT AND DECEPTIVE CONDUCT, AS A RESULT FAIL TO ARGUE THE LATTER. | 5 |
|    4.  DEFENDANTS OWED PLAINTIFF A DUTY AS AGENT AND ARE LIABLE FOR THEIR INTENTIONAL OMISSION UNDER THE UTPCPL. | 6 |
|    5.  DEFENDANTS' MISREPRESENTATION THAT DEFENDANT HASHIM WOULD ACT AS FINDER WAS AFFIRMATIVE AND INTENTIONAL. | 8 |
|    6.  HASHIM IS AN ESSENTIAL DEFENDANT AS REGISTERED FINDER, CENTRAL TO THE FRAUDULENT AND DECEPTIVE CONDUCT. | 11 |
|    7.  DEFENDANTS HAVE NO BASIS FOR JUDICIAL NOTICE. | 12 |
| **CONCLUSION** | 14 |

# TABLE OF AUTHORITIES

**Cases** ........................................................................................ *Page*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................... 2

*Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392 (E.D. Pa. 2006) .......... 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................... 2, 5, 9

*Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*,
    40 A.3d 145 (Pa. Super. 2012) ............................................... 6

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) ............................ 2

*Clark v. Allstate Ins. Co.*, No. 13-0271,
    2013 WL 1905147 (E.D. Pa. May 7, 2013) ................................... 5, 6

*Commonwealth v. Percudani*, 825 A.2d 743 (Pa. Cmwlth. 2003) ......................... 6

*Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187 (3d Cir. 2009) .................. 2

*Hunt v. U.S. Tobacco Co.*, 538 F.3d 217 (3d Cir. 2008) .................................. 8

*In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769 (C.D. Cal. 2004) .............. 13

*In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010) ....................... 2

*Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375 (3d Cir. 1994) ........ 1, 3, 4, 11

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993) ................................................ 2

*Simmons v. Simpson House, Inc.*, No. 15-06636,
    2016 WL _____ (E.D. Pa. Apr. 7, 2016) ................................... 8

*Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007) ................................. 13

*Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811 (Pa. 2017) ............................... 3

**Constitutional Provisions, Statutes and Rules** ........................................ *Page*

Federal Rules of Civil Procedure ("Fed. R. Civ. P.")
    Rule 9 (b) ................................................................. 7
    Rule 12 (b) (6) ............................................................. 2

Federal Rules of Evidence ("Fed. R. Evid.")
    Rule 201 (b) ............................................................ 12, 13
    Rule 901 (a) .............................................................. 13

Unclaimed Property Act ("UPA")
    72 P.S. § 1301.11a (a) .................................................. 10, 11

Unfair Trade Practices Consumer Protection Law ("UTPCPL")
    73 P.S. §§ 201-1 *et seq.* ................................................ 5, 6, 11
    73 P.S. § 201-2 (4) ...................................................... 8, 11
    73 P.S. § 201-2 (4) (xv) .................................................... 6

## TABLE OF AUTHORITIES (CONT.)

**Court Filings** _____ *Page*

*Memorandum and Order* ("Op.") ECF # 18 (03/11/20) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 7

*Plaintiff's Amended Complaint* ("Am. Cmplt.") ECF # 19 (04/01/20) . . . . . . . . . . . . . . *passim*

*Defendant's Motion to Dismiss* ("Defs.' MtD") ECF # 20 (04/15/20) . . . . . . . . . . . . . . *passim*

## INTRODUCTION

The fatal flaw to Defendant's Motion to Dismiss is their herculean effort to avoid any discussion of an agency relationship between the parties. This undercuts their one primary argument that an omission is not a misrepresentation absent a duty to speak. *Defendant's Motion to Dismiss* ("Defs.' MtD") at 12,15,16, 18–20, ECF # 20 (04/15/20). This argument is based on this Court's March 11th order finding the Plaintiff insufficiently alleged Defendant's duty to speak. *Memorandum and Order* ("Op.") at *10, ECF # 18 (03/11/20). Plaintiff was instructed to– and did– amend his complaint to more clearly allege facts establishing a fiduciary duty, and did so in a prominent section of the complaint, helpfully titled "Finders Must Act as Agents for Property-Owners". *Plaintiff's Amended Complaint* ("Am. Cmplt.") at 5–6, ECF # 19 (04/01/20).

Plaintiffs amended complaint includes allegations of an agency relationship related to the Defendants' form contract (which specifically identifies Defendants as Plaintiff's 'Agent'), and that the statutory scheme requires an agency relationship to exist. *Am. Cmplt.* at ¶¶ 21–28, 43, 48, 74, 80, 94. Defendants do not dispute these allegations, and appear to avoid them in the hope that no-one might notice. However, failing to argue this issue, Defendants have waived it. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

Defendants spent the majority of their words carefully arguing around Plaintiff's alleged agency relationship, leaving few for any other discussion. What remains for Defendants to present are two arguments predicated on improper factual allegations (justifiable reliance, and delegation) and the thin hope that they were able to confuse this Court with their muddled pleadings. These 'arguments' are insufficient to dismiss Plaintiff's claims, and therefore Defendants' motion must be denied.

## LEGAL STANDARD

A plaintiff's claims survive a motion to dismiss under Fed. R. Civ. P. Rule 12 (b) (6) if they plead allegations that "raise a right to relief above the speculative level …on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" where "the court [could] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009) (quotations and citations omitted).

The court must construe the complaint in the light most favorable to the plaintiff. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). All allegations in the complaint must be accepted as true, though "legal conclusions" require no credence. *Iqbal*, 556 U.S. at 678. However, the Court "generally consider[s] only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Third Circuit further provides a three-step analysis for Fed. R. Civ. P. Rule 12 (b) (6): "First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

## ARGUMENT

1. **DEFENDANTS CONCEDE, *SUB SILENTO*, THEIR DUTY AS AGENT FOR PLAINTIFF AND PROPERTY-OWNERS.**

    Defendants' motion is predicated on the lack of a fiduciary duty between themselves and the property owners, including Plaintiff. Plaintiff has alleged an agency relationship created by Defendants through their agreement and required for Defendants to effect their business. *Plaintiff's Amended Complaint* ("Am. Cmplt.") at ¶¶ 21–28, ECF # 19 (04/01/20) (titled "Finders Must Act as Agents for Property Owners"). Defendants have elected in response to **entirely ignore** these allegations. However, an agency relationship "give[s] rise to a fiduciary duty as a matter of law." *Op.* at 10 (citing *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 820 (Pa. 2017)). Defendants careful avoidance of this argument must be read by this Court as a *sub silento* concession of an agency relationship. *See Laborers' Int'l Union*, 26 F.3d at 398 ("An issue is waived unless a party raises it in its opening brief.")

2. **DEFENDANTS 'JUSTIFIABLE RELIANCE' ARGUMENT IS UNDEVELOPED AND CONCLUSORY, AND BASED SOLELY IN NEW FACTUAL ALLEGATIONS CONTRADICTED BY THE COMPLAINT.**

    Defendants suggest problems with justifiable reliance for all Plaintiff's claims. However, Defendants do not develop any legal argument regarding the allegations of Plaintiff's complaint, but rather attempt to raise improperly introduce new factual allegations under the guise of a discussion of the statutory scheme. However, this Court should not be confused: prior notice is a factual argument which is contradicted by the allegations of the complaint.

3

2.1.  **Defendants have failed to develop their argument and thus waived it.**  Defendants claim that Plaintiff has failed to show justifiable reliance:

> [T]here is no "justifiable reliance," given Plaintiff received the same information (and more) as Defendants from multiple sources and was listed on a public government website for two (2) years. In other words, Plaintiff knew more information than the Defendants.
> *Defendant's Motion to Dismiss* ("Defs.' MtD") at 16, ECF # 20 (04/15/20)

Defendant repeats variations of this conclusory statement three additional times in their argument; none are accompanied by any development of legal argument. "A passing reference to an issue … will not suffice to bring that issue before this court." *Laborers' Int'l Union*, 26 F.3d at 398. Mere repetition of the same unsupported conclusions does not adequately develop an argument.

2.2.  **The little argument Defendants offer is based on improper factual allegations.**  The central premise of Defendant's argument is that Plaintiff had prior statutory notice: Plaintiff "continues to omit that Plaintiff received multiple statutory notices", "Plaintiff received multiple notices", "Plaintiff received many notices prior to Defendant's communication, which include those sent first by the 'Holder,' which is the company that escheated Plaintiff's property to the State (see 72 P.S. § 1301.10a); and later, the statutory and constitutional notices from the Treasurer[.]" *Defs.' MtD* at 1.

Nowhere in Plaintiff's complaint are any facts supporting Defendant's prior information claims. In fact, the opposite: Defendants solicitation caused Plaintiff to learn of the money. *Am. Cmplt.* at ¶¶ 40, 46. Plaintiff further alleges that "had [he] known that he could recover his money without using the Defendants' services, he certainly would have." *Id.* at ¶ 52. These allegations and reasonable inferences are required to be "accepted as true" by

this Court. *Twombly*, 550 U.S. at 555. Therefore, Defendants' attempt at any justifiable reliance argument fails because it requires facts and inferences not supported—in fact, directly contradicted—by Plaintiff's complaint.

3. **DEFENDANTS CONFUSE FRAUDULENT AND DECEPTIVE CONDUCT, AS A RESULT FAIL TO ARGUE THE LATTER.**

    Defendants' argument against Plaintiff's Count #1 (UTPCPL Deceptive Conduct) is based solely on fraud principles and fails to understand the difference between deceptive and fraudulent conduct under the UTPCPL.[1] The elements of a deceptive conduct claim under the UTPCPL are: (1) conduct "likely to deceive a consumer acting reasonably under similar circumstances," (2) justifiable reliance on defendant's deceptive conduct, (3) damage by justifiable reliance on the deceptive conduct. *Clark v. Allstate Ins. Co.*, No. 13-0271, 2013 WL 1905147, *11 (E.D. Pa. May 7, 2013). Elements of common-law fraud are not required for deceptive conduct claims. *Id.*

    In their confusion, Defendants yield the elements of both deceptive conduct and damages, making only a single undeveloped argument regarding justifiable reliance. As a result, Defendants offer no justification to dismiss Count #1 of the complaint.

3.1. **Fraudulent and deceptive conduct require a different analysis under the UTPCPL.**
    Defendants conflate these two different prongs of the 'catch-all' provision, offering arguments based in solely in fraud inapplicable to deceptive conduct.

---

[1] This Court similarly erred in it's March 11th opinion, dismissing deceptive conduct claim while analyzing it only under fraud standards. *Op.* at *5. This was likely due to Plaintiff's Counsel consolidating both types of UTPCPL claims as a single count, corrected in this amended complaint.

5

First, Defendants claim they have 'no duty' to Plaintiffs. *Defs.' MtD* at 12, 15. Duty is not an element of deceptive conduct. However, even if it were, Defendants have conceded fiduciary duties due to their agency relationship. *See* Agency Relationship, Sec. # 1, *supra*.

Second, Defendants claim Plaintiff has not pled elements of common-law fraud. *Defs.' MtD* at 14. However, in Pennsylvania does not require proof of common-law fraud under the deceptive conduct prong of the 'catch-all provision'. *See Clark*, 2013 WL 1905147, at *11; *See also Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 152 (Pa. Super. 2012), *Commonwealth v. Percudani*, 825 A.2d 743, 746–47 (Pa. Cmwlth. 2003).

3.2. **A single conclusory statement does not create a justifiable reliance argument.** Justifiable reliance is an element of both fraudulent and deceptive conduct under the UPTPCL. However, while this would be a relevant argument for this deceptive conduct claim, Defendants merely offer a different variation of their same unsupported conclusion:

> Plaintiff's purported reliance on his new theory of liability is "unjustifiable," given Plaintiff received multiple notices from the Holder and the State that his property was publicly available and posted on a government website where it could be claimed at any time "for free."
>
> *Defs.' MtD* at 14

This single conclusory statement does not create an argument, and what argument it may suggests is factual, not legal. *See* Justifiable Reliance, Sec. # 2, *supra*.

4. **DEFENDANTS OWED PLAINTIFF A DUTY AS AGENT AND ARE LIABLE FOR THEIR INTENTIONAL OMISSION UNDER THE UTPCPL.**

Defendants make a single joint argument for Counts # 2 – # 4, discussing duty, omission and justifiable reliance. *Defs.' MtD* at 16. Count # 2 of the complaint alleges a UTPCPL Knowing Misrepresentation. *Am. Cmplt.* at 16–18. This Court identified the elements of a knowing misrepresentation under the UTPCPL § 201-2 (4) (xv) as: "(1) a material misrep-

resentation of an existing fact, (2) scienter, (3) justifiable reliance, and (4) damages." *Op.* at *8 (quoting *Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 412–413 (E.D. Pa. 2006)). Defendants argue only 'misrepresentation' under the first element, focusing their extensive argument on a perceived lack of 'duty' and their claim that an omission is not a misrepresentation. *Defs.' MtD* at 16. Defendants further suggest problems with both particularity and justifiable reliance, but fail to develop any argument. Defendants make no argument regarding materiality, scienter, or damages.

While Defendants provide ample argument regarding Count # 2, it is entirely misdirected. Defendants conceded an agency relationship, making the bulk of their argument irrelevant. As a result, Defendants argument to dismiss this count is quickly disposed of.

4.1. **The extensive discussion of both "duty" and omission are extraneous in the face of the conceded agency relationship.** The central leg of Defendants argument is their claim they owe no duty to Plaintiff (or proposed class). However, they have sabotaged their own arguments in conceding the existence of an agency relationship. *See* Agency Relationship, Sec. # 1, *supra*. Notably, Defendants *almost* engage in a discussion of an agency relationship here: "Under Third Circuit law, the confidential or fiduciary relationship that triggers the duty to speak arises only in limited circumstances such as *where there is an agreement between the parties …*" *Defs.' MtD* at 19–20 (citations omitted, emphasis added). However, Defendants instead conclude: "None of these conditions exist here." *Id.* at 19–20.

4.2. **The complaint allegations adequately show both particularity and justifiable reliance.** Defendants further reframe their meritless conclusion "allegations of omission are inadequate as a matter of law" as a Rule 9 (b) issue. *Defs.' MtD* at 17. No serious argument can be made that Plaintiff has not pled their claims with particularity. Finally, Defendants' justifiable reliance argument has been disposed with. *See* Justifiable Reliance, Sec. # 2, *supra*.

5. **DEFENDANTS' MISREPRESENTATION THAT DEFENDANT HASHIM WOULD ACT AS FINDER WAS AFFIRMATIVE AND INTENTIONAL.**

Defendants joint argument is even more misdirected with respect to Counts # 3 (Fraud) and # 4 (UTPCPL Fraudulent Misrepresentation), as their argument pertains to an *omission* rather than the affirmative misrepresentation alleged. *Am. Cmplt.* at 18–21. However, in their discussion of Defendant Hashim's personal liability, Defendants strangely insert one additional argument regarding their illegal delegation of finder duties to their employees.

The elements of common-law fraud are: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Simmons v. Simpson House, Inc.*, No. 15-06636, 2016 WL _____, *5 n.3 (E.D. Pa. Apr. 7, 2016)[2] (quoting *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 225 n. 13 (3d Cir. 2008)). Further, Count # 4 alleges five different violations of the laundry list, UTPCPL § 201-2 (4), related to their misrepresentation. These elements are omitted as Defendants make no argument to these claims.

Defendants—as a result of their joint 'common flaws' argument—concede misrepresentation, materiality, scienter, damages, and the UTPCPL claims. The other prongs of this joint argument are addressed earlier and are similarly unpersuasive here. *See* Intentional Omission, Sec. # 4, *supra*. Finally, Defendants' delegation argument is inapt and incorrect. In sum, Defendants fail to make any relevant argument against Counts # 3 and # 4.

5.1. **Defendants improperly reframe their affirmative misrepresentations as omissions.**
Neither Counts # 3 (Fraud) or # 4 (UTPCPL) plead an omission; both plead an *affirmative* misrepresentation: "As part of their solicitation, Defendants represented on their proposed

---

[2]   Plaintiff's Counsel was unable to determine a valid WestLaw citation to this opinion. The opinion is available `https://casetext.com/case/simmons-v-simpson-house-inc-3`

contract to Plaintiff and the proposed class that Defendant Hashim would be their finder, as required by Pennsylvania law." *Am. Cmplt.* at ¶ 102, 113. This representation made by Defendants was false, as Defendant Hashim did not act as their finder, but rather illegally delegated his responsibilities to his employees. *Id.* at ¶¶ 30–37, 44, 49, 103, 114. Therefore, not only are Defendants 'duty' and 'omission' argument irrelevant due to the agency relationship, but the argument is also entirely inapplicable to Defendants' affirmative acts.

5.2. **Defendants employees were properly alleged to be illegally acting as finders.** Defendants argue delegation to employees was merely administrative and therefore not illegal. *Defs.' MtD* at 16, 17, 21. Again, Defendants attempt to make a factual argument that is contradicted by the allegations in the complaint: Plaintiff has properly and plausibly alleged that Defendants' employees are illegally acting as finders for Plaintiff (and proposed class) instead of Defendant Hashim as represented. *Am. Cmplt.* at ¶¶ 29–38, 44, 49, 103, 105, 114, 116. Further, Defendants suggestion that these employees are merely 'administrative' is disproven by Defendants' own filings, where "Maria Muralles" is corresponding with the Pennsylvania Treasury as a finder on behalf of a property-owner. *Id.* at 41 (*Ex.* G.).

The complaint's allegations and reasonable inferences thereof must be accepted as true for a Motion to Dismiss. *Twombly*, 550 U.S. at 555. As a result, Plaintiff has plausibly and properly pled allegations of illegal delegation despite Defendant's affirmative representation that he was acting as their finder.

5.3. **Defendants employees are required to be registered as finders.** Defendants 'delegation' argument continues their ongoing efforts to create exemptions from Pennsylvania law where none exists. Defendants claim that their employees "Shirley [and] Maria, who are adminis-

trative staff employees [and do not] earn a "fee" or "commission" from the claims procured by the company[.]" *Defs.' MtD* at 21 (omitting "compensation"). Pennsylvania law is clear:

> Except for a person who is admitted to practice law before a court of a Federal or State jurisdiction or subject to section 1301.11 (i) [excluding non-contingency activities (*e.g.* trustee of estate)], a person may not on behalf of another:
>   1.  engage in an activity for the purpose of locating, delivering, recovering or assisting in the recovery of abandoned or unclaimed property; and
>   2.  receive a fee, compensation, commission or other remuneration for the activity under clause 1 without first obtaining a certificate of registration from the State Treasurer in accordance with this section.
> 
> Unclaimed Property Act ("UPA"), 72 P.S. § 1301.11a (a).

This statute is broadly written and intended to encompass any and all activities. Further, it shows the legislatures intent that all persons involved in the business of finder must be registered with the Treasury. Registering with the Treasury is a regulatory requirement, so that Pennsylvania is aware of all individuals who are engaging in the business of unclaimed property; there is no known associated fee for registration.[3] *See Am. Cmplt.* at 55 (*Ex.* I).

Treasury's additional guidance reinforces this intent to create a registry of all persons working for these businesses: "all individuals who operate as finders in Pennsylvania need to obtain a finder registration number even if they work for the same company. The finder registration number belongs to the individual not the business"; "as long as the employee is *in the business of finding property* reported to Pennsylvania for claimants, they need to obtain a registration number"; "no individual other than you is allowed to use your registration number, even other individuals in your company." *Id.* at ¶ 38 (emphasis added).

Defendants are in the business of finding property. *See Am. Cmplt.* at ¶ 7. All employees of Defendants are "engage in an activity for the purpose of locating, delivering, recovering or assisting in the recovery of abandoned or unclaimed property." UPA § 1301.11a (a) (1).

---

[3] Defendants claim that registration as a finder requires payment of a fee. *Defs.' MtD* at 7. Careful review of the registration application and Pennsylvania Treasury shows no evidence of any fee.

10

Finally, these employees are also receiving "compensation" for their work in Defendants' unclaimed property business. UPA § 1301.11a (a) (2). Therefore, Defendants can not claim that their employees are not required to be registered.

5.4. **No argument is offered to the alleged UTPCPL laundry-list violations.** Defendants elected to focus their arguments on a limited set of issues and arguments. In doing so, they ignore the five UTPCPL violations in Count # 4:

> "Passing off [ ] services as those of another[,]" "[c]ausing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of [ ] services[,]" "[r]epresenting that [ ] services have sponsorship, approval, characteristics … that they do not have[,]" "[a]dvertising [ ] services with intent not to sell them as advertised[,]" and "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" specifically by representing that Defendant Hashim was acting as a finder despite these services being performed by another (unregistered) individual.
> *Am. Cmplt.* at ¶ 123 (quoting UTPCPL § 201-2 (4) (i), (ii), (v), (ix), (xxi)).[4]

Defendants make no attempt at argument regarding any of these five sub-sections, and as a result have similarly conceded them. *See Laborers' Int'l Union*, 26 F.3d at 398.

6. **HASHIM IS AN ESSENTIAL DEFENDANT AS REGISTERED FINDER, CENTRAL TO THE FRAUDULENT AND DECEPTIVE CONDUCT.**

Defendants claim there is "no specific allegation targeting [Defendant Hashim]." *Defs.' MtD* at 20. This is false. Defendant Hashim is the central individual to this fraud and consumer deception action. Defendant Hashim is sole individual authorized by Pennsylvania to act as a finder. *Am. Cmplt.* at ¶ 30. Defendant Hashim's registration number appears—and is required to be—on every agreement between Defendants' and Plaintiff (and proposed class members). Similarly, every contract is signed by Defendant Hashim as 'Agent'. De-

---

[4] Regrettably, it appears Plaintiff's Counsel incorrectly cited subsections of UTPCPL § 201-2 (4) in the complaint. The correct subsection numbers are identified here.

fendants readily admit that Pennsylvania **requires** an individual to act as a finder. *Defs.' MtD* at 21. Therefore, Defendants must also admit that Pennsylvania law does not permit individuals to act merely as an "officer of the corporate Defendant." *Id.* at 21. Rather, Defendant Hashim is responsible for his individual acts, both as a general principle of law and through the clear intent to the statute.

Ultimately, Defendants offer no argument as to why Defendant Hashim should not be liable for his individual acts. In addition, Defendant Hashim has owned or been affiliated with numerous different entities involved in the unclaimed property 'business' over the years. It is believed that all of these operations were substantially the same, operated from the same office and with the same principals involved. It is unclear if this was done for liability reasons or the need to continually switch entity names so as to keep the public from connecting their deceptive conduct with their name-of-the-week. However, this creates the likelihood that if Defendant Hashim were dismissed from this action that he would allow Defendant U.S. Claims Services to become insolvent and leave Plaintiff (and proposed class) without recourse for the Defendants' fraudulent and deceptive conduct.

Plaintiff properly pled four counts naming Defendant Hashim jointly and severally liable; Defendants have provided this Court with no justification to dismiss him from this action.

## 7.   DEFENDANTS HAVE NO BASIS FOR JUDICIAL NOTICE.

Plaintiff opposes and objects to Defendants' request this Court take judicial notice of any of their exhibits. *Defs.' MtD* at *Ex.* A. Judicial Notice is permitted for "facts that [are] not subject to reasonable dispute because [they]: (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201 (b).

Defendants request is improper, as they are requesting this Court take notice of documents without adequate foundation for their authenticity or reliability. Evidence must be authenticated before it can be admitted. Fed. R. Evid. Rule 901 (a). Courts may take judicial notice of sources only when they are "not reasonably subject to dispute." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) (citing Rule 901 (a)). Documents suitable for judicial notice should "bear the reliability demanded for other self-authenticating documents[ ]." *Victaulic Co.*, 499 F.3d at 236 (quoting *In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 782 (C.D. Cal. 2004)).

The documents offered by Defendants for judicial notice have none of the hallmarks required for this Court to take judicial notice. In fact, Defendants primarily wish this Court to notice is their own web-site; while not entirely prohibited, this is heavily disfavored by the Third Circuit:

> [C]ourts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of "sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. Rule 201 (b), that our judicial notice rule contemplates.
>
> *Victaulic Co.*, 499 F.3d at 236.

Similarly, the other documents offered by Defendants are not appropriate for judicial notice, as they do not meet the criteria necessary under Fed. R. Evid. Rule 201 (b), 901 (a).

## CONCLUSION

**WHEREFORE**, Plaintiff Dominick DeSimone, on behalf of himself and all others similarly situated, respectfully request this Court deny Defendant's Motion to Dismiss and further deny their Request for Judicial Notice.

Respectfully Submitted,

**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of **Plaintiff's Opposition to Defendants' Motion to Dismiss Amended Complaint** and any accompanying memorandum or documents upon the parties or their counsel via Electronic Case Filing on **Friday, April 24th 2020**.

Respectfully Submitted,

**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
*Attorney for Plaintiff and Proposed Class*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com